CERTIFICATE OF TRANSMITTAL
I declare under penalty of perjury under
the laws of the state of Washington that
on the _____ day of September, 2013,
I sent a copy of the document to which
this is affixed to the attorneys of record
for all parties via messenger service, facsimile,
or by U.S. Mail, postage prepaid.

*Cheryl L Abel*

At Wenatchee, Washington.

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

## COUNTY OF CHELAN

| | |
|---|---|
| LAURA ZAMORA JORDAN, as her separate estate, and on behalf of others similarly situated, | NO. 12-2-00385-2 |
| | DECLARATION OF CLAY M. GATENS |
| Plaintiff, | |
| vs. | |
| NATIONSTAR MORTGAGE, LLC, a Delaware Limited liability company, | |
| Defendant. | |

CLAY M. GATENS, pursuant to RCW 9A.72.085, declares:

1.      I am one of the attorneys for the Plaintiff Laura Zamora Jordan ("Laura") in the above matter and I base this declaration upon my own personal knowledge and I am competent to testify to the matters asserted herein.

2.      In the spring of 2012, I met with Laura and she told me that her lender, Nationstar Mortgage, LLC ("Nationstar"), had changed the locks on her home despite the fact that she still owned her home and no foreclosure had been commenced against her.  I

DECLARATION OF CLAY M. GATENS
Page 1
1072508

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

investigated the matter, including a review of public records and a visit to the exterior of her home, and determined that what she had told me was correct.  I issued a letter to Nationstar demanding the removal of the lockbox and restoration of Laura's original locks.  A copy of this letter is attached as **Exhibit A**.  Nationstar failed to respond and an action was commenced in this Court on April 3, 2012.

   3.  On June 12, 2012, Laura propounded to Defendant Plaintiff's First Interrogatories and Request for Production.  This first set of discovery sought, *inter alia*, disclosure of facts and information relative to the claims asserted in the Complaint against the Defendant, including disclosure of communications, materials, and contracts between the Defendant and certain of its third party agents including Field Asset Services ("FAS") and Mortgage Specialist International, LLC ("MSI").

   4.  The discovery requests also sought disclosure aimed at determining how many foreclosures and properties the Defendant was involved with in the State of Washington, as a review of Nationstar's website revealed that it promoted itself to investors as "one of the largest servicers in the United States, with a residential loan portfolio of over $318 billion in unpaid principal balances."  A copy of this page of Nationstar's website is attached as **Exhibit B.**

   5.  Specifically, Interrogatory No. 17 requested that Defendant disclose the total number of residential foreclosures that have been conducted by Nationstar in the state of Washington between 2006 and the date of the issuance of the discovery.  Nationstar objected to this Interrogatory as overly broad and unduly burdensome and

DECLARATION OF CLAY M. GATENS
Page 2
1072508

*Jeffers, Danielson, Sonn & Aylward, P.S.*
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

stated that the information was neither relevant nor reasonable calculatedly to the discovery of admissible evidence.    A true and correct copy of Plaintiff's First Interrogatories and Requests for Production to Defendant and First Amended Objections, Answers, and Responses thereto are attached hereto as **Exhibit C**.

6.      Similarly, Interrogatory No. 18 sought discovery of the total number of residential properties upon which Nationstar had deemed abandoned.    Nationstar objection to this Interrogatory as overly broad and unduly burdensome and stated that the information was neither relevant nor reasonable calculatedly to the discovery of admissible evidence.

7.      Interrogatory No. 19, sought discovery of the total number of deeds in lieu of foreclosure that Nationstar had accepted or received in connection with loans secured by residential property in Washington between 2006 and the date of the issuance of discovery.    Nationstar objected to this Interrogatory as overly broad and unduly burdensome and stated that the information was neither relevant nor reasonably calculatedly to the discovery of admissible evidence.

8.      In reviewing the contracts and reports between Nationstar and MSI and FAS that were produced in response to Plaintiff's discovery requests, it became very clear that Nationstar is, and has been, involved with hundreds, if not thousands, of pre and post foreclosure residential properties in the state of Washington during the relevant time period.

DECLARATION OF CLAY M. GATENS
Page 3
1072508

9.    Specifically, in reviewing Property Inspection Results reports produced between Nationstar and MSI relative to Laura's home, it became apparent to me that the process and procedures established between Nationstar and MSI were indicative of a sophisticated business arrangement that dealt in a high volume of services ordered by Nationstar and performed upon properties in Washington state by MSI.  For example, I noted that the work order number contained six digits and the inspection result contained references to bulk orders and detail processes for the type of inspection, the loan type, the property owner, the property address, details regarding the occupancy of the homes, its condition, estimated value, construction type, and property status or damages and maintenance recommendations, which recommendations specifically included lock changes and other services at issue in the action filed by Laura against Nationstar. Copies of these reports are attached hereto as **Exhibit D**.

10.    Additionally, in reviewing contracts and addendums that appear to be between FAS and Nationstar, it was also apparent that Nationstar had an extensive relationship with FAS that was indicative of a sophisticated business arrangement that dealt in a high volume of services ordered by Nationstar and performed upon properties in Washington state by FAS.  The contract with FAS contained detailed policies and procedures and pricing for services rendered by FAS at Nationstar's request. Importantly, the FAS contract specifically addressed fees for rekeying properties, which is a type of activity that is directly relevant to the claims asserted against the Defendant by the Plaintiff and counters Nationstar responses to discovery that Nationstar does not

DECLARATION OF CLAY M. GATENS
Page 4
1072508

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1   send its agents out to properties for the purpose of changing locks.  A copy of the

2   Nationstar and FAS contract and addenda are attached hereto as **Exhibit E**.

3          11.    In addition, Nationstar produced photographs taken by FAS (or its agents)

4   for work order No. 14851580, which pertained to Laura's home.  These photographs

5   were consistent with the requirements contained in the agreements between FAS and

6   Nationstar for payment and served as further evidence that extensive systems and policies

7   are in place between Nationstar and its agents to track actions taken at homes subject to

8   Nationstar loans.

9          12.    Further, in reviewing these photographs, the photographs appeared to

10   directly counter Nationstar's position in the litigation that it, or its agents, had not

11   improperly entered Laura's home, nor improperly determined Laura had abandoned her

12   home prior to inspection and entry ordered by Nationstar and conducted by MSI and

13   FAS.

14          13.    Specifically, in response to Interrogatory No. 13, Nationstar stated that:

15               "Mortgage Specialist International performed an external property

16               evaluation and determined that the subject property was vacant.

17               According to the property inspection report provided to Nationstar

18               by Mortgage Specialist International, the determination was based

19               on Mortgage Specialist International's observation that some

20               contents were boxed up and that there were no furnishings inside

21               the subject property.

DECLARATION OF CLAY M. GATENS
Page 5
1072508

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

However, in reviewing the photographs disclosed by Nationstar, it is obvious that there were furnishings located inside and around the property and that Laura had not vacated per property. Copies of relevant photographs are attached hereto as **Exhibit F**.

14. Further evidence that Nationstar knew Laura had not abandoned or vacated her home was contained in an audio recording of the phone call Laura placed to Nationstar the night of the lock change that was produced by Nationstar. In this call, Laura specifically states that she was living in the home. The fact that Nationstar records and keeps records of these calls is further evidence that it has the ability to track and obtain much of the information that Nationstar contends is either unavailable or unduly burdensome to obtain. A true and correct transcript of this call created by my office is attached hereto as **Exhibit G**. For the convenience of the Court, a compact disk containing the audio recording is also included.

15. On December 5, 2012, MSI produced 11,728 pages of documents in response to Subpoena Duces Tecum. A review of these 11,728 pages of documents further disclosed that Nationstar had extensive systems with MSI to track loans, properties, borrowers and services performed by agents of Nationstar on properties subject to a Nationstar loan.

16. Additionally, the MSI production showed reference to not only Laura's property, but to multiple other properties in Washington State, which serves as further evidence that Nationstar's (and its agents's) practices are widespread throughout

DECLARATION OF CLAY M. GATENS
Page 6
1072508

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

Washington State.   Relevant portions of MSI's productions are attached hereto as **Exhibit H**.

17.    Documents produced in response to an Amended Subpoena Duces Tecum issued to FAS on June 11, 2012 further revealed that Nationstar's discovery responses were inaccurate and their objections unfounded.  Contrary to Nationstar's assertions that it does not track specific types of services performed on borrower's property, the FAS production discloses an elaborate system for ordering services by Nationstar with FAS, tracking these services by loan number, client, property ID, property status, lockbox code, case number, building type, address, occupancy status, personal property, work order number, service performed, the date the order was created, due dates, completion dates, uploaded photographs, whether the service is recurring, emergency status, whether the property is owned by the bank ("REO"), or owned by the borrower, and redacted fees charged for each service.

18.    Further, the FAS disclosures show emails and other electronic dialogue referencing various other aspects of the property at issue and the services being performed.  This information, and the apparently highly sophisticated tracking system developed by FAS directly counters Nationstar's various objections to discovery that assert that the information sought is unavailable or unduly burdensome to obtain.  Copies of relevant portions of the FAS disclosures are attached hereto as **Exhibit I**.

19.    On January 31, 2013, I took the deposition of John Rangel of Rangel Field Services.  John Rangel was hired by FAS to perform the lock changes on Laura's house.

DECLARATION OF CLAY M. GATENS
Page 7
1072508

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

During Mr. Rangel's deposition, he testified that during the years of 2009, 2010, and 2011, he performed approximately 150 services *per year* for properties subject to a Nationstar loan. Of these approximately 450 homes, Rangel estimated that on 1 out of 10 of these homes he was ordered to conduct an occupancy check to determine whether the house had been abandoned. Nine out of 10 homes were orders to perform lock changes, similar to the lock change performed on Laura's home.

20. Rangel further testified that of the approximately 450 homes he was ordered to perform lock changes upon, only approximately 40% of those homes were either clearly abandoned or clearly occupied (i.e. he actually found someone sleeping in the home). Of the remaining 60% of homes Mr. Rangel testified that there was some evidence that the homes were still occupied. In the event where vacancy was unclear, the protocol for the lock change order still required that Rangel pick the lock and enter the home, or, in the cases where the lock could not be picked, drill the lock out and place a new lock, key box, and notices on the home, -precisely as had been done at Laura's home. Rangel also testified that his service area for Nationstar was *limited to a 75 mile radius* around Moses Lake. Accordingly based on that limited sample there are likely thousands of properties and borrowers in Washington State that have been wrongfully determined abandoned and subjected to unlawful lock changes. The relevant testimony from Rangel on these points is attached hereto as **Exhibit J**.

21. Based on the clear evidence that Nationstar activities affect far more borrowers than just Laura in Washington State, and based on Nationstar continued objection

DECLARATION OF CLAY M. GATENS
Page 8
1072508

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

to discovery requests seek to determine how many properties and borrowers Nationstar has affected a Second Amended Complaint for Class Action and for Damages was filed with the Court on January 4, 2013.

22.    On January 4, 2013, a Second Amended Complaint for Class Action and for Damages was filed with this Court.

23.    Plaintiff's Second Set of Interrogatories and Requests for Production Propounded to Defendant (the "Second Set of Discovery Requests") were issued to Nationstar on May 17, 2013.  The Second Set of Discovery Requests were specifically tailored to address Nationstar's counsels' previous objections relating to relevance, scope, and burden.  Despite this, and after the deadline to respond to the Second Set of Discovery Requests had passed, Nationstar produced its Objections, Answers, and Responses to the Second Set of Discovery Requests ("Nationstar's Initial Responses") on July 10, 2013. Pointedly, Nationstar's Initial Responses contained only objections and **no** substantive responses or requests for production, only objections.  A correct copy of Nationstar's Initial Responses is attached hereto as **<u>Exhibit K</u>**.

24.    Based on Nationstar's failure to properly respond to the Second Discovery Requests, I proceeded with numerous meet and confer conferences with Nationstar's lead counsel, Andrew Noble, as well as Nationstar's local counsel, John Knox.  Specifically, these efforts entailed the following:

DECLARATION OF CLAY M. GATENS
Page 9
1072508

- On July 23, 2013, I sent an email to Andrew Noble requesting a CR26(i) conference. A true and correct copy of this email is attached hereto as **Exhibit L**.

- On July 16, 2013, I had a telephone conference with John Knox regarding Nationstar's Initial Responses. During this call, I expressed my opinion to Mr. Knox that Nationstar's objections were inappropriate and their failure to answer the Second Discovery Requests required supplemental responses. Mr. Knox stated that he would speak with Nationstar to discuss the points that I had raised. Over the next few weeks Mr. Knox and I spoke once or twice more on the phone and he indicated that Mr. Noble was in trial, but that he was working on getting supplemental responses from Nationstar.

- On August 14, 2013, Mr. Noble sent an e-mail to me stating he would have supplemental class discovery responses "no later than Wednesday, 8/21." A copy of this e-mail is attached as **Exhibit M**.

- On August 22, 2013, after the deadline promised by Mr. Noble had passed and after I had followed up with him regarding this deadline, Mr. Noble sent an e-mail to me stating that he was still waiting for confirmation from Nationstar, that he would be able

DECLARATION OF CLAY M. GATENS
Page 10
1072508

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1   to produce data relevant to the matter.  Mr. Noble stated that the

2   data was not readily available.  I asked when Mr. Noble would be

3   able to provide responses, and Mr. Noble stated he would have a

4   detailed written response to me by August 26, 2013.  A copy of

5   this e-mail chain is attached as **Exhibit N**.

6       25.    On August 26, 2013, Mr. Noble provided a letter that disclosed that

7 Nationstar had serviced 55,345 loans in Washington state during the relevant time period.

8 Of these, 10,617 were delinquent by at least 90 days, which would place them in the pre-

9 foreclosure category previously sought by prior discovery requests.  In his letter, Mr.

10 Noble stated that Nationstar would produce a summary data pool for 10,617 loans where

11 1) Nationstar inspected the property, and 2) the total number of loans where Nationstar

12 determined the property was vacant.  Mr. Noble also stated that Nationstar would amend

13 its responses to Interrogatories No. 1, 11, 12 and 13 and Request for Production No. 1

14 with substantive responses.  A copy of this letter is attached as **Exhibit O**.

15       26.    On August 27, 2013, I e-mailed Mr. Noble and asked when Nationstar

16 would have its amended responses and summary pool data to me.  Mr. Noble responded

17 that he would have the amended responses and summary pool data by September 12,

18 2013, conditioned upon me not making a motion to compel further responses to

19 Interrogatories No.2 through 10.  I responded that I could agree not to file a Motion to

20 Compel during that timeframe by which Nationstar stated it would provide supplemental

21 responses, but that I would not waive the right to make a Motion to Compel simply by

DECLARATION OF CLAY M. GATENS
Page 11
1072508

*Jeffers, Danielson, Sonn & Aylward, P.S.*
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1  virtue of the fact that Nationstar was going to, finally, produce some summary pool data.

2  A copy of these email exchanges are attached hereto as **Exhibit P**.

3      27.    On September 6, 2013, Nationstar provided their First Amended

4  Responses to Plaintiff's Second Set of discovery request – nearly four months after the

5  date the discovery had originally been propounded to Defendants. To my surprise, these

6  supplemental discovery responses continued to contain objections that were inappropriate

7  based on the disclosures already provided to the Plaintiff. Further, some of the responses

8  that were provided seemed wholly inconsistent with the facts. A copy of Plaintiff's

9  Second Interrogatories and Requests for Production Propounded to Defendant and First

10  Amended Objections, Answers and Responses Thereto, is attached hereto as **Exhibit Q**.

11      28.    Accordingly, I contacted Mr. Noble by phone on September 12, 2013 to,

12  once again, meet and confer regarding Nationstar's inappropriate objections and

13  incomplete discovery responses. A copy of a letter I sent to Mr. Noble following this

14  telephone conference detailing my continued objections to Nationstar's inappropriate

15  objections and incomplete and inaccurate discovery responses is attached hereto as

16  **Exhibit R**.

17      29.    Additionally, sensing that Nationstar had no real intent of dropping its

18  inappropriate objections and providing substantive responses to the discovery sought, I

19  noted a Motion to Compel with this Court. In response, Mr. Noble sent me a letter on

20  September 18, 2013 responding to my letter of September 16, 2013 and informing me

21  that Nationstar had noted a Motion to Deny Class Certification – despite the fact that no

DECLARATION OF CLAY M. GATENS
Page 12
1072508

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1  Motion to Certify Class Certification had yet been filed with the Court.  A copy of this

2  letter is attached as **Exhibit S**.

3      30.    Curiously, this Motion to Deny Certification came only after Nationstar

4  had finally disclosed that Nationstar serviced 55,345 loans in the State of Washington and

5  that 10,574 of these loans and properties had been subjected to charges for rekeying,

6  maintenance, property inspections, winterization, and/or lock changes; 2,812 had been

7  deemed abandoned by Nationstar; and 1,565 had been subject to maintenance by

8  Nationstar.

9      31.    I declare under penalty of perjury under the laws of the State of Washington

10  that the foregoing is true and correct.

11

12

13  9/26/13
    _____          _____
    DATE                                 CLAY M. GATENS, WSBA #34102
                                         Location of Signing  _Wenatchee, WA_

14

15

16

17

18

19

20

21

DECLARATION OF CLAY M. GATENS
Page 13
1072508

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX



# JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
*Established 1946*

Garfield R. Jeffers
James M. Danielson
David E. Sonn
J. Patrick Aylward
J. Kirk Bromiley
Peter A. Spadoni
Robert C. Nelson
Donald L. Dimmitt
Robert R. Siderius, Jr.
Stanley A. Bastian
Todd M. Kiesz
Brian C. Huber

Michael E. Vannier
J. Kevin Bromiley
Colleen M. Frei

Michelle A. Green
Kristin M. Ferrera
Clay M. Gatens
Bryce J. Mackay
Kyle J. Silk-Eglit
Lindsey J. Wehmeyer
Evan M. McCauley

December 29, 2011

2011-0386-0001C

Nationstar Mortgage, LLC
Corporation Service Company
300 Deschutes Way SW, Suite 304
Tumwater, WA 98501

Re:    Laura A. Zamora/Loan Number 0596427141

To Whom It May Concern:

I represent Laura Zamora relative to her property located at 1318 9th Street, Wenatchee, WA 98801. As I understand it, Nationstar is the named beneficiary on the Deed of Trust secured by Ms. Zamora's property.

On or about April 3, 2011, Nationstar Mortgage, its agents or assigns, changed the locks on Ms. Zamora's residence (photos attached). This trespass was without any claim of right and unlawfully prevented Ms. Zamora from the use and enjoyment of her property.

Ms. Zamora contacted Nationstar Mortgage immediately upon learning of the change in locks. Ms. Zamora was informed that she no longer had any right to occupy her property and was given mere hours to remove all of her belongings from her property and vacate the property.

To date, Nationstar Mortgage has not begun any foreclosure proceedings against Ms. Zamora and has no right of possession or control of Ms. Zamora's property. By way of this letter, Nationstar Mortgage, its agents and assigns, are hereby notified of Ms. Zamora's demand for the immediate return of her property, restoration of the original locks installed on the property, and compensation for all damages suffered by Ms. Zamora.



**EXHIBIT**
A

2600 Chester Kimm Rd. • P. O. Box 1688 • Wenatchee, WA 98801
Phone: 509-662-3685 • Fax: 509-662-2452 • www.jdsalaw.com
907689

December 29, 2011
Page 2

All communications (written and oral) concerning Ms. Zamora's property, the loan identified as Loan Number 596427141, and the restoration of the possession of Ms. Zamora's property shall be directed to the undersigned.

Please respond to this letter by January 18, 2012 to discuss resolution of this matter and compensation for Ms. Zamora's damages. In the event that a response is not received by January 18, 2012, Ms. Zamora will proceed with filing litigation in the Chelan County Superior Court.

Sincerely,

CLAY M. GATENS

CMG:jtk
Enclosures
cc:    Ms. Laura A. Zamora-Jordan

907689



Helping You Achieve More℠

ABOUT     SERVICES     LEADERSHIP     INVESTOR RELATIONS     CAREERS     CONTACT

Financial Information

Shareholder Information

Investor News

Events

Presentations

Corporate Governance

ABS Investors

Contact Investor Relations

[            ] [ Search ]

◉ Entire IR Site   ○ Press Releases Only   ○ Filings Only

### Nationstar Mortgage Q2 2013 Earnings Conference Call

🎙 Nationstar Mortgage Q2 2013 Earnings Conference Call

Download Q2 2013 Presentation

Tuesday, August 06, 2013

10:00 AM ET

**Nationstar Mortgage** (NYSE:NSM) offers servicing, origination, and real estate services to financial institutions and consumers. Nationstar is one of the largest servicers in the United States, with a residential mortgage servicing portfolio of over $318 billion in unpaid principal balance as of June 30, 2013. Nationstar's integrated loan origination business mitigates servicing portfolio run-off and improves credit performance for loan investors. Our Solutionstar business unit offers asset management, settlement, and processing services. Nationstar employs over 7,700 people as of July 31, 2013.



Market Summary

| | |
|---|---|
| Trading Symbol | NSM |
| Exchange | NYSE |
| Market Value ($M) | 5,154.13 |
| Stock Quote | $ 56.91 |
| Change ▼ | $ (0.36) (0.63) % |
| Volume | 493,429 |

As of September 26, 2013
1:55 PM
Minimum 20 minute delay.

Press Releases

9/24/2013 Nationstar Announces Pricing of $225 Million of Senior Notes due 2018

9/24/2013 Nationstar Proposes an Offering of $150 Million of 6.500% Senior Notes due 2018

8/06/2013 Nationstar Mortgage Announces Record Second Quarter 2013 Financial Results

Contact Information

**Nationstar Mortgage Holdings Inc.,**
350 Highland Drive
Lewisville, TX 75067
(469) 549-2000



EXHIBIT

B

Copyright 2013, © SNL Financial LC    Terms of Use

1

2

3

4

5

6

7                    SUPERIOR COURT OF WASHINGTON FOR CHELAN COUNTY

8    LAURA ZAMORA JORDAN, as her separate          NO. 12-2-00385-2
     estate, and on behalf of others similarly situated,
9                                                   PLAINTIFF'S FIRST INTERROGATORIES
                         Plaintiff,                 AND REQUESTS FOR PRODUCTION
10                                                  PROPOUNDED TO DEFENDANT *AND*
            v.                                      *FIRST AMENDED OBJECTIONS,*
11                                                  *ANSWERS AND RESPONSES THERETO*
     NATIONSTAR MORTGAGE, LLC, a Delaware
12   Limited liability company,

13                       Defendant.

14
     PROPOUNDING PARTY:     Plaintiff LAURA ZAMORA JORDAN
15
     RESPONDING PARTY:      Defendant NATIONSTAR MORTGAGE, LLC
16
     SET NO.:               ONE
17
            Pursuant to Court Rules 26, 33 and 34 of the Superior Court of the State of
18
     Washington, defendant Nationstar Mortgage, LLC responds to plaintiff Laura Zamora Jordan's
19
     first sets of Interrogatories and Requests for Production of Documents as follows:
20
     INTERROGATORY NO. 1:
21
            Please state the name, address, telephone number, and title of all persons who prepared
22
     or participated in the preparation of the responses to these interrogatories and requests for
23
     production of documents
24

25

     PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR        **Williams, Kastner & Gibbs PLLC**
     PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST              601 Union Street, Suite 4100
     AMENDED OBJECTIONS, ANSWERS AND RESPONSES                 Seattle, Washington 98101-2380
     THERETO - 1                                               (206) 628-6600

     3557129.1

                              EXHIBIT
                                 C

1    RESPONSE TO INTERROGATORY NO. 1:

2         Andrew Noble, attorney, Severson & Werson, One Embarcadero Center, 26th Floor,

3    San Francisco, California 94111, 415-677-5526.

4         John A. Knox, attorney, Williams, Kastner & Gibbs, PLLC, 601 Union Street  Seattle,

5    WA 98101, 206-628-6600

6         Niki Wenker, Paralegal at Nationstar Mortgage, LLC.  Ms. Wenker is employed by

7    Nationstar in Lewiston, Texas and may be reached through counsel.

8         Paul Belcer, Assistant Vice President for Property Protection Default Operations at

9    Nationstar Mortgage, LLC.  Mr. Belcer is employed by Nationstar in Lewiston, Texas and may

10   be reached through counsel.

11   INTERROGATORY NO. 2:

12        Please identify the members of Nationstar Mortgage, LLC ("Nationstar").

13   RESPONSE TO INTERROGATORY NO. 2:

14        Nationstar is a Delaware LLC.  Its members are Nationstar Sub1 LLC (with 99%

15   ownership) and Nationstar Sub2 LLC (which has 1% ownership).  Both are also Delaware

16   LLCs.  Sub1 and Sub2 are 100% owned by Nationstar Mortgage Holdings, Inc., a Delaware

17   corporation which is publicly traded.

18   INTERROGATORY NO. 3:

19        Please identify the affiliates of Nationstar.

20   RESPONSE TO INTERROGATORY NO. 3:

21        Nationstar objects that this interrogatory is vague as to "affiliates".  Subject to this

22   objection, see response to Interrogatory No. 2.

23

24

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1

INTERROGATORY NO. 4:

Please state whether Nationstar is Member-managed or Manager-managed.  If Nationstar is Manager-managed, please identify the current Manager of Nationstar and the date that such individual or entity became the Manager.

RESPONSE TO INTERROGATORY NO. 4:

Nationstar objects that this interrogatory is not relevant or reasonably calculated to lead to the discovery of relevant information.  Subject to this objection, see response to Interrogatory No. 2.

INTERROGATORY NO. 5:

Please identify the name, address, and telephone number of each individual who you believe may have knowledge concerning any issue or claim in this litigation, and provide a brief summary of the knowledge or information that you believe such individual may have.

RESPONSE TO INTERROGATORY NO. 5:

Plaintiff.

Plaintiff's parents may have information concerning Plaintiff's occupancy of the subject property.

Travis Alan Jordan, address unknown.  Mr. Jordan may have information concerning Plaintiff's occupancy of the subject property.

Paul Belcer.  Mr. Belcer has investigated Plaintiff's claims and is generally knowledgeable about property protection matters at Nationstar.  Mr. Belcer may be reached through counsel.

Brandon Jackson.  Mr. Jackson is a Nationstar representative who spoke with Plaintiff on April 4, 2011, concerning the events leading to this lawsuit.  Mr. Jackson may be reached through counsel.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 3

3557129.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    Unknown or not fully identified representatives of Nationstar, Field Asset Services, Inc.

2   and Mortgage Services International who had contact with plaintiff as reflected in the servicing

3   notes and other documents to be produced.

4   REQUEST FOR PRODUCTION NO. 1:

5    Please produce a copy of Nationstar's entire file relating to the Plaintiff, Laura Zamora

6   Jordan ("Jordan"), including without limitation, loan application materials, loan documents,

7   monthly billings, payment history, written communications and correspondence with Jordan,

8   notes of verbal communications with Jordan, and any notices delivered to Jordan.

9   RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

10    Nationstar objects that the request is vague and ambiguous as to "entire file." Subject

11   to this objection, Nationstar will produce all loan application materials, loan documents,

12   invoices, the payment history, written communications and correspondences with Jordan,

13   recording of the April 4, 2011 telephone call, servicing notes, and communications and

14   workorders with vendors Field Asset Services and Mortgage Specialist International that

15   concern the subject property in its possession or control.

16   INTERROGATORY NO. 6:

17    Please identify all communications that Nationstar, its officers agents, or employees,

18   have had with Jordan, other than those written communications produced in response to the

19   preceding request for production. With respect to each such communication, please provide:

20    (a)    The date of the communication;

21    (b)    The name and address of the persons present during the communication; and

22    (c)    A brief summary of the substance of the communication.

23

24

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1

RESPONSE TO INTERROGATORY NO. 6:

Nationstar exercises its option to produce business records pursuant to CR 33(c) in response to this interrogatory. Nationstar will produce its servicing notes, recording of the April 4, 2011 telephone call and all correspondences and documents sent to or received from Plaintiff or her agents that are in its possession or control.

REQUEST FOR PRODUCTION NO. 2:

Please produce copies of all written communications and correspondence between Nationstar, its officers, agents, or employees, and Field Asset Services, Inc., its officers, agents, or employees.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Nationstar objects that the request is vague and overbroad. Subject to this objection, Nationstar will produce all written communications and correspondences between its employees and agents and Field Asset Services' employees and agents that concern the subject property.

INTERROGATORY NO. 7:

Please identify all communications that Nationstar, its officers, agents, or employees, have had with Field Asset Services, Inc., its officers, agents, or employees, other than those written communications produced in response to the preceding request for production. With respect to each such communication, please provide:

(a)     The date of the communication;

(b)     The name and address of the persons present during the communication; and

(c)     A brief summary of the substance of the communication.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 5

3557129.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1  RESPONSE TO INTERROGATORY NO. 7:

2       Nationstar exercises its option to produce business records pursuant to CR 33(c) in

3  response to this interrogatory.  Nationstar will produce all communications with Field Asset

4  Services concerning the subject property.

5  REQUEST FOR PRODUCTION NO. 3:

6       Please produce copies of all contracts between Nationstar, or its affiliates, and Field

7  Asset Services, Inc. or its affiliates.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

9       Nationstar objects that the request is vague and overbroad.  Subject to this objection,

10  Nationstar will produce the master contract between Nationstar and Field Asset Services that

11  was in effect in March and April, 2011, along with all workorders pertaining to the Property.

12  REQUEST FOR PRODUCTION NO. 4:

13       Please produce copies of any written or recorded statements you have obtained from

14  any individual or entity relating in any way to the issues or claims in this litigation.

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

16       Nationstar objects that the request is vague and overbroad.  Subject to this objection,

17  Nationstar responds that it has no responsive documents in its possession or control.

18  REQUEST FOR PRODUCTION NO. 5:

19       Please produce copies of all written communications between Nationstar, its officers,

20  agents, or employees, and a third party, other than your attorneys, relating to any issue or claim

21  in this litigation.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

23       Nationstar objects that the request is vague and overbroad.  Subject to this objection,

24  Nationstar will produce all responsive documents in its possession or control.

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1

1   INTERROGATORY NO. 8:

2        Please identify all communications that Nationstar, its officers, agents, or employees,

3   have had with any third parties, other than your attorneys, relating to any issue or claim in this

4   litigation, other than those written communications produced in response the preceding request

5   for production.  With respect to each such communication, please provide:

6        (a)    The date of the communication;

7        (b)    The name and address of the persons present during the communication; and

8        (c)    A brief summary of the substance of the communication.

9   RESPONSE TO INTERROGATORY NO. 8:

10       Nationstar objects that the request is vague and overbroad.  Subject to this objection,

11   Nationstar exercises its option to produce business records pursuant to CR 33(c) in response to

12   this interrogatory.  Nationstar will produce all communications with Field Asset Services and

13   Mortgage Specialist International, LLC.

14   REQUEST FOR PRODUCTION NO. 6:

15       Please produce copies of all photographs and videos in your possession of the Property

16   and/or improvements thereon.

17   RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

18       Nationstar will produce all responsive documents in its possession or control.

19   INTERROGATORY NO. 9:

20       For each photograph and video produced in response to the preceding interrogatory,

21   please identify the date of each such photograph or video and the individual who took such

22   photograph or video.

23

24

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1

1  RESPONSE TO INTERROGATORY NO. 9:

2      All photographs produced were taken by employees of Field Asset Services, Inc., and

3  are embedded with a date.  Nationstar believes that the date shown on the photographs

4  corresponds with the date that they were taken.

5  INTERROGATORY NO. 10:

6      If your answer to Request for Admission No. 1 is anything but an unequivocal "admit,"

7  please identify the fee simple owner of the Property.

8  RESPONSE TO INTERROGATORY NO. 10:

9      No response required.

10  REQUEST FOR PRODUCTION NO. 7:

11      Please produce copies of all documents which relate or pertain to your answer to the

12  preceding interrogatory.

13  RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

14      No response required.

15  REQUEST FOR PRODUCTION NO. 8:

16      If your answer to Request for Admission No. 2 is anything but an unequivocal "admit,"

17  please produce copies of all documents evidencing Nationstar's fee simple ownership of the

18  Property.

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

20      No response required.

21  INTERROGATORY NO. 11:

22      If your answer to Request for Admission No. 5 is anything but an unequivocal "admit",

23  please identify the court, cause number, and case name of the judicial foreclosure proceeding

24  commenced by Nationstar.

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1

1   RESPONSE TO INTERROGATORY NO. 11:

2       No response required.

3   REQUEST FOR PRODUCTION NO. 9:

4       Please produce copies of all pleadings filed in the judicial foreclosure proceeding

5   identified in your answer to the preceding interrogatory.

6   RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

7       No response required.

8   INTERROGATORY NO. 12:

9       If your answer to Request for Admission No. 6 is anything but an unequivocal "admit,"

10  please state the date the non-judicial foreclosure proceeding was commenced, identify the

11  trustee conducting such non-judicial foreclosure proceeding, and state the date for the trustee's

12  sale.

13  RESPONSE TO INTERROGATORY NO. 12:

14      No response required.

15  REQUEST FOR PRODUCTION NO. 10:

16      Please produce copies of all notices that have been delivered or recorded in connection

17  with the non-judicial foreclosure proceeding identified in the preceding interrogatory, and of

18  all affidavits or declarations of mailing, service or posting notices in connection with such non-

19  judicial foreclosure proceeding.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

21      No response required.

22  INTERROGATORY NO. 13:

23      To the extent you claim Jordan gave permission to Nationstar to enter the Property,

24  please state the following:

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 9

3557129.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   (a)  State all facts you allege in support of such allegation;

2   (b)  Identify all witnesses having knowledge relevant to such allegation; and

3   (c)  Identify all documents relevant to such allegation.

4 RESPONSE TO INTERROGATORY NO. 13:

5   (a)  Plaintiff executed a Deed of Trust that authorized Nationstar to enter the subject

6 property in certain circumstances. *See* paragraphs 7 and 9(c) of the Deed of Trust.

7   Plaintiff fell behind on her mortgage payments.  On February 14, 2011, Plaintiff told

8 Nationstar that her income had been reduced and her savings were exhausted, and she was

9 unable to make further payments.  Plaintiff told Nationstar that she would not make further

10 payments.  Plaintiff also told Nationstar that she had no interest in keeping the home and

11 wanted it to go to foreclosure.  Nationstar was unable to reach Plaintiff after this conversation.

12   A request for a property inspection was automatically triggered following Plaintiff's

13 default on the loan.  The inspection request was issued on March 31, 2011, to vendor Mortgage

14 Specialist International, LLC ("MSI") to determine whether the subject property was occupied

15 and evaluate its condition.

16   MSI performed an external property evaluation and determined that the subject

17 property was vacant.  According to the property inspection report provided to Nationstar by

18 MSI, the determination was based on MSI's observation that some contents were boxed up and

19 there were no furnishings inside the subject property.

20   In a telephone call with Nationstar on April 4, 2011, Plaintiff told Nationstar that her

21 mailing address had changed.

22   (b)  Plaintiff.

23   (c)  Deed of Trust; Nationstar's servicing notes for the subject loan; MSI inspection

24 report; recording of Plaintiff's April 4, 2011 telephone call with Nationstar.

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 10

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1

REQUEST FOR PRODUCTION NO. 11:

Please produce a copy of each document identified in your answer to the preceding interrogatory.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Nationstar will produce the Deed of Trust; Nationstar's servicing notes for the subject loan; MSI inspection report; recording of Plaintiff's April 4, 2011 telephone call with Nationstar.

INTERROGATORY NO. 14:

Please identify any and all oral or written agreements, terms and conditions, or understandings between Nationstar, its officers, agents, or employees, and Field Asset Services, Inc., its officers, agents, or employees, pertaining to the Property.

RESPONSE TO INTERROGATORY NO. 14:

Nationstar objects that the request is vague and overbroad. Nationstar exercises its option to produce business records pursuant to CR 33(c) in response to this interrogatory. Nationstar will produce the master contract with Field Asset Services and all workorders pertaining to the subject property.

REQUEST FOR PRODUCTION NO. 12:

Please produce a copy of each written agreement identified in your answer to the preceding interrogatory and any document which relates or pertains to each oral agreement or understanding identified in the preceding interrogatory.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Nationstar will produce the master contract with Field Asset Services and all workorders pertaining to the subject property.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 11

3557129.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    INTERROGATORY NO. 15:

2        If you identified any oral agreements or understandings in your answer to the preceding

3    interrogatory, please set forth the substance of the oral agreement or understanding, the parties

4    thereto, and when such oral agreement or understanding was entered into.

5    RESPONSE TO INTERROGATORY NO. 15:

6        There are no oral agreements.

7    INTERROGATORY NO. 16:

8        Please describe Nationstar's relationship with Field Asset Services, Inc. and state

9    whether Field Asset Services, Inc. is an affiliate, employee, or agent of Field Asset Services,

10   Inc.

11   RESPONSE TO INTERROGATORY NO. 16:

12       Field Asset Services, Inc. is a vendor to Nationstar.

13   INTERROGATORY NO. 17:

14       Please state the total number of residential foreclosures, judicial and non-judicial,

15   conducted by Nationstar, or by a trustee on Nationstar's behalf, in relation to deeds of trust

16   held by Nationstar in Washington State between 2006 and present.

17   RESPONSE TO INTERROGATORY NO. 17:

18       Nationstar objects that this interrogatory is overly broad and unduly burdensome, and

19   calls for information that is neither relevant nor reasonably calculated to lead to the discovery

20   of admissible evidence.

21   INTERROGATORY NO. 18:

22       Please state the total number of residential properties upon which Nationstar holds a

23   deed of trust that Nationstar has deemed to be abandoned in violation of the terms of the deed

24   of trust.

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 12

3557129.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    RESPONSE TO INTERROGATORY NO. 18:

2         Nationstar objects that this interrogatory is overly broad and unduly burdensome, and

3    calls for information that is neither relevant nor reasonably calculated to lead to the discovery

4    of admissible evidence.

5    INTERROGATORY NO. 19:

6         Please state the total number of deeds in lieu of foreclosure which Nationstar has

7    accepted and received in connection with a residential property upon which Nationstar held a

8    deed of trust in Washington State between 2006 and present.

9    RESPONSE TO INTERROGATORY NO. 19:

10         Nationstar objects that this interrogatory is overly broad and unduly burdensome, and

11    calls for information that is neither relevant nor reasonably calculated to lead to the discovery

12    of admissible evidence.

13    INTERROGATORY NO. 20:

14         Please state all facts that support your contention that Plaintiff "failed to state a claim

15    upon which relief can be granted, in whole or in part" as asserted in Paragraph 1 of

16    Nationstar's affirmative defenses set forth in its Answer to Complaint for Damages, and

17    identify all witnesses with knowledge of such allegation.

18    RESPONSE TO INTERROGATORY NO. 20:

19         The causes of action for trespass and intentional trespass fail as a matter of law because

20    the Deed of Trust specifically authorizes Nationstar and its agents access to the Property.  The

21    anxiety alleged in paragraph 6.1 is not sufficient to constitute severe emotional distress.  .

22    Plaintiff has not alleged the public interest and other elements of a Consumer Protection Act

23    claim.  The caption alleges a class but there are no class action allegations in the Complaint.]

24

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 13

3557129.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   REQUEST FOR PRODUCTION NO. 13:

2       Please produce a copy of all documents which support or pertain to your answer to the

3   preceding interrogatory.

4   RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

5       Not applicable.

6   INTERROGATORY NO. 21:

7       Please state all facts that support your contention that "Plaintiff's claims are barred, in

8   whole or in part, by waiver, estoppel, res judicata or judicial estoppel" as asserted in Paragraph

9   2 of Nationstar's affirmative defenses set forth in its Answer to Complaint for Damages, and

10   identify all witnesses with knowledge of such allegation.

11   RESPONSE TO INTERROGATORY NO. 21:

12       Plaintiff executed a Deed of Trust that authorized Nationstar to enter the subject

13   property in certain circumstances. *See* paragraphs 7 and 9(c) of the Deed of Trust.

14       On February 14, 2011, Plaintiff told Nationstar that her income had been reduced and

15   her savings were exhausted, and she was unable to make further payments. Plaintiff told

16   Nationstar that she would not make further payments. Plaintiff also told Nationstar that she

17   had no interest in keeping the home and wanted it to go to foreclosure. Nationstar was unable

18   to reach Plaintiff after this conversation.

19       Plaintiff fell behind on her mortgage payments. A request for a property inspection was

20   automatically triggered when Plaintiff was 45 days' delinquent and had made no arrangement

21   toward any further payment. The inspection request was issued on March 31, 2011, to vendor

22   Mortgage Specialist International, LLC ("MSI") to determine whether the subject property was

23   occupied and evaluate its condition.

24

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 14

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1

1    MSI performed an external property evaluation and determined that the subject

2    property was vacant.  According to the property inspection report provided to Nationstar by

3    MSI, the determination was based on MSI's observation that some contents were boxed up and

4    there were no furnishings inside the subject property.

5    The MSI inspection result triggered a further workorder to Field Asset Services, Inc.

6    ("FAS") requesting an additional inspection of the subject property and that FAS secure the

7    subject property if necessary.  FAS removed the lock to the front door to access the property.

8    Upon inspecting the subject property's interior, FAS determined that no further action was

9    necessary to preserve the property and departed.  Since the original lock had been removed to

10   access the property, it could not be replaced or reattached and so FAS installed a new lock with

11   a lockbox so that Plaintiff could access the property.

12   In a telephone call with Nationstar on April 4, 2011, Plaintiff told Nationstar that her

13   mailing address had changed.  She asked for and was given the lockbox code for unrestricted

14   access to the subject property.  She informed Nationstar that she intended to move out of the

15   property and did not request that the lockbox be removed.  Nationstar has never barred Plaintiff

16   from the subject property.  After April 4, 2011, Plaintiff never informed Nationstar that she had

17   been barred from the Property, requested access to the Property or requested that the lockbox

18   be removed.

19   The following individuals may be knowledgeable about these facts: Plaintiff, Travis

20   Allen Jordan, Plaintiff's parents, Brandon Jackson and Paul Belcer.  Investigation and

21   discovery are continuing.

22   REQUEST FOR PRODUCTION NO. 14:

23   Please produce a copy of all documents which support or pertain to your answer to the

24   preceding interrogatory.

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 15

3557129.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

2          Nationstar will produce the Deed of Trust; Nationstar's servicing notes for the subject

3    loan; MSI inspection report; recording of Plaintiff's April 4, 2011 telephone call with

4    Nationstar.

5    INTERROGATORY NO. 22:

6          Please state all facts that support your contention that "Plaintiff's claims were caused,

7    in whole or in part, by her own negligence, fault and/or conduct" as asserted in Paragraph 3 of

8    Nationstar's affirmative defenses set forth in its Answer to Complaint for Damages, and

9    identify all witnesses with knowledge of such allegation.

10   RESPONSE TO INTERROGATORY NO. 22:

11         Plaintiff executed a Deed of Trust that authorized Nationstar to enter the subject

12   property in certain circumstances. *See* paragraphs 7 and 9(c) of the Deed of Trust.

13         On February 14, 2011, Plaintiff told Nationstar that her income had been reduced and

14   her savings were exhausted, and she was unable to make further payments. Plaintiff told

15   Nationstar that she would not make further payments. Plaintiff also told Nationstar that she

16   had no interest in keeping the home and wanted it to go to foreclosure. Nationstar was unable

17   to reach Plaintiff after this conversation.

18         Plaintiff fell behind on her mortgage payments. A request for a property inspection was

19   automatically triggered when Plaintiff was 45 days' delinquent and had made no arrangement

20   toward any further payment. The inspection request was issued on March 31, 2011, to vendor

21   Mortgage Specialist International, LLC ("MSI") to determine whether the subject property was

22   occupied and evaluate its condition.

23         MSI performed an external property evaluation and determined that the subject

24   property was vacant. According to the property inspection report provided to Nationstar by

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 16

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1

1  MSI, the determination was based on MSI's observation that some contents were boxed up and
2  there were no furnishings inside the subject property.

3      The MSI inspection result triggered a further workorder to Field Asset Services, Inc.
4  ("FAS") requesting an additional inspection of the subject property and that FAS secure the
5  subject property if necessary.  FAS removed the lock to the front door to access the property.
6  Upon inspecting the subject property's interior, FAS determined that no further action was
7  necessary to preserve the property and departed.  Since the original lock had been removed to
8  access the property, it could not be replaced or reattached and so FAS installed a new lock with
9  a lockbox so that Plaintiff could access the property.

10     In a telephone call with Nationstar on April 4, 2011, Plaintiff told Nationstar that her
11 mailing address had changed.  She asked for and was given the lockbox code for unrestricted
12 access to the subject property.  She informed Nationstar that she intended to move out of the
13 property and did not request that the lockbox be removed.  Nationstar has never barred Plaintiff
14 from the subject property.  After April 4, 2011, Plaintiff never informed Nationstar that she had
15 been barred from the Property, requested access to the Property or requested that the lockbox
16 be removed.

17     The following individuals may be knowledgeable about these facts: Plaintiff, Travis
18 Allen Jordan, Plaintiff's parents, Brandon Jackson and Paul Belcer.  Investigation and
19 discovery are continuing.

20 REQUEST FOR PRODUCTION NO. 15:

21     Please produce a copy of all documents which support or pertain to your answer to the
22 preceding interrogatory.

23

24

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 17

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

2         Nationstar will produce the Deed of Trust, Nationstar's servicing notes for the subject

3  loan; MSI inspection report; recording of Plaintiff's April 4, 2011 telephone call with

4  Nationstar.

5  INTERROGATORY NO. 23:

6         Please state all facts that support your contention that "Plaintiff's claims are barred, in

7  whole or in part, by the applicable statute of limitation or laches" as asserted in Paragraph 4 of

8  Nationstar's affirmative defenses set forth in its Answer to Complaint for Damages, and

9  identify all witnesses with knowledge of such allegation.

10 RESPONSE TO INTERROGATORY NO. 23:

11        Plaintiff discovered facts supporting her claim no later than April 4, 2011.

12 REQUEST FOR PRODUCTION NO. 16:

13        Please produce a copy of all documents which support or pertain to your answer to the

14 preceding interrogatory.

15 RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

16        Nationstar will produce its servicing notes for the subject loan.

17 INTERROGATORY NO. 24:

18        Please state all facts that support your contention that "Plaintiff directly or indirectly

19 consented to or authorized defendant to enter upon her property or defendant's entry upon the

20 property was otherwise privileged" as asserted in Paragraph 5 of Nationstar's affirmative

21 defenses set forth in its Answer to Complaint for Damages, and identify all witnesses with

22 knowledge of such allegation.

23

24

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 18

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1

1   RESPONSE TO INTERROGATORY NO. 24:

2         Plaintiff executed a Deed of Trust that authorized Nationstar to enter the subject

3   property in certain circumstances. *See* paragraphs 7 and 9(c) of the Deed of Trust.

4         On February 14, 2011, Plaintiff told Nationstar that her income had been reduced and

5   her savings were exhausted, and she was unable to make further payments.  Plaintiff told

6   Nationstar that she would not make further payments.  Plaintiff also told Nationstar that she

7   had no interest in keeping the home and wanted it to go to foreclosure.  Nationstar was unable

8   to reach Plaintiff after this conversation.

9         Plaintiff fell behind on her mortgage payments.  A request for a property inspection was

10  automatically triggered when Plaintiff was 45 days' delinquent and had made no arrangement

11  toward any further payment.  The inspection request was issued on March 31, 2011, to vendor

12  Mortgage Specialist International, LLC ("MSI") to determine whether the subject property was

13  occupied and evaluate its condition.

14        MSI performed an external property evaluation and determined that the subject

15  property was vacant.  According to the property inspection report provided to Nationstar by

16  MSI, the determination was based on MSI's observation that some contents were boxed up and

17  there were no furnishings inside the subject property.

18        The MSI inspection result triggered a further workorder to Field Asset Services, Inc.

19  ("FAS") requesting an additional inspection of the subject property and that FAS secure the

20  subject property if necessary.  FAS removed the lock to the front door to access the property.

21  Upon inspecting the subject property's interior, FAS determined that no further action was

22  necessary to preserve the property and departed.  Since the original lock had been removed to

23  access the property, it could not be replaced or reattached and so FAS installed a new lock with

24  a lockbox so that Plaintiff could access the property.

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 19

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1

1    In a telephone call with Nationstar on April 4, 2011, Plaintiff told Nationstar that her

2    mailing address had changed.  She asked for and was given the lockbox code for unrestricted

3    access to the subject property.  She informed Nationstar that she intended to move out of the

4    property and did not request that the lockbox be removed.  Nationstar has never barred Plaintiff

5    from the subject property.  After April 4, 2011, Plaintiff never informed Nationstar that she had

6    been barred from the Property, requested access to the Property or requested that the lockbox

7    be removed.

8    The following individuals may be knowledgeable about these facts: Plaintiff, Travis

9    Allen Jordan, Plaintiff's parents, Brandon Jackson and Paul Belcer.  Investigation and

10   discovery are continuing.

11   REQUEST FOR PRODUCTION NO. 17:

12   Please produce a copy of all documents which support or pertain to your answer to the

13   preceding interrogatory.

14   RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

15   Nationstar will produce the Deed of Trust; Nationstar's servicing notes for the subject

16   loan; MSI inspection report; recording of Plaintiff's April 4, 2011 telephone call with

17   Nationstar.

18   INTERROGATORY NO. 25:

19   Please state all facts that support your contention that "Plaintiff has failed to mitigate

20   her claimed damages, if any" as asserted in Paragraph 6 of Nationstar's affirmative defenses

21   set forth in its Answer to Complaint for Damages, and identify all witnesses with knowledge of

22   such allegation.

23

24

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 20

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1

1 | <u>RESPONSE TO INTERROGATORY NO. 25</u>:

2 |      Plaintiff executed a Deed of Trust that authorized Nationstar to enter the subject

3 | property in certain circumstances. *See* paragraphs 7 and 9(c) of the Deed of Trust.

4 |      On February 14, 2011, Plaintiff told Nationstar that her income had been reduced and

5 | her savings were exhausted, and she was unable to make further payments. Plaintiff told

6 | Nationstar that she would not make further payments. Plaintiff also told Nationstar that she

7 | had no interest in keeping the home and wanted it to go to foreclosure. Nationstar was unable

8 | to reach Plaintiff after this conversation.

9 |      Plaintiff fell behind on her mortgage payments. A request for a property inspection was

10 | automatically triggered when Plaintiff was 45 days' delinquent and had made no arrangement

11 | toward any further payment. The inspection request was issued on March 31, 2011, to vendor

12 | Mortgage Specialist International, LLC ("MSI") to determine whether the subject property was

13 | occupied and evaluate its condition.

14 |      MSI performed an external property evaluation and determined that the subject

15 | property was vacant. According to the property inspection report provided to Nationstar by

16 | MSI, the determination was based on MSI's observation that some contents were boxed up and

17 | there were no furnishings inside the subject property.

18 |      The MSI inspection result triggered a further workorder to Field Asset Services, Inc.

19 | ("FAS") requesting an additional inspection of the subject property and that FAS secure the

20 | subject property if necessary. FAS removed the lock to the front door to access the property.

21 | Upon inspecting the subject property's interior, FAS determined that no further action was

22 | necessary to preserve the property and departed. Since the original lock had been removed to

23 | access the property, it could not be replaced or reattached and so FAS installed a new lock with

24 | a lockbox so that Plaintiff could access the property.

25 |

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 21

3557129.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    In a telephone call with Nationstar on April 4, 2011, Plaintiff told Nationstar that her

2    mailing address had changed.  She asked for and was given the lockbox code for unrestricted

3    access to the subject property.  She informed Nationstar that she intended to move out of the

4    property and did not request that the lockbox be removed.  Nationstar has never barred Plaintiff

5    from the subject property.  After April 4, 2011, Plaintiff never informed Nationstar that she had

6    been barred from the Property, requested access to the Property or requested that the lockbox

7    be removed.

8    The following individuals may be knowledgeable about these facts: Plaintiff, Travis

9    Allen Jordan, Plaintiff's parents, Brandon Jackson and Paul Belcer.  Investigation and

10   discovery are continuing.

11   REQUEST FOR PRODUCTION NO. 18:

12   Please produce a copy of all documents which support or pertain to your answer to the

13   preceding interrogatory.

14   RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

15   Nationstar will produce the Deed of Trust; Nationstar's servicing notes for the subject

16   loan; MSI inspection report; recording of Plaintiff's April 4, 2011 telephone call with

17   Nationstar.

18   INTERROGATORY NO. 26:

19   Please state all facts that support your contention that "Plaintiff's claims are barred, by

20   failing to give the required pre-filing notice or another condition precedent" as asserted in

21   Paragraph 7 of Nationstar's affirmative defenses set forth in its Answer to Complaint for

22   Damages, and identify all witnesses with knowledge of such allegation.

23

24

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 22

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1

1   RESPONSE TO INTERROGATORY NO. 26:

2        The Deed of Trust (paragraph 21) provides that Plaintiff may not bring suit against

3   Nationstar without first providing notice and an opportunity to cure.  The Deed of Trust also

4   provides that notice must be in writing to be effective (paragraph 15).  Plaintiff did not provide

5   notice to Nationstar that she believed Nationstar was in violation of the Deed of Trust before

6   bringing this lawsuit.

7        Moreover, Plaintiff was never barred from the subject property and never requested that

8   the lockbox be removed.

9        Plaintiff is knowledgeable about these facts.

10  REQUEST FOR PRODUCTION NO. 19:

11       Please produce a copy of all documents which support or pertain to your answer to the

12  preceding interrogatory.

13  RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

14       Nationstar will produce the Deed of Trust; Nationstar's servicing notes for the subject

15  loan; MSI inspection report; recording of Plaintiff's April 4, 2011 telephone call with

16  Nationstar.

17  INTERROGATORY NO. 27:

18       Please state all facts that support your contention that "Defendant reserves the right to

19  allege further affirmative defenses as they may become known through the course of

20  discovery" as asserted in Paragraph 8 of Nationstar's affirmative defenses set forth in its

21  Answer to Complaint for Damages, and identify all witnesses with knowledge of such

22  allegation.

23  RESPONSE TO INTERROGATORY NO. 27:

24       None.

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 23

3557129.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1  REQUEST FOR PRODUCTION NO. 20:

2      Please produce a copy of all documents which support or pertain to your answer to the

3  preceding interrogatory.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

5      None.

6  INTERROGATORY NO. 28:

7      Please state all facts that support your contention that "Plaintiff abandoned the subject

8  property and advised Nationstar that she would not make further payments on the Promissory

9  Note" as asserted in Paragraph 9 of Nationstar's affirmative defenses set forth in its Answer to

10  Complaint for Damages, and identify all witnesses with knowledge of such allegation.

11  RESPONSE TO INTERROGATORY NO. 28:

12      Plaintiff executed a Deed of Trust that authorized Nationstar to enter the subject

13  property in certain circumstances. *See* paragraphs 7 and 9(c) of the Deed of Trust.

14      On February 14, 2011, Plaintiff told Nationstar that her income had been reduced and

15  her savings were exhausted, and she was unable to make further payments. Plaintiff told

16  Nationstar that she would not make further payments. Plaintiff also told Nationstar that she

17  had no interest in keeping the home and wanted it to go to foreclosure. Nationstar was unable

18  to reach Plaintiff after this conversation.

19      Plaintiff fell behind on her mortgage payments. A request for a property inspection was

20  automatically triggered when Plaintiff was 45 days' delinquent and had made no arrangement

21  toward any further payment. The inspection request was issued on March 31, 2011, to vendor

22  Mortgage Specialist International, LLC ("MSI") to determine whether the subject property was

23  occupied and evaluate its condition.

24

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 24

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1

1    MSI performed an external property evaluation and determined that the subject

2    property was vacant.  According to the property inspection report provided to Nationstar by

3    MSI, the determination was based on MSI's observation that some contents were boxed up and

4    there were no furnishings inside the subject property.

5        The MSI inspection result triggered a further workorder to Field Asset Services, Inc.

6    ("FAS") requesting an additional inspection of the subject property and that FAS secure the

7    subject property if necessary.  FAS removed the lock to the front door to access the property.

8    Upon inspecting the subject property's interior, FAS determined that no further action was

9    necessary to preserve the property and departed.  Since the original lock had been removed to

10   access the property, it could not be replaced or reattached and so FAS installed a new lock with

11   a lockbox so that Plaintiff could access the property.

12       In a telephone call with Nationstar on April 4, 2011, Plaintiff told Nationstar that her

13   mailing address had changed.  She asked for and was given the lockbox code for unrestricted

14   access to the subject property.  She informed Nationstar that she intended to move out of the

15   property and did not request that the lockbox be removed.  Nationstar has never barred Plaintiff

16   from the subject property.  After April 4, 2011, Plaintiff never informed Nationstar that she had

17   been barred from the Property, requested access to the Property or requested that the lockbox

18   be removed.

19       The following individuals may be knowledgeable about these facts: Plaintiff, Travis

20   Allen Jordan, Plaintiff's parents, Brandon Jackson and Paul Belcer.  Investigation and

21   discovery are continuing.

22   REQUEST FOR PRODUCTION NO. 21:

23       Please produce a copy of all documents which support or pertain to your answer to the

24   preceding interrogatory.

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 25

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1

RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Nationstar will produce the Deed of Trust; Nationstar's servicing notes for the subject loan; MSI inspection report; recording of Plaintiff's April 4, 2011 telephone call with Nationstar.

INTERROGATORY NO. 29:

Please state all facts that support your contention that "If plaintiff is allowed to pursue equitable claims, those claims are barred, in whole or in part, by laches, estoppel and/or unclean hands"" as asserted in Paragraph 10 of Nationstar's affirmative defenses set forth in its Answer to Complaint for Damages, and identify all witnesses with knowledge of such allegation.

RESPONSE TO INTERROGATORY NO. 29:

Plaintiff executed a Deed of Trust that authorized Nationstar to enter the subject property in certain circumstances. *See* paragraphs 7 and 9(c) of the Deed of Trust.

On February 14, 2011, Plaintiff told Nationstar that her income had been reduced and her savings were exhausted, and she was unable to make further payments. Plaintiff told Nationstar that she would not make further payments. Plaintiff also told Nationstar that she had no interest in keeping the home and wanted it to go to foreclosure. Nationstar was unable to reach Plaintiff after this conversation.

Plaintiff fell behind on her mortgage payments. A request for a property inspection was automatically triggered when Plaintiff was 45 days' delinquent and had made no arrangement toward any further payment. The inspection request was issued on March 31, 2011, to vendor Mortgage Specialist International, LLC ("MSI") to determine whether the subject property was occupied and evaluate its condition.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 26

3557129.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   MSI performed an external property evaluation and determined that the subject

2   property was vacant. According to the property inspection report provided to Nationstar by

3   MSI, the determination was based on MSI's observation that some contents were boxed up and

4   there were no furnishings inside the subject property.

5   The MSI inspection result triggered a further workorder to Field Asset Services, Inc.

6   ("FAS") requesting an additional inspection of the subject property and that FAS secure the

7   subject property if necessary. FAS removed the lock to the front door to access the property.

8   Upon inspecting the subject property's interior, FAS determined that no further action was

9   necessary to preserve the property and departed. Since the original lock had been removed to

10  access the property, it could not be replaced or reattached and so FAS installed a new lock with

11  a lockbox so that Plaintiff could access the property.

12  In a telephone call with Nationstar on April 4, 2011, Plaintiff told Nationstar that her

13  mailing address had changed. She asked for and was given the lockbox code for unrestricted

14  access to the subject property. She informed Nationstar that she intended to move out of the

15  property and did not request that the lockbox be removed. Nationstar has never barred Plaintiff

16  from the subject property. After April 4, 2011, Plaintiff never informed Nationstar that she had

17  been barred from the Property, requested access to the Property or requested that the lockbox

18  be removed.

19  The following individuals may be knowledgeable about these facts: Plaintiff, Travis

20  Allen Jordan, Plaintiff's parents, Brandon Jackson and Paul Belcer. Investigation and

21  discovery are continuing.

22  REQUEST FOR PRODUCTION NO. 22:

23  Please produce a copy of all documents which support or pertain to your answer to the

24  preceding interrogatory.

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 27

3557129.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Nationstar will produce the Deed of Trust; Nationstar's servicing notes for the subject loan; MSI inspection report; recording of Plaintiff's April 4, 2011 telephone call with Nationstar.

INTERROGATORY NO. 30:

Please identify all persons you intend to call to testify as expert witnesses in this matter. For each such expert identified, describe the opinions and facts to which each expert is expected to testify and the qualifications of each expert to testify as to such facts and opinions.

RESPONSE TO INTERROGATORY NO. 30:

Nationstar has not yet selected an expert witness.

REQUEST FOR PRODUCTION NO. 23:

Please produce copies of all documents provided to or obtained from each expert identified in the preceding interrogatory, and all records, reports, and all other documents pertaining to this case reviewed or maintained by each such expert.

RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Nationstar has no responsive documents in its possession or control.

REQUEST FOR PRODUCTION NO. 24:

Please produce copies of all documents in your files which have not yet been produced that relate to, discuss, or refer to Jordan.

RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Nationstar objects that this request is vague, overbroad and unduly burdensome. The request also seeks information protected by the attorney client and work product privileges. Subject to these objections, Nationstar will produce all loan application materials, loan documents, invoices, the payment history, written communications and correspondences with

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 28

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1

1  Jordan, servicing notes, and communications and workorders with vendors Field Asset

2  Services and Mortgage Specialist International that concern the subject property in its

3  possession or control.

4  INTERROGATORY NO. 31:

5        Since 2006, has Nationstar, or its affiliates, ever been involved in civil litigation in

6  Washington State as a result of or in connection with a non-judicial deed of trust foreclosure of

7  a deed of trust held by Nationstar, or its affiliates?

8  RESPONSE TO INTERROGATORY NO. 31:

9        Nationstar objects that this interrogatory vague, overbroad and unduly burdensome.

10  Nationstar further objects that the interrogatory requests information that is not relevant nor

11  reasonably calculated to lead to the discovery of admissible evidence.

12  INTERROGATORY NO. 32:

13        If the answer to the preceding interrogatory is affirmative, please provide a brief

14  description of such litigation, identify the parties to the litigation, identify the court and the

15  cause number of the litigation, and state the outcome of the litigation.

16  RESPONSE TO INTERROGATORY NO. 32:

17        Nationstar objects that this interrogatory vague, overbroad and unduly burdensome.

18  Nationstar further objects that the interrogatory requests information that is not relevant nor

19  reasonably calculated to lead to the discovery of admissible evidence.

20  INTERROGATORY NO. 33:

21        Since 2006, has Nationstar, or its affiliates, ever been involved in civil litigation in

22  Washington State as a result of or in connection with evicting or excluding a residential owner

23  from real property upon which Nationstar, or its affiliates, held a deed of trust?

24

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 29

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1

1    RESPONSE TO INTERROGATORY NO. 33:

2         Nationstar objects that this interrogatory vague, overbroad and unduly burdensome.

3   Nationstar further objects that the interrogatory requests information that is not relevant nor

4   reasonably calculated to lead to the discovery of admissible evidence.

5    **AMENDED RESPONSE TO INTERROGATORY NO. 33:**

6         No.

7    INTERROGATORY NO. 34:

8         Of the answer to the preceding interrogatory is affirmative, please provide a brief

9   description of such litigation, identify the parties to the litigation, identify the court and the

10   cause number of the litigation, and state the outcome of the litigation.

11   RESPONSE TO INTERROGATORY NO. 34:

12         Nationstar objects that this interrogatory vague, overbroad and unduly burdensome.

13   Nationstar further objects that the interrogatory requests information that is not relevant nor

14   reasonably calculated to lead to the discovery of admissible evidence.

15   **AMENDED RESPONSE TO INTERROGATORY NO. 34:**

16         Not applicable.

17   INTERROGATORY NO. 35:

18         Has Nationstar ever been involved in civil litigation, in Washington or any other state

19   or federal court involving claims of breach of contract, unjust enrichment, or violation of the

20   Washington Consumer Protection Act?  If so, please state:

21         (a)     the nature of the litigation;

22         (b)     your role or part in the litigation, (i.e., plaintiff or defendant);

23         (c)     the date and court in which the litigation took place;

24

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 30

3557129.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1        (d)    how civil action was resolved (i.e., plaintiff settlement, judgment for the

2    defendant, etc.)

3    RESPONSE TO INTERROGATORY NO. 35:

4        Nationstar objects that this interrogatory vague, overbroad and unduly burdensome.

5    Nationstar further objects that the interrogatory requests information that is not relevant nor

6    reasonably calculated to lead to the discovery of admissible evidence.

7    INTERROGATORY NO. 36:

8        State whether Nationstar has any internal policies, written or oral, to determine when a

9    property in which it has a security interest has been abandoned by the owner and, if so,

10   describe such policies.

11   RESPONSE TO INTERROGATORY NO. 36:

12       Yes. Nationstar contracts with reputable vendors to secure and maintain property,

13   including to determine whether the property is vacant. Nationstar does not prevent borrowers

14   from accessing property that they own and have the right to possess.

15   REQUEST FOR PRODUCTION NO. 25:

16       Please produce a copy of any written policy identified in the preceding interrogatory.

17   RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

18       Nationstar objects that the request is vague, overbroad and unduly burdensome.

19   Subject to this objection, Nationstar responds that it has no responsive documents in its

20   possession or control.

21   INTERROGATORY NO. 37:

22       Identify all persons having knowledge of discoverable matters which pertain to this

23   litigation. This request is intended to include all experts and non-experts known to you or your

24   attorneys.

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 31

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1

1  RESPONSE TO INTERROGATORY NO. 37:

2      Nationstar objects that this interrogatory is vague, overly broad and unduly

3  burdensome.  Subject to this objection, Nationstar responds as follows: Plaintiff, Plaintiff's

4  parents, Travis Allen Jordan, Paul Belcer.  See also response to Interrogatory No. 5.

5  INTERROGATORY NO. 38:

6      Identify and designate a corporation representative(s) of defendant for the purposes of

7  deposition pursuant to Civil Rule 30(b)(6) on issues regarding the exclusion of Jordan from the

8  Property, the decision to contact Field Asset Services, Inc. to lock and secure the Property, and

9  Nationstar's internal process for determining whether a property in which it has a security

10  interest has been abandoned.  State with particularity the information possessed by each

11  individual.

12  RESPONSE TO INTERROGATORY NO. 38:

13      Paul Belcer.

14  INTERROGATORY NO. 39:

15      To the extent you claim Jordan abandoned the Property, please state all facts which

16  support such contention and identify all witnesses with knowledge of such contention.

17  RESPONSE TO INTERROGATORY NO. 39:

18      Plaintiff executed a Deed of Trust that authorized Nationstar to enter the subject

19  property in certain circumstances.  *See* paragraphs 7 and 9(c) of the Deed of Trust.

20      On February 14, 2011, Plaintiff told Nationstar that her income had been reduced and

21  her savings were exhausted, and she was unable to make further payments.  Plaintiff told

22  Nationstar that she would not make further payments.  Plaintiff also told Nationstar that she

23  had no interest in keeping the home and wanted it to go to foreclosure.  Nationstar was unable

24  to reach Plaintiff after this conversation.

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 32

3557129.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    Plaintiff fell behind on her mortgage payments.  A request for a property inspection was
2    automatically triggered when Plaintiff was 45 days' delinquent and had made no arrangement
3    toward any further payment.  The inspection request was issued on March 31, 2011, to vendor
4    Mortgage Specialist International, LLC ("MSI") to determine whether the subject property was
5    occupied and evaluate its condition.

6    MSI performed an external property evaluation and determined that the subject
7    property was vacant.  According to the property inspection report provided to Nationstar by
8    MSI, the determination was based on MSI's observation that some contents were boxed up and
9    there were no furnishings inside the subject property.

10   The MSI inspection result triggered a further workorder to Field Asset Services, Inc.
11   ("FAS") requesting an additional inspection of the subject property and that FAS secure the
12   subject property if necessary.  FAS removed the lock to the front door to access the property.
13   Upon inspecting the subject property's interior, FAS determined that no further action was
14   necessary to preserve the property and departed.  Since the original lock had been removed to
15   access the property, it could not be replaced or reattached and so FAS installed a new lock with
16   a lockbox so that Plaintiff could access the property.

17   In a telephone call with Nationstar on April 4, 2011, Plaintiff told Nationstar that her
18   mailing address had changed.  She asked for and was given the lockbox code for unrestricted
19   access to the subject property.  She informed Nationstar that she intended to move out of the
20   property and did not request that the lockbox be removed.  Nationstar has never barred Plaintiff
21   from the subject property.  After April 4, 2011, Plaintiff never informed Nationstar that she had
22   been barred from the Property, requested access to the Property or requested that the lockbox
23   be removed.

24

25

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT AND FIRST
AMENDED OBJECTIONS, ANSWERS AND RESPONSES
THERETO - 33

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3557129.1