1

2

3

4

5              UNITED STATES DISTRICT COURT

6             EASTERN DISTRICT OF WASHINGTON

7  LAURA ZAMORA JORDAN, as her
   separate estate, and on behalf of others        NO:  2:14-CV-0175-TOR
8  similarly situated,
                                                    ORDER GRANTING PLAINTIFF'S
9                     Plaintiff,                    MOTION TO REMAND

10         v.

11 NATIONSTAR MORTGAGE, LLC, a
   Delaware limited liability company,
12
                      Defendant.
13

14        BEFORE THE COURT is Plaintiff's Motion to Remand (ECF No. 10).

15 This matter was heard with oral argument on September 9, 2014.  Clay M. Gatens

16 and Michael D. Daudt appeared on behalf of Plaintiff.  Jan T. Chilton and John A.

17 Knox (telephonically) appeared on behalf of Defendant.  The Court has reviewed

18 the briefing and the record and files herein, and is fully informed.

19 ///

20 ///

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 1

BACKGROUND

On April 3, 2012, Plaintiff, Laura Zamora Jordan, filed and served her Complaint in Chelan County Superior Court against Defendant, Nationstar Mortgage, LLC, alleging numerous state law causes of action, including trespass, breach of contract, and violation of the Washington Consumer Protection Act, as well as violation of the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 2-4. The federal cause of action alleged in the Complaint appeared as follows: "Nationstar's and/or its agents' actions violated the Fair Debt Collection Practices Act 15 U.S.C. et seq." *Id*. at 5.

Plaintiff subsequently filed and served a First Amended Complaint on September 14, 2012. ECF No. 2-13. Plaintiff again alleged numerous state law claims, including trespass, breach of contract, and violation of Washington's Consumer Protection Act, as well as violation of FDCPA. *Id*. In this amended Complaint, Plaintiff provided a more detailed assertion of her federal cause of action, including the relevant facts to support her claim under the FDCPA. *Id*. at 7-8. Defendant did not remove the case to federal court at that time.

On January 3, 2013, Plaintiff filed her Second Amended Complaint. ECF No. 2-19. In this Complaint, Plaintiff changed the nature of her suit from one captioned on her behalf and "on behalf of others similarly situated" to one that fully expressed a class action suit against Defendant. *Id*. Plaintiff did not allege a

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 2

specific amount in controversy in this Complaint; rather, the prayer for relief requested "damages in an amount to be proven at trial." *Id*. at 15. The Second Amended Complaint again asserted a federal cause of action under the FDCPA. *Id*. at 11-12. Defendant did not remove the case to federal court at that time.

On May 9, 2014, the Chelan County Superior Court granted Plaintiff's motion for class certification.[1] ECF No. 1-3. According to Defendant, on June 3, 2014, Plaintiff served responses to Defendant's fifth set of interrogatories and requests for admissions which revealed for the first time in writing that Plaintiff contended the amount in controversy exceeded $5,000,000. ECF No. 1 at 4; ECF No. 1-4 at 4 and 11. Within thirty days thereafter, on June 5, 2014, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453. ECF No. 1.

Plaintiff now moves to remand this case on grounds that notice of removal was not timely filed. ECF No. 10.

## DISCUSSION

Plaintiff moves the Court to remand this case, arguing that Defendant filed its notice of removal more than two years after Plaintiff's initial pleading in

---

[1] Plaintiff filed her first motion for class certification on September 27, 2013. ECF 2-32. Plaintiff renewed this motion on March 6, 2014. ECF 3-16.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 3

violation of the removal statute.  ECF No. 10.  In opposition, Defendant asserts

that the thirty-day window to remove "reopened" when the case first became

removable under the Class Action Fairness Act ("CAFA").  ECF No. 14.  The

parties disagree as to when Defendant could have reasonably ascertained the

amount in controversy, which is only relevant to triggering the removal time clock

under CAFA.[2]   For the following reasons, the Court agrees with Plaintiff that

removal is time-barred.

**A. Timeliness of Removal**

Title 28 United States Code Section 1441 governs removal of cases from

state court to federal court.  Generally, a defendant may remove a case to federal

---

[2] Plaintiff argues that Defendant's September 6, 2013 discovery responses

demonstrate that Defendant was aware that the potential damages exceeded the

requisite amount in controversy under CAFA.  ECF 10.  Alternatively, Plaintiff

contends that the figures in Plaintiff's motion for class certification, filed on

September 27, 2013, were sufficient to put Defendant on notice of the amount in

controversy and the opportunity to remove under CAFA.  ECF 15.  Defendant, on

the other hand, maintains that the amount in controversy was not revealed, absent

guesswork on Defendant's part, until Plaintiff's June 2014 interrogatory responses.

ECF 14.

court if the federal court would have subject-matter jurisdiction over one or more of the plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (federal question) or 1332 (diversity of citizenship).  *See* 28 U.S.C. § 1441(a), (b).

Under federal question jurisdiction, federal district courts have original jurisdiction over all claims "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Whether a suit arises under federal law is determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  When federal law creates the cause of action asserted, the case arises under federal law and will allow for removal under Section 1331.  *Gunn v. Minton*, --- U.S. ---, 133 S.Ct. 1059, 1064 (2013).

Under CAFA, a class action may be removed to federal court based on diversity jurisdiction if the three requisite elements for removal are met: there must be minimal diversity of citizenship between the parties, the proposed class must have at least one hundred members, and the amount in controversy must exceed $5 million.  28 U.S.C. § 1332(d); *Kuxhausen v. BMW Fin. Serv. NA, LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013).

Title 28 United States Code Section 1446 governs removal procedure, including removal pursuant to CAFA.  *Washington v. Chimei Innolux Corp.*, 659

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 5

F.3d 842, 847 (9th Cir. 2011) ("[T]he general principles of removal jurisdiction apply in CAFA cases. The right of removal is statutory, and the requirements strictly construed."). Under Section 1446(b), a defendant must file notice of removal within thirty days after receipt of an initial pleading or other document that reveals a basis for removal. 28 U.S.C. § 1446(b)(1). However, if the initial pleading does not provide a basis for removal, "a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). These have been described as the first and second—thirty-day windows in which to file a removal. Though this statutory time limit for removal petitions is not jurisdictional, it is mandatory and a timely objection to a late petition will defeat removal. *Fristoe v. Reynolds Metals Co*., 615 F.2d 1209, 1212-13 (9th Cir. 1980). When deciding the appropriateness of removal, there is a "strong presumption" against removal, and a court must reject federal jurisdiction if the court holds any doubts about the right of removal. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

Whether a defendant has notice of removability is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co*, 425 F.3d 689, 694 (9th Cir. 2005) (adopting a bright line test). The first thirty-day

window is triggered by defendant's receipt of an initial pleading that reveals a basis for removal.  If no ground for removal is evident in that pleading, the case is not removable at that stage.  *Id*.  A defendant "need not make extrapolations or engage in guesswork; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'" *Kuxhausen*, 707 F.3d at 1140 (citation omitted).  "The fact remains, however, that we 'don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove." *Id.* at 1141 (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)).

Plaintiff argues that the initial Complaint, filed and served April 3, 2012, triggered the thirty-day removal clock because it alleged a federal cause of action under the FDCPA.  ECF No. 10.  Defendant, on the other hand, contends that the initial Complaint's assertion of a federal cause of action was "patently inadequate" to serve as grounds for federal question jurisdiction.  ECF No. 14.

Whether or not Plaintiff's initial Complaint sufficiently alleged a federal cause of action under the well-pleaded complaint rule, *Caterpillar Inc. v. Williams*, 482 U.S. at 392, examination of the four corners of the First Amended Complaint reveals a federal cause of action under the FDCPA.  Thus, Defendant had thirty days from September 14, 2012, to file a notice of removal pursuant to Section 1446(b), to invoke federal question jurisdiction under 28 U.S.C. § 1331.

Moreover, Plaintiff filed a Second Amended Complaint on January 3, 2013, which again fully asserted a federal cause of action under the FDCPA, but this time adding detailed class action allegations. At minimum, the First Amended Complaint provides the first conclusive ascertainment that the case is one which is or has become removable. The Second Amended Complaint further solidifies that conclusion. At oral argument, Defendant agreed with these statements.

Consequently, Defendant did not timely remove this action unless a thirty day window reopened. Defendant contends the case became removable again pursuant to CAFA when the elements of that cause of action were first ascertained in a pleading. Defendant urges this Court to broadly construe removal under CAFA, just as the Ninth Circuit construed federal officer removal jurisdiction under 28 U.S.C. § 1442 in *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247 (9th Cir. 2006). ECF No. 14. Following the Ninth Circuit's reasoning in *Durham*, in which the Ninth Circuit interpreted removal under Section 1442, the Defendant contends that removal under CAFA should similarly create a second and separate ground for removal, even if the initial complaint provided some other ground for removal. *Id.*

This Court is not persuaded by Defendant's policy argument not supported by the wording of the statute or case law. As stated above, the general principles of removal jurisdiction apply in CAFA cases. *Chimei*, 659 F.3d at 847. Although

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 8

certain aspects of CAFA are broader than Section 1446's general removal

requirements, including CAFA's exemption from Section 1446(b)'s prohibition of

removal more than one year after the initial pleading, Ninth Circuit precedent

suggests that CAFA be strictly, not broadly, construed.  *Nevada v. Bank of Am.

Corp*, 672 F.3d 661, 667 (9th Cir. 2012) ("Removal statutes are to be 'strictly

construed' against removal jurisdiction.") (citation omitted); *Chimei*, 659 F.3d at

847 (9th Cir. 2011) ("The general principles of removal jurisdiction apply in

CAFA cases. The right of removal is statutory, and the requirements strictly

construed."); *Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014, 1018 (9th Cir.

2007) ("We have declined to construe CAFA more broadly than its plain language

indicates.").

More specifically, the Ninth Circuit has expressly stated that a defendant

may remove class actions under CAFA at any point so long as removal occurs

within thirty days of the case *first* becoming removable.  *Roth v. CHA Hollywood

Med. Ctr.*, 720 F.3d 1121, 1126 (9th Cir. 2013) ("A CAFA case may be removed at

any time, *provided that* neither of the two thirty-day periods under § 1446(b)(1)

and (b)(3) has been triggered.") (emphasis added); *Abrego Abrego v. Dow Chem.

Co*, 443 F.3d 676, 691 (9th Cir. 2006) ("Under CAFA, class actions and mass

actions may be removed at any point during the pendency of litigation in state

court, *so long as* removal is initiated within thirty days after the defendant is put on

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 9

notice that a case which was not removable based on the face of the complaint has become removable.") (emphasis added).  Therefore, the relevant removal date is the date on which the *case itself* becomes removable, rather than the date on which the case first becomes removable under CAFA.  Accordingly, it matters not when Defendant first learned that Plaintiff was asserting a class action that met the requirements of CAFA.

Here, Plaintiff served her First Amended Complaint on Defendant on September 14, 2012.  ECF No. 2-13.  As stated above, Plaintiff's First Amended Complaint included a federal cause of action, violation of the FDCPA, which rendered the action removable based on federal question jurisdiction.  Defendant failed to timely remove within Section 1446(b)'s thirty-day window.  Although the case later became removable under CAFA, this subsequent basis for removal did not reset the removal time clock under Section 1446 and permit Defendant a second opportunity to remove.  Therefore, Defendant's removal is untimely and remand is appropriate.[3]

---

[3] Defendant orally requested the Court delay the Clerk of Court from certifying the record to the state court pursuant to § 1447(c) until after it seeks discretionary appellate review pursuant to § 1453(c).  Section 1453(c) provides no mechanism for such delay, but rather provides an expedited appeal process apparently to mitigate the concerns Defendant has expressed.  Further, § 1447(c) directs the

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 10

**B. Request for Attorney's Fees and Costs**

Plaintiff requests an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).  Section 1447(c) provides, in relevant part, that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, where an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Defendant did not have an objectively reasonable basis for removal.  Defendant cites to cases involving federal officer removal, but no cases extending those broad principles to CAFA removal, which concededly is strictly construed under the removal statute.  While Defendant has made good faith policy arguments in support of removal, including arguments that would prevent the removal statute from certain gamesmanship tactics, Defendant concedes that none of those gamesmanship concerns are present in this case.  Plaintiff should not bear the

Clerk of Court's action in mandatory terms.  Thus, the Court declines Defendant's invitation.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 11

expense of Defendant's attempt to expand or change the law when neither the facts nor the law objectively support Defendant's position.

Accordingly, the Court will grant Plaintiff's request for attorney's fees on the motion to remand. By September 24, 2014, Plaintiff shall file an affidavit and itemization of costs and attorney's fees incurred solely with respect to Defendant's removal.  Defendant shall have until October 8, 2014 to provide its objections.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Remand (ECF No. 10) is **GRANTED**.

2. Plaintiff's request for costs and expenses, including attorney's fees pursuant to 28 U.S.C. § 1447(c) is **GRANTED**.  The Court will retain jurisdiction following remand to resolve the award of attorneys' fees and costs. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) (district court may retain jurisdiction over attorneys' fees issue after remand). By **September 24, 2014**, Plaintiff shall file an affidavit and itemization of costs and attorney's fees incurred solely with respect to Defendant's removal. Defendant shall have until **October 8, 2014** to provide its objections.

3. The Court hereby **REMANDS** to the Chelan County Superior Court, State of Washington, for all remaining proceedings.

///

///

1    The District Court Executive is hereby directed to enter this Order, provide

2    copies to counsel, and mail *a certified copy of this Order* to the Clerk of the Chelan

3    County Superior Court.  The file will remain open until the expense issue is

4    resolved.

5        **DATED** this September 9, 2014

6

7                          
                            THOMAS O. RICE
                            United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 13