**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURA ZAMORA JORDAN, as her separate estate, and on behalf of others similarly situated,<br>      *Plaintiff-Appellee*,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br>      *Defendant-Appellant*. | No. 14-35943<br><br>D.C. No.<br>2:14-cv-00175-TOR |
| LAURA ZAMORA JORDAN, as her separate estate, and on behalf of others similarly situated,<br>      *Plaintiff-Appellee*,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br>      *Defendant-Appellant*. | No. 15-35113<br><br>D.C. No.<br>2:14-cv-00175-TOR<br><br>OPINION |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted
March 9, 2015—San Francisco, California

Filed April 1, 2015

Before: J. Clifford Wallace, Milan D. Smith, Jr.,
and Paul J. Watford, Circuit Judges

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY[*]

**Class Action Fairness Act / Removal**

The panel reversed the district court's order remanding the class action proceeding to state court on the basis that the removal was untimely under 28 U.S.C. § 1446(b).

Defendant Nationstar Mortgage LLC removed the case within thirty days of ascertaining removability under the Class Action Fairness Act ("CAFA"), but more than two years after the case became removable on federal question grounds pursuant to 28 U.S.C. § 1331.

The panel held that a case becomes removable for purposes of 28 U.S.C. § 1446 when the CAFA ground for removal is first disclosed. The panel held that a defendant may remove a case from state court within thirty days of ascertaining that the action is removable under CAFA, even if an earlier pleading, document, motion, order, or other paper revealed an alternative basis for federal jurisdiction. The panel concluded that Nationstar's removal under CAFA was

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

timely, and that the action therefore properly belonged in federal court. Finally, because the removal under CAFA was timely, the panel reversed the district court's award of attorneys' fees to the plaintiff that was premised on improper removal under 28 U.S.C. § 1447(c).

## COUNSEL

Jan T. Chilton (argued), Severson & Werson PC, San Francisco, California; John A. Knox, Williams, Kastner & Gibbs PLLC, Seattle, Washington, for Defendant-Appellant.

Clay M. Gatens (argued), Jeffers, Danielson, Sonn & Aylward, P.S., Wenatchee, Washington; Michael D. Daudt, Terrell Marshall Daudt & Willie PLLC, Seattle, Washington, for Plaintiff-Appellee.

## OPINION

M. SMITH, Circuit Judge:

Defendant-Appellant Nationstar Mortgage LLC (Nationstar) appeals from the district court's order granting Plaintiff-Appellee Laura Zamora Jordan's (Jordan) motion to remand this class action proceeding to state court because its removal was untimely under 28 U.S.C. § 1446(b). Section 1446(b)(1) permits defendants to remove state-court actions to federal court within thirty days of receiving an initial pleading or other document that reveals a basis for removal. However, if the initial pleading does not provide a basis for removal, a defendant may remove an action within thirty days of receiving "an amended pleading, motion, order, or other

4       JORDAN V. NATIONSTAR MORTGAGE

paper" from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b)(3). Nationstar removed the case within thirty days of ascertaining removability under the Class Action Fairness Act (CAFA), 28 U.S.C. §§ 1332, 1453, but more than two years after the case became removable on federal question grounds pursuant to 28 U.S.C. § 1331.

Nationstar urges us to extend to the CAFA context the logic of our decision in *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006), which held that the thirty-day removal clock is reset when a defendant discovers that a case is removable on federal officer grounds under 28 U.S.C. § 1442(a)(1), even if the defendant was previously aware of a different basis for federal jurisdiction. In light of the Supreme Court's recent opinion in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014), and mindful of Congress's intent to "strongly favor the exercise of federal diversity jurisdiction of class actions with interstate ramifications," S. Rep. No. 109–14, at 35 (2005), reprinted in 2005 U.S.C.C.A.N. 3, at 34 (2005), we agree that the approach to "federal officer" removal taken in *Durham* must now be extended to CAFA claims. We hold that a defendant may remove a case from state court within thirty days of ascertaining that the action is removable under CAFA, even if an earlier pleading, document, motion, order, or other paper revealed an alternative basis for federal jurisdiction.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Laura Zamora Jordan obtained a loan to purchase a house in Washington state. To secure the loan, Jordan executed a deed of trust encumbering the house. Nationstar is the beneficiary of the deed of trust secured by Jordan's home. The deed of trust contains provisions permitting the

beneficiary to enter the house and change the locks if the borrower fails to perform the covenants and agreements contained in the deed of trust, or if the borrower abandons the property. In April 2011, after Jordan defaulted on her loan, Nationstar's agents entered Jordan's home without notice, removed the existing locks, and installed a lockbox. Jordan was later permitted to re-enter the house to gather her personal belongings. Jordan claims that, "Nationstar still has not commenced foreclosure proceedings against Jordan's home, which she still owns," and that she "has been deprived of the use and fair rental value of her home for over three years."

On April 3, 2012, Jordan, "as her separate estate, and on behalf of others similarly situated," sued Nationstar in Washington state court, alleging six causes of action, including violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. On January 3, 2013, Jordan filed her Second Amended Complaint (SAC), adding additional allegations and defining the proposed class. Jordan did not specify an amount in controversy in the complaint, but requested "damages in an amount to be proven at trial, including treble damages . . . ." The state court certified the proposed class on May 9, 2014. On June 3, 2014, Jordan submitted responses to Nationstar's Fifth Interrogatories, stating that "the total amount of monetary damages is expected to exceed $25,000,000.00."[1] On June 5, 2014,

---

[1] We note that Jordan's answers to Nationstar's Fifth Interrogatories are dated June 6, 2014, but the record indicates that they were filed in the district court as an exhibit to Nationstar's Notice of Removal on June 5, 2014. The district court stated that Jordan served her responses to the interrogatories on June 3, 2014, and Jordan confirms this date in her brief on appeal. Accordingly, we consider that the case first became removable under CAFA on June 3, 2014.

Nationstar filed a notice of removal to federal court pursuant to CAFA.

Jordan moved to remand the case to state court, arguing that Nationstar's notice of removal was untimely because it was filed more than two years after Jordan's initial complaint triggered federal jurisdiction under the FDCPA. *See* 28 U.S.C. § 1331. Nationstar countered that removal was timely because Jordan's answers to Nationstar's fifth set of interrogatories were the first "other paper from which it could be ascertained that the matter in controversy exceed[ed] $5,000,000," one of the three necessary elements for triggering removal under CAFA. Nationstar urged the district court to extend the logic of our opinion in *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247 (9th Cir. 2006), and recognize "a second and separate ground for removal, even if the initial complaint provided some other ground for removal," thereby "reopen[ing]" the thirty-day removal window.

The district court, conscientiously seeking to follow our circuit's case law, remanded the case to state court because it was "not persuaded by Defendant's policy argument not supported by the wording of the statute or case law." The court found that "the general principles of removal jurisdiction apply in CAFA cases," and "the relevant removal date is the date on which the *case itself* becomes removable, rather than the date on which the case first becomes removable under CAFA." Because Jordan's First Amended Complaint "included a federal cause of action, violation of the FDCPA," this "rendered the action removable based on federal question jurisdiction," within thirty days of that filing. The district court awarded Jordan her attorney fees and costs in the amount of $16,886.76 because it found that Nationstar

"did not have an objectively reasonable basis for removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005); 28 U.S.C. § 1447(c).

Nationstar filed this appeal.

**JURISDICTION AND STANDARD OF REVIEW**

We have jurisdiction to review the district court's remand order under 28 U.S.C. § 1453(c)(1), and jurisdiction to review the court's award of attorney fees pursuant to 28 U.S.C. § 1291. We review whether an action was properly remanded to the state court from which it was removed *de novo*. "Similarly, we review the 'construction, interpretation, or applicability' of CAFA *de novo*." *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 846–47 (9th Cir. 2011) (quoting *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005)). The district court's decision to award attorney fees under 28 U.S.C. § 1447(c) is reviewed for an abuse of discretion, and will be overturned if it is based on clearly erroneous findings of fact, or an erroneous determination of law. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

**DISCUSSION**

Nationstar argues that "[t]he same three reasons *Durham* cited for applying the broad interpretation of 'removable' to federal officer removals apply with equal force to CAFA removals." First, Congress and the Supreme Court have instructed that section 1453, like section 1442 in *Durham*, should be interpreted broadly in favor of removal. Second, both section 1442 and section 1453 permit a single defendant to remove without the consent of other defendants, and a

strict interpretation of "removable" would effectively eliminate single-defendant removals. *Durham*, 445 F.3d at 1253. Finally, as with section 1442, interpreting "removable" strictly would "encourage gamesmanship and defeat the policies underlying" CAFA. *Id.*

A defendant who is sued in state court may remove the action to federal court on various grounds, such as if the case presents a federal question under 28 U.S.C. § 1331, or if the requirements for diversity of citizenship are met under 28 U.S.C. § 1332. 28 U.S.C. § 1441(a), (b). Section 1446(b)(1) requires the defendant to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). The removal of class actions is also governed by section 1446. 28 U.S.C. §1453(b).

In 2005, Congress passed CAFA to permit defendants to remove class actions to federal court if they meet three requirements: there must be minimal diversity of citizenship between the parties; the proposed class must have at least 100 members; and the aggregated amount in controversy must

equal or exceed the sum or value of $5 million. 28 U.S.C. § 1332(d); Class Action Fairness Act of 2005, Pub. L. No. 109–2, § 4, 119 Stat. 4, 12 (2005). The Senate Report on CAFA explains that "[b]ecause interstate class actions typically involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit, the Committee firmly believes that such cases properly belong in federal court." S. Rep. No. 109–14, at 5; *see Dart Cherokee*, 135 S. Ct. at 554.

In *Durham*, we recognized that "there are two plausible ways to construe" the term "removable" in section 1446. The first way to interpret "removable" is as "binary—either there's some basis for removal, or there's not. . . . The second way to interpret 'removable' is to look to each ground for removal separately. Under this reading, a case does not become removable until the particular basis on which removal is sought becomes apparent from the record." *Id*.

The plaintiff in *Durham* sued Lockheed Martin in state court. *Id*. at 1249. The initial complaint made the case eligible for removal on federal enclave grounds, but Lockheed Martin chose not to remove the case at that time. *Id.* Durham's answers to the defendant's subsequent interrogatories, however, revealed that the case was also removable on federal officer grounds under section 1442(a)(1). *Id*. Lockheed Martin removed the case to federal court within thirty days of discovering this new basis for removal, but more than thirty days after the initial basis for removal had been disclosed. *Id*. We therefore addressed whether Lockheed was "entitled to a new thirty-day period to remove" the case when it discovered a basis for federal jurisdiction under section 1442(a)(1), or whether removal was untimely based on the date of the initial complaint. *Id*. at 1250.

We held that "a federal officer defendant's thirty days to remove commence when the plaintiff discloses sufficient facts for federal officer removal, even if the officer was previously aware of a different basis for removal." *Id*. at 1253. In doing so, we noted that Congress passed section 1442 in order "to protect the federal government from South Carolina's attempt to nullify federal tariff laws in the 1830s." *Id*. at 1252. We also noted that "the Supreme Court has mandated a generous interpretation of the federal officer removal statute ever since: 'It scarcely need be said that such measures are to be liberally construed to give full effect to the purposes for which they were enacted.'" *Id*. (quoting *Colorado v. Symes*, 286 U.S. 510, 517 (1932)). "We t[ook] from this history a clear command from both Congress and the Supreme Court that when federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal." *Id*. at 1252.

We recognize that we have generally "strictly construed" the requirements of removal, *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011), and that in the past, "[w]e have declined to construe CAFA more broadly than its plain language indicates," *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1018 (9th Cir. 2007). *See also Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) ("Removal statutes are to be 'strictly construed' against removal jurisdiction."); *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) ("In general, removal statutes are strictly construed against removal."). However, we are persuaded that the Supreme Court's recent decision in *Dart Cherokee* makes clear that the "federal officer" category we identified in *Durham* as an

exception to the strict construction of removal statutes must now be expanded to include CAFA claims.[2]

In *Dart Cherokee*, the Supreme Court addressed "[w]hether a defendant seeking removal to federal court is required to include evidence supporting federal jurisdiction in the notice removal, or [whether] alleging the required 'short and plain statement of the grounds for removal' [is] enough." 135 S. Ct. at 552–53. There, the defendant removed a case from state to federal court under CAFA, alleging that the three elements triggering CAFA jurisdiction were present. *Id*. at 552–53. The plaintiff argued, and the district court agreed, that the notice of removal was "deficient as a matter of law" because it included "no evidence" proving that the amount in controversy exceeded $5 million. The district court remanded the action to state court, and the Tenth Circuit denied review. *Id*. at 552. The Supreme Court reversed, noting that,

> In remanding the case to state court, the District Court relied, in part, on a purported 'presumption' against removal. . . . We need not here decide whether such a presumption is proper in mine-run diversity cases. It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of

---

[2] We are not bound by our court's prior rulings on this issue because the Supreme Court's decision in *Dart Cherokee* "undercut[s] the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). This obviates the need for en banc reconsideration that would otherwise be required in our circuit. *See id*.

certain class actions in federal court. See *Standard Fire Ins. Co.*, 568 U.S.[ —, —], 133 S. Ct.[ 1345,] 1350 [(2013)] ("CAFA's primary objective" is to "ensur[e] 'Federal court consideration of interstate cases of national importance.'" (quoting § 2(b)(2), 119 Stat. 5)); S. Rep. No. 109-14, p. 43 (2005) (CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

*Id*. at 554. Jordan urges us to ignore this statement as mere "dicta" incapable of "negat[ing] the Ninth Circuit's long-applied general rule of strict construction against removal" of class actions. Jordan further argues that "the passage quoted from the Senate Report in *Dart Cherokee* specifically referenced § 1332(d) subject matter jurisdiction," not removal procedure under section 1446, and therefore cannot serve as a basis for extending the *Durham* presumption in favor of removal to the CAFA context.

We disagree. Even though *Dart Cherokee* focused primarily on how specifically the "amount in controversy" requirement must be asserted in a defendant's removal notice under CAFA, the Supreme Court left no doubt "that no antiremoval presumption attends cases involving CAFA." 135 S. Ct. at 554. This declaration is bolstered by the Court's reference to Congress's "overall intent . . . to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications." S. Rep. No. 109–14, at 35. Jordan's alternative argument that any presumption in favor of removal expressed in *Dart Cherokee* and the Senate Report on CAFA applies only to section 1332, and not to removal

procedure under section 1446, is also unavailing. In *Durham*, we specifically addressed the "clear command from both Congress and the Supreme Court . . . to interpret section 1442 broadly in favor of removal," and then recognized the need to "extend section 1442's liberal interpretation to section 1446." *Durham*, 445 F.3d at 1253. Similarly, Congress and the Supreme Court have instructed us to interpret CAFA's provisions under section 1332 broadly in favor of removal, and we extend that liberal construction to section 1446. A case becomes "removable" for purposes of section 1446 when the CAFA ground for removal is disclosed.

Applying our holding to the facts of this case, we conclude that Nationstar's removal under CAFA was timely, and that the action therefore properly belongs in federal court. Jordan filed her initial complaint on April 3, 2012. The only basis for removal at that time was under section 1331 for alleged violations of the FDCPA. On May 9, 2014, the state court certified Jordan's proposed class. Not until June 3, 2014, when Jordan specified in her answers to Nationstar's interrogatories that the total amount in controversy exceeded $25 million, did the case become removable under CAFA. Two days later on June 5, 2014, Nationstar removed the case to federal court. Nationstar's removal was timely.

We turn, finally, to the district court's award of attorney's fees and costs to Jordan. A district court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of [improper] removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. At the time the district court entered its

order, *Dart Cherokee* had not yet been decided, and our case law still suggested that removal procedure under CAFA should be strictly construed. Understandably, the district court concluded that Nationstar did not have a reasonable basis for seeking removal. However, because we now hold that Nationstar's removal under CAFA was timely, the district court's award of attorney fees to Jordan must be reversed.

## CONCLUSION

In light of the Supreme Court's clear statement in *Dart Cherokee* that Congress intended for no antiremoval presumption to attend CAFA cases, we hold that a case becomes "removable" for purposes of section 1446 when the CAFA ground for removal is first disclosed. Nationstar's notice of removal was therefore timely. The judgment of the district court is **REVERSED**, and the case is **REMANDED** to the district court for proceedings consistent with the views expressed in this opinion. The pending motion is denied as moot. Each party shall bear its own costs on appeal.