Clay M. Gatens
Jeffers, Danielson, Sonn & Aylward, P.S.
P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX
Attorneys for Plaintiffs

[Additional Counsel Appear on
Signature Page]

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAURA ZAMORA JORDAN, as her separate estate, and on behalf of others similarly situated, | ) NO. 2:14-CV-00175-TOR |
| | ) |
| | ) PLAINTIFF'S MOTION FOR PARTIAL |
| | ) SUMMARY JUDGMENT |
| Plaintiffs, | ) |
| | ) CLASS ACTION |
| vs. | ) |
| | ) **Note on Motion Calendar:** |
| NATIONSTAR MORTGAGE, LLC, a Delaware Limited liability company, | ) **September 2, 2015** |
| | ) **Without Oral Argument[1]:** |
| | ) |
| Defendant. | ) |

[1] At the direction of the Court, Plaintiff has filed this motion without oral argument for this motion and Defendant's pending Motion for Partial Summary Judgment currently scheduled for July 30, 2015, at 1:30 p.m. Notwithstanding the filing of Plaintiff's motion without oral argument, Plaintiff does request oral argument on her motion.

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page No.**

I.     UNDISPUTED FACTS ................................................................. 1

II.    INTRODUCTION ...................................................................... 2

III.   RELIEF SOUGHT ..................................................................... 3

IV.    ARGUMENT ........................................................................... 3

    A.    The Borrower's Post-Default Consent is Required to Engage
         in Self-Help ............................................................................. 3

         1.    Possession is Unlawful Without the Borrower's
              Post-Default Consent ................................................... 4

         2.    Even if the Entry Provision Grants Entry and not
              Possession, the Borrower's Post-Default Consent is
              Still Required ................................................................ 8

    B.    Absent Consent, Court Permission is Required to Enforce the
         Self-Help Portion of the Entry Provision ............................. 10

         1.    RCW ch. 7.60 Is the Exclusive Remedy for Gaining
              Possession, Dominion, or Control over a Non-Consenting
              Borrower's Property During Foreclosure ..................... 11

              a.    Comprehensiveness of the remedy provided by
                    Chapter 7.60 ...................................................... 12

              b.    The purpose of Chapter 7.60 ........................... 13

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

        c.     The origin of the statutory right ........................................ 14

C.    Public Policy Supports Compliance with Washington Law
When Conducting Self-Help ................................................................ 16

    1.    Consent of the Borrower or Appointment of a Receiver
is Practical, Streamlined, and Cost-Effective ............................ 16

          a.     The Borrower's Interest.................................................... 18

          b.     The Public's Interest........................................................ 18

          c.     The Lender's Interest....................................................... 19

V.    CONCLUSION ................................................................................. 19

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

# TABLE OF AUTHORITIES

Page No.

## STATE CASES

*Bakke v. Columbia Valley Lumber Co.*,
    49 Wn.2d 165, 298 P.2d 849 (1956) ............................................... 8

*Complaint, Illinois v. Safeguard Properties, LLC*,
    No. 2013CH20715 (Ill. Cir. Ct. Sep. 3, 2013) ................................. 19

*Howard v. Edgren*,
    62 Wn.2d 884, 385 P.2d 41 (1963) ................................................. 7

*Potter v. Wash. State Patrol*,
    165 Wn.2d 67, 196 P.3d 691 (2008) ............................................... 11

*Showalter v. City of Cheney*,
    118 Wn. App. 543, 76 P.3d 782 (2003) ........................................... 8

*State v. Superior Court for King County*,
    161 Wash. 550, 297 P. 774 (1931) ............................................. 14, 15

## STATE STATUTES

RCW 7.28.230 ............................................................................... 5

RCW 7.60.015 ......................................................................... 12, 15

RCW 7.60.025 ............................................................................ 12

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

RCW 7.60.035(2) ................................................................................................ 15

RCW 7.60.055 .................................................................................................... 14

**OTHER AUTHORITIES**

7A Am. Jur. Legal Forms § 94:56 (2d ed. 2015) ................................................ 8

18 Wash. Prac., Real Estate, § 18.30 (2d ed. 2015) .......................................... 6

B. An. S.B. 6189, 58th Leg. 2d Reg. Sess. (Wash. March 2, 2004) ............. 13, 14

*Black's Law Dictionary* (10th ed. 2014) .......................................................... 6

H.R. Amend. S.B. 6189, 58th Leg., 2d Reg. Sess. (March 5, 2004) ............... 14

Restatement (Second) of Property: Mortgages, § 4.1(b) (1997) ..................... 5

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

# I.    UNDISPUTED FACTS

Nationstar forcibly enters borrowers' homes in Washington State when the borrower is in default and Nationstar determines that the home is vacant.  *See* ECF No. 3-8 at ¶¶3-22.  Upon entry, Nationstar removes the borrowers' locks and installs its own locks and lock box upon the borrowers' homes. *See* ECF No. 3-8 at ¶¶3-22. Nationstar conducts these forcible entries and lock changes without any attempt to gain the borrowers' post-default consent and without supervision of the court. *See* ECF No. 3-8 at ¶¶3-22.  Rather, Nationstar relies solely upon a provision embedded in the form deed of trust securing the borrowers' homes, which reads in relevant part as follows:

> If (a) Borrower fails to perform the covenants and agreements in this Security Instrument . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property . . . . Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off.

("Entry Provision"). ECF No. 45 at 19.

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

Plaintiff Laura Zamora-Jordan challenges the actions of Nationstar in reliance on the Entry Provision and Nationstar defends its actions.

## II. INTRODUCTION

Nationstar's previously filed summary judgment motion relative to the Entry Provision misunderstands Jordan's specific challenge to Nationstar's actions. Jordan does not contend that the Entry Provision is unenforceable in its entirety and can never be acted upon. Rather, Jordan contends that the self-help portion of the Entry Provision can be acted upon *so long as* Nationstar obtains either the post-default consent of the borrower or the permission of a court.

The self-help portion of the Entry Provision reads as follows:

> …entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off.

("Self-Help") ECF No. 45 at 19.

Jordan contends that the Entry Provision relied upon by Nationstar is valid and enforceable *to the extent* that Nationstar complies with Washington law when effectuating the Self-Help portion of the Entry Provision. Prior to engaging in the

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
Page 2

Self-Help, Washington law requires a lender to either 1) get the borrower's post-default consent or 2) obtain permission of the court to conduct the Self-Help through a receiver. Accordingly, when Nationstar conducts the Self-Help contained in the Entry Provision without either the borrower's post-default consent or permission of the court, Nationstar violates Washington law.

## III.    RELIEF SOUGHT

Ms. Jordan requests an order determining that Washington law requires Nationstar to obtain the borrower's post-default consent or permission from a court in order to conduct Self-Help activities upon a borrower's home prior to completion of a foreclosure.

## IV.    ARGUMENT

### A.    The Borrower's Post-Default Consent is Required to Engage in Self-Help

In order for Nationstar to lawfully act upon the Self-Help portion of the Entry Provision in Washington State it must either obtain the post-default consent of the borrower or obtain permission from a court. In so doing, Nationstar will not only render moot the claims it faces surrounding pre-foreclosure possession of borrowers'

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

properties, Nationstar will also render the Entry Provision it relies upon entirely enforceable, will comport with the requirements of Freddie and Fannie Mac, and will meet the public policy concerns it so strenuously argues for.

1. Possession is Unlawful Without the Borrower's Post-Default Consent

Nationstar goes to great lengths to color its actions as something other than possession. Nationstar's arguments fail as a matter of Washington law and fail as a matter of common sense.

Indeed, the undisputed facts satisfy **Nationstar's own definition of possession**: "for purposes of this case, 'possession' requires physical control of property to the exclusion of others…." ECF No. 60 at 4. Physical control is met when Nationstar maintains its locks on a borrower's home – *even when* the borrower demands removal of the locks.[2] Exclusion of others is met both by the locks themselves and the signs

---

[2] *See* Decl. of Gatens in Support of Plaintiff's Motion for Partial Summary Judgment (Decl. Gatens) at ¶2, Exhibit 1.

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

that Nationstar posts on the property directing that it be contacted for entry and no "unauthorized" persons will be granted access.[3]

Notwithstanding the above, the issue of possession – whether it be a plain language interpretation of the Entry Provision language itself or an interpretation of Nationstar's actions in reliance upon the Entry Provision language – is mooted if Nationstar simply obtains the borrower's post-default consent prior to entering the borrower's home and performing Self-Help. Said another way, it is the gaining of the borrower's post-default consent that gives lawful effect to the Entry Provision and Nationstar's Self-Help actions.

The borrower's consent to Self-Help cannot be given prior to default because it is well established in Washington that a borrower cannot give a right of possession to a lender *prior to* a default. *See* RCW 7.28.230*;* Restatement (Second) of Property: Mortgages, § 4.1(b) (1997) ("Any agreement, whether in a mortgage or not, that grants the mortgagee, as mortgagee, the right to possession in the future is unenforceable…."). No such prohibition, however, abides *after* a default has occurred

_____

[3] *Id*. at Exhibit 2.

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

as evidenced by the common practice of a borrower granting a lender a deed-in-lieu of foreclosure after default.[4]  Accordingly, independent of whether the Entry Provision's language or Nationstar's actions constitute possession (they do), the Entry Provision is nonetheless enforceable *so long as* Nationstar obtains the borrowers' post-default consent to the Self-Help taken by Nationstar under the Entry Provision.

Requiring the borrower's post-default consent is also consistent with the overall interpretation of the national form deed of trust that Nationstar relies upon because the form deed of trust expressly requires compliance with applicable state law:

> This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located.  All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law.

ECF No. 3-5 at Exhibit 19 ¶ 16.

---

[4] *See e.g.*, *Black's Law Dictionary*, Deed (10th ed. 2014) (defining "deed in lieu of foreclosure" as "[a] deed by which a borrower conveys fee-simple title to a lender in satisfaction of a mortgage debt and as a substitute for foreclosure."); 18 Wash. Prac., Real Estate, § 18.30 (2d ed. 2015) ("The deed in lieu of foreclosure is a common transaction….")

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Page 6

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

As such, the above-referenced "requirement" relative to the Entry Provision is that Nationstar act in accordance with Washington law and the "limitation" is that Self-Help not be acted upon absent the borrower's post-default consent.

Relatedly, in the context of a form deed of trust's compliance with Washington law, the form deed of trust provided by the Washington State Bar Association for use by Limited Practice Officers does *not* contain any form of entry provision upon a default.[5]

Lastly, Nationstar's argument (ECF No. 60 at 4-6) that the "reasonable or appropriate" verbiage found in the Entry Provision saves the provision fails because Washington forbids a lender from possessing a borrower's property prior to default *even when* the borrower has abandoned the property. *Howard v. Edgren*, 62 Wn.2d 884, 885, 385 P.2d 41 (1963). As such, it does not matter if it is "reasonable or appropriate" to take possession of the borrower's property under the Entry Provision – the lender simply cannot do it absent the borrower's post-default consent (or permission of the court, as discussed below).

---

[5] *See* Decl. Gatens at ¶4, Exhibit 3.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
Page 7

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

## 2. Even if the Entry Provision Grants Entry and not Possession, the Borrower's Post-Default Consent is Still Required

Even if the Court accepts the argument that the Entry Provision permits entry and not possession, Nationstar must still get the borrower's post-default consent for entry because the "limited license" that Nationstar contends grants it permission to enter the borrower's property and perform the Self-Help is not assignable to Nationstar.

If the Entry Provision truly is only a limited right of entry to conduct the Self-Help, then it is by definition a license because it allows for entry onto the property of another for one or more specific purposes. *See Showalter v. City of Cheney*, 118 Wn. App. 543, 548, 76 P.3d 782 (2003) ("A license authorizes the doing of some act or series of acts on the land of another….").

In Washington, however, a license to enter the property of another "is revocable and **nonassignable**." *Bakke v. Columbia Valley Lumber Co*., 49 Wn.2d 165, 170, 298 P.2d 849 (1956) (emphasis added); 7A Am. Jur. Legal Forms § 94:56 (2d ed. 2015) ("[A] license in real property is a personal, revocable, and nonassignable privilege to

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

do one or more acts on real property without possessing any interest in such property.").

This well-established precedent is fatal to Nationstar's argument that the Entry Provision grants Nationstar a right of entry via a so-called "limited license." To the extent any license was given by the class members, this license was given only to the original lender, and not to Nationstar or its agents.

Rather than concede that licenses are not assignable, however, Nationstar represents to this Court that, "while a 'bare' license is revocable *and* non-assignable, a license coupled with an interest is not." ECF No. 60 at 7 (emphasis added). Nationstar cites to five cases from other jurisdictions in support of this assertion. ECF No. 60 at 7. However, not a single one of those cases held that a license coupled with an interest renders a license *assignable*. Those cases held that the license was merely non-revocable.

Under Washington law, Nationstar's "limited license" theory of the Entry Provision fails. The borrower alone has the authority to assign a license. Because Nationstar is merely a loan servicer and not the original lender, none of the over 3,600 class members have ever granted or assigned a license for Self-Help to Nationstar.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
Page 9

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

Nationstar could remedy this problem by simply obtaining a license in its favor as part of its post-default servicing procedures. However, it fails to do so and conducts non-consensual property "entries" that neither Nationstar nor its agents have a legal right to conduct.

**B.      Absent Consent, Court Permission is Required to Enforce the Self-Help Portion of the Entry Provision**

Nationstar will likely assert that when a borrower is in default it is unable to locate or communicate with the borrower to obtain post-default consent. This is untrue because Nationstar is routinely in communication with borrowers post-default but prior to conducting a lock change.[6]

However, even if Nationstar is unable to get the borrower's post-default consent, there is a "comprehensive, streamlined, and cost-effective procedure" created by the Washington Legislature specifically for the purpose of allowing a lender to protect its interests in real property during a foreclosure absent consent of the borrower. This procedure is codified by RCW ch. 7.60 and is the exclusive remedy available to

---

[6] Decl. Gatens at ¶5, Exhibits 4–27.

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

Nationstar when it wants to engage in Self-Help without the borrower's post-default consent.

       1.    <u>RCW ch. 7.60 Is the Exclusive Remedy for Gaining Possession, Dominion, or Control over a Non-Consenting Borrower's Property During Foreclosure</u>

In Washington, "[i]f a remedy provided by statute is exclusive, the statute implicitly abrogates all common law remedies within the scope of the statute." *Tacoma Auto Mall, Inc., v. Nissan North America, Inc.*, 169 Wn. App. 111, 125, 297 P.3d 487 (2012). To determine whether a statutory remedy is exclusive, the court must first examine the language and provisions of the statute in question. *Id.* A statute may include an exclusivity provision. However, **the absence of such an exclusivity provision does not defeat the case for preemption**. *See Id.* "If the language of the statute is inconclusive, the court may look to other manifestations of legislative intent," such as "the comprehensiveness of the remedy provided by the statute, the purpose of the statute, and the origin of the statutory right." *Potter v. Wash. State Patrol*, 165 Wn.2d 67, 79–80, 84, 196 P.3d 691 (2008).

Here, RCW ch. 7.60 does not contain an "exclusivity provision." However, "other manifestations of legislative intent" including the "comprehensiveness of the

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

remedy provided by the statute, the purpose of the statute, and the origin of the statutory right" demonstrate that the Legislature intended Chapter 7.60 to be the exclusive remedy for beneficiaries seeking to "take charge" of a property that is subject to an nonjudicial foreclosure proceeding. RCW 7.60.015; *see also* RCW 7.60.025.

### a. *Comprehensiveness of the remedy provided by Chapter 7.60*

That RCW ch. 7.60 does not provide a comprehensive remedy cannot be reasonably argued. In enacting the statute, the legislature set forth an exhaustive list of <u>forty</u> scenarios in which a receiver should be appointed. RCW 7.60.025(1)(a)-(mm). This list is so comprehensive that it explains when receivers may be appointed in an action by the department of licensing "with respect to persons engaged in the business of dispensing of hearing aids." *Id.* at (1)(m). The legislature would not have set forth such specific, comprehensive provisions governing receiverships without intending those provisions to represent the exclusive avenue for exercising receiver powers; nor could the legislature have intended to empower the court with such specificity while still intending private parties to exercise receiver powers without supervision. RCW ch. 7.60 provides a comprehensive remedy.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
Page 12

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

b. _The purpose of Chapter 7.60_

The purpose of RCW ch. 7.60 is expressly stated:

> The purpose of this act is to create more comprehensive, streamlined, and cost-effective procedures applicable to proceedings in which property of a person is administered by the courts of this state **for the benefit of creditors** and other persons having an interest therein.

Receiverships, ch. 165, sec. 1, 2004 Wash. Sess. Laws 591, 591 (emphasis added).

To further that expressly-stated purpose, the Legislature granted courts "the **exclusive** jurisdiction to determine **all controversies** relating to the collection, **preservation**, application, and distribution **of all the property**" to which a receiver may statutorily control. RCW 7.60.055. Nationstar's claim of a right to unilaterally determine and control property "preservation" activities directly contradicts the Legislature's intent that the court have the "exclusive jurisdiction" relating to "preservation" of the property.

Further, it was the Legislature's intent in virtually rewriting RCW ch. 7.60 in its entirety in 2004 to abrogate all receivership law not consistent with the 2004 reinvention: "Other provisions regarding receivers and receiverships are included, and duplicative, inconsistent and archaic statutes are repealed." B. An. S.B. 6189, 58th

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

Leg. 2d Reg. Sess. (Wash. March 2, 2004). The statute's purpose demonstrates the legislature's intent to provide an exclusive remedy in enacting RCW ch. 7.60.

   c.   *The origin of the statutory right*

The legislature provides a history of RCW ch. 7.60:

> [Prior to 2004, RCW ch. 7.60 consisted] of five relatively short sections, most of which were originally enacted over 150 years ago. Over time, there have been numerous statutes enacted throughout the code that authorize the appointment of a receiver under various circumstances. In addition, courts have developed some case law addressing some issues of receiverships that are not explicitly addressed in the statutes.

*Id.*

The 2004 version of RCW ch. 7.60 was "not intended to be a radical change from how receiverships [were] operating under [pre-2004] law"; but rather "a codification of case law." H.R. Rep. S.B. 6189, 58th Leg., 2d Reg. Sess. (Wash. March 5, 2004). Thus the origin of the statutory right demonstrates the legislature's intent to codify prior common receivership law into a modern, streamlined, comprehensive and exclusive statute.

Since "time immemorial," Washington courts have had exclusive jurisdiction and authority over the appointment of receivers. *State v. Superior Court for King*

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

*County*, 161 Wn. 550, 554, 297 P. 774 (1931). Here, the Self-Help provisions which purportedly permit Nationstar and its agents to "take charge" of plaintiffs' homes grants Nationstar those powers exclusively enjoyed by a custodial receiver. RCW 7.60.015 (appointed to "take charge" of "specific property").

Moreover, the Self-Help provisions bestow on Nationstar custodial receiver powers in direct contravention of Washington's receivership statute. RCW 7.60.035(2) ("a person **may not** be appointed as a receiver if … the person … [i]s a party to the action, … secured or unsecured creditor, … of holder of an equity interest in … the property … or … [h]as an interest materially adverse to the interest of persons to be affected by the receivership generally") (emphasis added). The legislature did not intend to permit private litigants to wield such statutorily defined power without court approval and in violation of Washington law.

As the text, purpose, and comprehensive nature of RCW ch. 7.60 indicates, the legislature intended statutory receivership to be the exclusive method of exercising receiver powers. Allowing private parties to use contracts to create their own procedures would allow for infinite procedures pertaining to receiver powers, controverting the statutory intent. Accordingly, the Self-Help provisions in the Deed of

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

Trust are enforceable only to the extent that they require the appointment of a receiver pursuant to RCW ch. 7.60—the exclusive remedy for lenders and servicers desiring to "take charge" of property subject to a deed of trust of which they are a beneficiary.

**C.    Public Policy Supports Compliance with Washington Law When Conducting Self-Help**

Public policy is best served when lenders are prevented from engaging in Self-Help absent the post-default consent of the borrower or supervision of the court.  This is true because the borrower, the public, *and* the lender all gain important protections when these conditions are met and enforced.

1.    <u>Consent of the Borrower or Appointment of a Receiver is Practical, Streamlined, and Cost-Effective</u>

Nationstar laments that appointing a receiver is not practical. ECF No. 60 at 8:10.  As an initial matter, this argument fails because it does not even address the most practical approach available to Nationstar: a call or letter to the borrower asking for their consent.  If a borrower truly has abandoned their home and has no further interest in it there is little reason to think the borrower would not grant consent to Nationstar to conduct its Self-Help.  Making this minimal effort is the most expedient and cost-effective option available – Nationstar just elects not to pursue it.

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

Absent the borrower's consent, RCW ch. 7.60 is available to Nationstar. Tellingly, Nationstar's primary complaint against RCW ch. 7.60 is that it would require "lenders to resort to such an expensive, time-consuming, and uncertain remedy…." ECF No. 60 at 10:2. No authority, however, is cited in support of this claim. Moreover, this self-serving claim directly contradicts the Washington Legislature's express purpose in enacting RCW ch. 7.60 to provide a "comprehensive, streamlined, and cost-effective procedure" for a lender concerned with the security of its collateral during a foreclosure. Receiverships, ch. 165, sec. 1, 2004 Wash. Sess. Laws 591, 591 ("The purpose of this act is to create more comprehensive, streamlined, and cost-effective procedures applicable to proceedings in which property of a person is administered by the courts of this state for the benefit of creditors and other persons having an interest therein.").

The importance of utilizing the appointment of a receiver cannot be understated because the receivership process affords necessary protections to *all* parties affected by the foreclosure: the borrower, the public, and the lender.

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

### a. *The Borrower's Interest*

The borrower's interest is protected because borrowers are provided with notice and an opportunity to object to Self-Help occurring on their property. This is critical to protect against the very abuses that are present in this case, as well as nationally, involving lenders, loan servicers, and property preservation companies. For example, a 2014 Audit Report from the Federal Housing Agency Office of Inspector General on Pre-Foreclosure Property Inspections concluded that lenders and loan servicers "do not have quality controls in place to obtain reasonable assurance that pre-foreclosure property inspection information is accurate, consistent, and complete." Fed. Hous. Fin. Agency, Office of Inspector Gen., *FHFA Oversight of Enterprise Controls Over Pre-Foreclosure Property Inspections*, AUD-2014-012 (2014).

### b. *The Public's Interest*

The public's interest is protected because consent or judicial supervision will prevent harm to communities whose members are already struggling financially, only to have their homes broken into, in some cases their personal property stolen, and in all cases their lives dramatically disrupted.

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

The public's interest in preventing these abuses is illustrated by the recent suit filed by the Illinois Attorney General against a national pre-foreclosure property inspection company alleging that the company unlawfully removed legal occupants from their homes by breaking into an occupied house, locking the occupants out of their homes, removing their personal property, and shutting off utilities in the home. *Complaint, Illinois v. Safeguard Properties, LLC,* No. 2013CH20715 (Ill. Cir. Ct. Sep. 3, 2013). These are the same abuses that are present here.

c.      <u>The Lender's Interest</u>

Lenders, like Nationstar, also have a vested interest in acting upon the Entry Provision and engaging in Self-Help only in compliance with state laws because doing so will insulate them from claims from borrowers. Simply gaining the consent of the borrower or utilizing the receivership statute is undoubtedly less expensive, less time-consuming, and less uncertain than facing litigation on behalf of the thousands of borrowers that have been – and continue to be – subjected to Self-Help by Nationstar.

## V. CONCLUSION

For the reasons stated above and in Jordan's Response to Nationstar's Motion for Partial Summary Judgment, the Court should grant this motion and hold that -

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

absent a borrower's post-default consent or permission of the court - Nationstar's Self-

Help actions under the Entry Provision violate Washington law.

RESPECTFULLY SUBMITTED AND DATED this 14th day of July, 2015.

TERRELL MARSHALL DAUDT
& WILLIE PLLC


By: __/s/ Michael D. Daudt, WSBA #25690__
Michael D. Daudt, WSBA #25690
Attorneys for Plaintiffs
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 350-3528
Email: mdaudt@tmdwlaw.com

JEFFERS, DANLIELSON, SONN
& AYLWARD, P.S.


By: __/s/ Clay M. Gatens, WSBA #34102__
Clay M. Gatens, WSBA #34102
Attorneys for Plaintiffs
2600 Chester Kimm Road
P.O. Box 1688
Wenatchee, Washington 98807-1688
Telephone: (509) 662-3685
Facsimile: (509) 662-2452
Email: ClayG@JDSALaw.com

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
Page 20

<u>CERTIFICATE OF SERVICE</u>

I, Michael D. Daudt, hereby certify that on July 14, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John A. Knox, WSBA #12707
Email:  jknox@williamskastner.com
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, Washington  98101-2380
Telephone: (206) 628-6600
Facsimile:  (206) 628-6611

Jan T. Chilton, *Admitted Pro Hac Vice*
Andrew W. Noble, *Admitted Pro Hac Vice*
Email:  jtc@severson.com
Email:  awn@severson.com
SEVERSON & WERSON, P.C.
One Embarcadero Center, 26th Floor
San Francisco, California  94111
Telephone:  (415) 677-3344
Facsimile:  (415) 956-0439

*Attorneys for Defendant*

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

DATED this 14th day of July, 2015.

TERRELL MARSHALL DAUDT
& WILLIE PLLC


By:    /s/ Michael D. Daudt, WSBA #25690
       Michael D. Daudt, WSBA #25690
       Attorneys for the Plaintiffs
       936 North 34th Street, Suite 300
       Seattle, Washington  98103-8869
       Telephone:  (206) 816-6603
       Facsimile:  (206) 350-3528
       Email:  mdaudt@tmdwlaw.com

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX