UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAURA ZAMORA JORDAN, as her separate estate, and on behalf of others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company,<br><br>                    Defendant. | NO: 2:14-CV-0175-TOR<br><br>ORDER CERTIFYING QUESTIONS TO WASHINGTON SUPREME COURT |

On July 30, 2015, this Court heard oral argument on Nationstar's Motion for Partial Summary Judgment (ECF No. 45) and Plaintiff's Motion for Partial Summary Judgment (ECF No. 61).

Finding that the instant motions present questions of state law that have not been clearly determined by either the Washington Supreme Court or the Washington appellate courts and that answers to these questions are necessary to

ORDER CERTIFYING QUESTIONS TO WASHINGTON SUPREME COURT ~ 1

dispose of these motions, this Court, upon its own motion, certifies to the Washington Supreme Court several questions of law.

## DISCUSSION

RCW chapter 2.60 governs the procedure for a federal court to certify a question of state law to the Washington Supreme Court:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of [Washington] in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

RCW 2.60.020.[1] Certification is particularly appropriate when the state law issue is especially complex and presents significant policy implications. *Perez-Farias v. Glob. Horizons, Inc.*, 668 F.3d 589, 593 (9th Cir. 2011); *see also Keystone Land & Dev. Co. v. Xerox Corp.*, 353 F.3d 1093, 1097 (9th Cir. 2003) (holding that certification is appropriate where an unsettled issue of law, if clarified definitively,

---

[1] Pursuant to the Washington Rules of Appellate Procedure, "[t]he Supreme Court may entertain a petition to determine a question of law certified to it under the Federal Court Local Law Certificate Procedure Act if the question of state law is one which has not been clearly determined and does not involve a question determined by reference to the United States Constitution." Wash. R. App. P. 16.16(a).

ORDER CERTIFYING QUESTIONS TO WASHINGTON SUPREME COURT ~ 2

would have "far-reaching effects" on those subject to Washington law). As noted by the Supreme Court, the certification procedure, when appropriately invoked, saves "time, energy, and resources and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). Such a procedure "may be invoked by a federal court upon its own motion or upon the motion of any interested party in the litigation involved." RCW 2.60.030(1).

Here, the parties' cross-motions for partial summary judgment present complex issues of state law, which have significant policy implications and will have far-reaching effects on those in Washington. Put succinctly, this Court has been asked to decide whether so-called Entry Provisions within the deeds of trust of Plaintiff and other class members are enforceable under Washington law absent post-default consent of the borrower or permission from a court. Nationstar contends the Provisions—akin to a limited license or similar non-possessory interest in land—merely grant the lender the ability to enter, maintain, and secure the encumbered property and that such conduct does not constitute possession in violation of Washington's lien theory of mortgages. Ms. Jordan, on the other hand, contends the Entry Provisions unlawfully deprive a borrower of her exclusive right to possession prior to foreclosure and that the borrower cannot agree by contract to relinquish such a right prior to default. Instead, Ms. Jordan asserts that the lender

ORDER CERTIFYING QUESTIONS TO WASHINGTON SUPREME COURT ~ 3

either must obtain post-default consent of the borrower or a court-appointed receiver pursuant to RCW chapter 7.60.

Because of the complexity of the state law issues presented in the parties' cross-motions for partial summary judgment and their significant policy implications, this Court finds that the Washington Supreme Court, which has not had occasion to settle these issues, "is better qualified to answer the certified questions in the first instance." *See Perez-Farias*, 668 F.3d at 593 (alteration omitted). Further, this Court finds the Washington Supreme Court's answers are "necessary . . . in order to dispose of [this] proceeding." RCW 2.60.020.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

The undisputed material facts are as follows:

In 2007, Ms. Jordan bought a home in Wenatchee, Washington, and, like other class members, secured her home loan by signing a deed of trust. ECF No. 3-5 at 54-69. Homecomings Financial was the original lender named in the deed of trust, *id.* at 54; however, it subsequently assigned the loan to Fannie Mae, ECF Nos. 46 ¶ 11; 59 ¶ 2. The deed of trust contains the following provision, which

permits the lender[2] to enter, maintain, and secure the property after the borrower's default or abandonment:

> 9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

---

[2] Pursuant to the terms of the deed of trust, "[t]he covenants and agreements of [t]he Security Instrument shall bind . . . and benefit the successors and assigns of Lender." ECF No. 3-5 at 63.

ECF No. 3-5 at 61.  The deed of trust contains another provision discussing the borrower's obligation to preserve, maintain, and protect the property.  *Id.* at 60.  This provision allows the lender "or its agent [to] make reasonable entries upon and inspections of the property" but only if the lender has reasonable cause and first gives the borrower notice.  *Id.*  These two provisions comprise the so-called "Entry Provisions."

Ms. Jordan made her last loan payment in December 2010 and subsequently went into default.  ECF No. 3-3 ¶ 7.  In March 2011, Nationstar—whom Fannie Mae had hired to service the loan in 2008, *id.* ¶ 3—hired a vendor to perform an exterior inspection of Ms. Jordan's property and the vendor preliminarily determined that it was vacant.[3]  ECF Nos. 3-5 at 46, 48; 3-8 ¶ 10 (citing ECF No. 3-8 at 6-8).  Nationstar then ordered entry of Ms. Jordan's property.  ECF No. 3-8 ¶¶ 11-12.  The vendor changed the lock on the front door and posted the following notice:

> NOTICE[:] THIS PROPERTY WAS FOUND TO BE UNSECURE OR VACANT.  In protection of the interest of the owner as well as the mortgagee, and in accordance with the terms of this mortgage, the property has been secured against entry by unauthorized persons to prevent possible damage.  The key will be available to the owner of the property or their representative only.

---

[3] The parties dispute whether Ms. Jordan had actually abandoned or otherwise vacated her home when Nationstar ordered entry.  ECF Nos. 62 ¶ 12; 67 at 3.

ORDER CERTIFYING QUESTIONS TO WASHINGTON SUPREME COURT ~ 6

ECF No. 63-1 at 6, 9. The Notice also provided Ms. Jordan a name and telephone number to contact "for further information." *Id.*

Ms. Jordan subsequently called the number, obtained the key, and re-entered her home. ECF No. 3-5 at 11-14. Ms. Jordan removed her possessions from the home the next day, returned the key to the lock box, and vacated the property. *Id.* at 15, 20. Nationstar's vendors have since winterized the property and maintained its lawn. ECF No. 3-8 ¶ 18.

On April 3, 2012, Ms. Jordan filed her Complaint in Chelan County Superior Court against Nationstar Mortgage, LLC, alleging numerous state law causes of action, including trespass, breach of contract, violation of the Washington Consumer Protection Act, as well as violation of the Fair Debt Collection Practices Act ("FDCPA"). [4] ECF No. 2-4. Nationstar subsequently removed the case to this Court. [5] ECF No. 1.

---

[4] Ms. Jordan subsequently filed a First and Second Amended Complaint alleging these same claims and seeking class action relief. ECF Nos. 2-13; 2-19.

[5] On September 9, 2014, this Court remanded proceedings to the Chelan County Superior Court, finding that Nationstar's removal was untimely. ECF No. 18. On April 1, 2015, the Ninth Circuit reversed and remanded this decision in light of a

ORDER CERTIFYING QUESTIONS TO WASHINGTON SUPREME COURT ~ 7

The parties then filed cross motions for partial summary judgment on two similar, but distinguishable, legal issues.[6] Nationstar's motion asked the Court to hold as a matter of law that the so-called Entry Provisions within the deed of trust are enforceable under Washington law. ECF No. 45 at 8-9. Ms. Jordan's motion, on the other hand, asked the Court to hold as a matter of law that, before the lender can lawfully act upon the Entry Provisions, the lender is first required to obtain the borrower's post-default consent or permission from a court. ECF No. 61 at 3.[7]

## QUESTIONS OF LAW

"[The Washington Supreme Court does] not consider the legal issues in the abstract but instead consider[s] them based on the certified record that the federal court provides." *Bradburn v. N. Cent. Reg'l Library Dist.*, 168 Wash. 2d 789, 799

---

recent Supreme Court ruling instructing courts to interpret the provisions of the Class Action Fairness Act broadly in favor of removal. ECF No. 39.

[6] Whether Nationstar's vendors actual activities exceeded the scope of the lender's permission, relevant for Plaintiff's trespass claims, is a question of fact not yet before the Court.

[7] Nationstar also moved for summary judgment on Ms. Jordan's individual Fair Debt Collection Practices Act ("FDCPA") claim. ECF No. 45 at 23-24. Ms. Jordan conceded that summary judgment should be entered on this claim. ECF No. 57 at 19. This Court dismissed this claim in a separate order.

(2010).  "Once the court has decided to rule on a certified question pursuant to RCW 2.60.020, the ruling is not advisory but resolves actual issues pending in the federal proceeding and will be legal precedent in all future controversies involving the same legal question."  *Gray v. Suttell & Assocs.*, 181 Wash. 2d 329, 337 (2014).

The Court certifies the following questions of law:

(1) Under Washington's lien theory of mortgages and RCW 7.28.230(1), can a borrower and lender enter into a contractual agreement prior to default that allows the lender to enter, maintain, and secure the encumbered property prior to foreclosure?

(2) Does RCW chapter 7.60, Washington's statutory receivership scheme, provide the exclusive remedy, absent post-default consent by the borrower, for a lender to gain access to an encumbered property prior to foreclosure?

This Court's framing of the questions is not intended to restrict the Washington Supreme Court's consideration of any issues it determines are relevant.  *See Keystone*, 353 F.3d at 1098.  This Court further acknowledges that the Washington Supreme Court may, in its discretion, reformulate the questions if it decides to answer these certified questions.  *Perez-Farias*, 668 F.3d at 589.

**ACCORDINGLY, IT IS ORDERED:**

1. This Court **CERTIFIES** the above questions of law.

2. Further proceedings in this Court are **STAYED** pending the Washington

ORDER CERTIFYING QUESTIONS TO WASHINGTON SUPREME COURT ~ 9

Supreme Court's decision whether it will accept review, and if so, the proceedings will remain stayed pending receipt of the answers to the certified questions.

3.  If the Washington Supreme Court accepts review of the certified questions, this Court designates Ms. Jordan and others similarly situated to file the first brief.  *See* Wash. R. App. P. 16.16(e)(1).

4.  If the Washington Supreme Court accepts review of the certified questions, the parties shall file a joint status report every six months from the date of the acceptance, or more frequently if the circumstances so warrant.

5.  The District Court Executive is directed to submit to the Washington Supreme Court certified copies of this Order, the docket in the above-captioned matter, and Docket Numbers 3-3, 3-5, 3-8, 45, 46, 47, 58, 59, 60, 61, 62, 63, 66, 67, 68, and 69.  The record so compiled contains all matters in the pending cause of action material for consideration of the certified questions.  *See* RCW 2.60.010(4).

6.  The District Court Executive is further directed to enter this Order and provide copies to counsel.

**DATED** August 10, 2015



THOMAS O. RICE
United States District Judge

ORDER CERTIFYING QUESTIONS TO WASHINGTON SUPREME COURT ~ 10