UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAURA ZAMORA JORDAN, as her separate estate, and on behalf of others similarly situated, | NO: 2:14-CV-0175-TOR |
| Plaintiff, | ORDER DENYING FEDERAL HOUSING FINANCE AGENCY'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL |
| v. | |
| NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company, | |
| Defendant, | |
| and | |
| FEDERAL HOUSING FINANCE AGENCY, | |
| Intervenor. | |

BEFORE THE COURT is the Federal Housing Finance Agency's Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). ECF No. 152. This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

ORDER DENYING FEDERAL HOUSING FINANCE AGENCY'S
MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL ~ 1

## BACKGROUND

Plaintiff challenges Defendant Nationstar Mortgage, LLC's policy of taking possession of homes in default by entering and changing locks prior to foreclosure. *See* ECF No. 1-2.  On November 15, 2016, Federal Housing Finance Agency moved for partial summary judgment, *see* ECF No. 118, on the ground that the Housing and Economic Recovery Act of 2008 ("HERA")[1] preempts RCW 7.28.230, a Washington state law prohibiting lenders from pre-foreclosure property possession.  On March 9, 2017, this Court issued its Order Denying FHFA's Motion for Partial Summary Judgment (the "Order").  ECF No. 147.

FHFA now seeks final resolution from the Ninth Circuit on whether HERA broadly "prohibit[s] the application of Washington state law to claims involving Enterprise-owned deeds of trust under any theory of preemption—express, field, or conflict."  *See* ECF No. 152 at 7.  In its Order, however, the Court narrowly held that HERA does not preempt RCW 7.28.230 because (1) 12 U.S.C. § 4617(a)(7) does not expressly preempt the state statute; (2) Congress left room for state law compliance with RCW 7.28.230 as it does not conflict with the FHFA's powers; and (3) there is no conflict between HERA and RCW 7.28.230.  ECF No. 147.

---

[1]  Pub. L. 110-289, 122 Stat. 2654 (codified at 12 U.S.C. § 4501 *et seq.*).

FHFA moves the Court to certify an order for interlocutory appeal on this issue pursuant to 28 U.S.C. § 1292(b). ECF No. 152. For the reasons discussed below, the Court **DENIES** the motion.

## DISCUSSION

### A. Standard of Review

Pursuant to 28 U.S.C. § 1292(b), an otherwise non-final order may be subject to interlocutory appeal if the district court certifies, in writing, the following: (1) the order involves a "controlling issue of law," (2) the controlling issue of law is one to which there is a "substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Ninth Circuit has observed that the "the legislative history of 1292(b) indicates that this section was to be used only in *exceptional* situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (emphasis added) (citations omitted).

Here, the Court declines to certify an order for interlocutory appeal because, although the first factor is arguably satisfied, FHFA has not shown a substantial ground for a difference of opinion or that an immediate appeal may materially advance the ultimate termination of this action. Moreover, there are no "exceptional circumstances" warranting immediate appeal. *See id.*

### A. Substantial Ground for Difference of Opinion

There is substantial ground for a difference of opinion when "reasonable judges might differ." *Reese v. BP Exploration (Alaska), Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (citing *In re Cement*, 673 F.2d at 1029). However, a movant's "strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (internal quotation marks omitted). "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Id.* (internal quotation marks and citations omitted). Importantly, "interlocutory appellate jurisdiction does not turn on a prior court's having reached a conclusion adverse to that from which appellants seek relief." *Reese*, 643 F.3d at 688.

As a preliminary matter, FHFA mischaracterizes the issue as "whether HERA protects FHFA *from any state law* that infringes upon the exercise of its rights, powers, and privileges, . . . or whether it protects FHFA only from infringements by state agencies, as the Court held." ECF No. 152 at 5 (emphasis added). FHFA's portrayal is inaccurate. The issue is narrowly confined to whether HERA preempts RCW 7.28.230, specifically. *See* ECF No. 147 at 2. Likewise, the Court did not hold that HERA "protects FHFA only from infringements by state agencies." *See* ECF No. 147 (merely finding, *inter alia*, that "12 U.S.C. § 4617(a)(7) does not evince a

clear and manifest congressional intent to expressly preempt state law" and
"Congress left room in HERA for state law compliance, provided that such laws do
not conflict with FHFA's power[s]").

FHFA maintains that HERA preempts RCW 7.28.230 and there are actual and
substantial grounds for a difference of opinion.  The Court disagrees.  FHFA argues
that *City of Chicago* is a decision concerning an "identical" issue, *see* ECF No. 152 at
9, despite that it concerns FHFA's refusal to comply with a local building ordinance
(rather than impairing real property rights).  *Fed. Hous. Fin. Agency v. City of
Chicago*, 962 F. Supp. 2d 1044 (N.D. Ill. 2013).  This Court comprehensibly
explained why the facts in *City of Chicago* are distinguishable and the district court's
reasoning was unpersuasive.  *Id.*; *see also* ECF No. 147 at 15-22.  FHFA next argues
that a smattering of other cases are in "significant tension" with the Court's decision,
but each is unpersuasive for many of the same reasons the Court previously
articulated in its Order.  *See* ECF No. 147 at 11 (renouncing dicta in *Robinson v.
FHFA*, No. 7:15-cv-109-KKC, 2016 WL 4726555, at *6 (E.D. Ky. 2016), appeal
docketed, No. 16-6680 (6th Cir. Nov. 17, 2016) and *Suero v. Fed. Home Loan Mortg.
Corp.*, 2015 WL 4919999, *9 (D. Mass. 2015)); *see also Massachusetts v. FHFA*, 54
F. Supp. 3d 94, 101-02 (D. Mass. 2014) (merely speculating that the Complaint
would "likely" not withstand a preemption analysis).

The latest case to surface, *Saxton v. FHFA*, No. 15-CV-47-LRR, 2017 WL 1148279 (N.D. Iowa Mar. 27, 2017), *appeal docketed,* No. 17-1727 (8th Cir. April 4, 2017), is similarly unavailing.  *See* ECF No. 152 at 8.  There, the *Saxton*-court simply stated that "§ 4617(a)(7) specifically functions to remove obstacles to FHFA's exercise of conservator powers—*i.e.* to preserve FHFA's interests, not those of GSE shareholders."  *Saxton*, 2017 WL 1148279 at *10.  Broadly, the Court does not necessarily disagree, but dicta—peripherally articulated in the context of whether shareholders fell within a zone of interest created by 12 U.S.C. § 4617(a)(7)—is categorically *not* in tension with this Court's Order.  *See* ECF No. 147.

Even assuming arguendo that conflicting authorities exist, the FHFA's argument still fails to meet the prerequisite for granting its § 1292(b) motion because reasonable jurists could not disagree with the Court's decision given the facts here, coupled with HERA's legislative history, intent, and purpose.  *See Reese,* 643 F.3d at 688.  The standard is "not merely [whether other jurists] have already disagreed."  *Id.*

For the reasons stated herein, the Court finds that there is only one reasonable interpretation of the preemption issue and, therefore, there is no substantial ground for difference of opinion.

**B. Advancement of the Ultimate Termination of this Action.**

The Court finds that there is no possibility that an immediate interlocutory appeal may materially advance the termination of litigation.  *See* 28 U.S.C. § 1292(b).

The parties have been litigating this matter since 2012, over five years ago. See ECF No. 113 at 2-3. It originated in state court, was removed to this court, went to the Ninth Circuit once, returned to this court, went to the Washington State Supreme Court, and has now returned here. Trial is set for December 18, 2017. *See* ECF No. 151. Even if the Court granted FHFA's request for an interlocutory appeal, a trial is still necessary. Allowing an interlocutory appeal would not materially advance this litigation: even if the Ninth Circuit were to grant FHFA the relief it seeks, such a ruling could not possibly come into effect before trial has concluded and, therefore, would further disrupt the impending trial date.

Because granting certification for appeal would also not materially advance termination of litigation, FHFA's request to certify an order for interlocutory appeal is **DENIED**.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Federal Housing Finance Agency's Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (ECF No. 152) is **DENIED**.

The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** April 28, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING FEDERAL HOUSING FINANCE AGENCY'S
MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL ~ 7