UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAURA ZAMORA JORDAN, as her separate estate, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company,<br><br>Defendant,<br><br>and<br><br>FEDERAL HOUSING FINANCE AGENCY,<br><br>Intervenor. | NO. 2:14-CV-0175-TOR<br><br>ORDER DENYING INTERVENOR'S MOTION TO DISQUALITY DR. JOHN KILPATRICK AND STRIKE EVIDENCE RELATED TO HIS OPINION |

BEFORE THE COURT are Intervenor the Federal Housing Finance Agency's Motion to Disqualify Dr. John Kilpatrick and Strike Evidence Related to His Opinion (ECF No. 278) and Motion to Expedite (ECF No. 279). The Court has reviewed the record and files herein, and is fully informed.

ORDER DENYING INTERVENOR'S MOTION TO DISQUALIFY ~ 1

FHFA alleges that Dr. Kilpatrick, the damages expert for Plaintiff, should be disqualified because he remains an expert engaged by FHFA and is using a confidential AVM 2.0 developed for FHFA's exclusive use.  ECF No. 286 at 3.  A district court has broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial.  *Campbell Industries v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980).  The court may disqualify an expert if "(1) the adversary had a confidential relationship with the expert and (2) the adversary disclosed confidential information to the expert that is relevant to the current litigation."  *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1093 (N.D. Cal. 2004); *see also Koch Ref. Co. v. Jennifer L. Boudreau M/V*, 85 F.3d 1178, 1181 (5th Cir. 1996).

Here, Plaintiff concedes that a confidential relationship existed between FHFA and Dr. Kilpatrick, but only in relation to other litigation.  ECF No. 289 at 13.  According to the declaration of Dr. Kilpatrick, each AVM model has unique features and Dr. Kilpatrick used different iterations of this model in two cases for FHFA in 2015 and 2016.  ECF No. 290 at ¶¶ 5–6.  The AVM 2.0 claimed to be owned by FHFA is described in over 100 pages of written trial testimony that is not confidential and can be accessed through PACER, contrary to FHFA's assertion of confidentiality.  ECF Nos. 290 at ¶ 7; *see also* 291 (Ex. 1).  The Greenfield AVM used in this case was only used in one case for FHFA in 2016,

but Dr. Kilpatrick emphasizes that the method used here "was developed *internally* at Greenfield for use in *non*-FHFA matters before being used in [the 2016 case]." ECF No. 290 at ¶ 9. The distinguishing feature of the Greenfield AVM used in this case was developed in 2014. *Id.* at ¶ 8. Dr. Kilpatrick asserts that he has not used any analyses or reports generated pursuant to his agreement with FHFA nor has he used any data provided by FHFA to perform his calculations. *Id.* at ¶ 10.

The Court finds that Dr. Kilpatrick has not used any confidential information relevant to this litigation as he is using a different AVM not owned by FHFA. While the Greenfield AVM was used by Dr. Kilpatrick in one case for FHFA, the model was developed prior to his work with FHFA and is not the property of FHFA. The Court also notes that FHFA is mistaken when it asserted in the pretrial conference and in its supplemental brief that the AVM 2.0 is a confidential model when extensive testimony describing the model is easily accessible. ECF Nos. 286 at 4; 291. Regardless, Dr. Kilpatrick is using a different model not owned by FHFA.

Additionally, the Court acknowledges that Dr. Kilpatrick made FHFA aware of his involvement in the case as early as July 26, 2017 and counsel for Plaintiff served Dr. Kilpatrick's first report to FHFA's counsel on August 1, 2017. ECF Nos. 290 at ¶ 3; 291 at ¶ 2; 278 at 7. FHFA then had ample time to address its

1  concern over any breach of confidentiality or contract issues rather than waiting

2  until December 4, 2017 to file its motion.  ECF No. 278.

3    The Court finds that FHFA is incorrect that Dr. Kilpatrick is using the same

4  model owned by FHFA, but is using a distinguishable Greenfield model.

5  Accordingly, the Court denies FHFA's Motion to Disqualify Dr. Kilpatrick (ECF

6  No. 278), as FHFA has failed to establish that Dr. Kilpatrick has used confidential

7  information relevant to this litigation.

8  **ACCORDINGLY, IT IS HEREBY ORDERED:**

9    1.  Intervenor's Motion to Disqualify Dr. John Kilpatrick and Strike

10  Evidence Related to his Opinion (ECF No. 278) is **DENIED**.

11    2.  Intervenor's Motion to Expedite (ECF No. 279) is **GRANTED**.

12   The District Court Executive is directed to enter this Order and furnish

13  copies to counsel.

14   **DATED** December 13, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING INTERVENOR'S MOTION TO DISQUALIFY ~ 4