Beth E. Terrell, WSBA #26759
Blythe H. Chandler, WSBA #43387
Attorneys for Plaintiff and the Class
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: bterrell@terrellmarshall.com
Email: bchandler@terrellmarshall.com

[Additional Counsel Appear On Signature Page]

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAURA ZAMORA JORDAN, as her separate estate, and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company,<br><br>        Defendant,<br><br>and<br><br>FEDERAL HOUSING FINANCE AGENCY,<br><br>        Intervenor. | NO. 2:14-cv-00175-TOR<br><br>**PLAINTIFF'S SECOND MOTIONS IN LIMINE TO EXCLUDE UNTIMELY AND PREVIOUSLY UNDISCLOSED TRIAL EXHIBITS**<br><br>CLASS ACTION<br><br>**NOTED FOR CONSIDERATION: DECEMBER 18, 2017, 9:00 A.M.** |

## I. RELIEF REQUESTED

The Class requests that the Court make the following pretrial rulings:

1. Nationstar may not use at trial any summary exhibit produced to Class Counsel after December 12, 2017.

2. That Nationstar shall not be permitted to enter as an exhibit or use at trial a document entitled "Jordan – Nationstar payments made on behalf of borrowers.xls," or any similar compilation of data.

## II. BACKGROUND

The Court conducted the pretrial conference in this matter on December 7, 2017. After discussion with counsel, the Court issued a minute entry stating: "Nationstar shall provide Bates numbers and summaries of exhibits by 12/8/2017." ECF No. 284 at 1. Despite the Court's oral ruling at the conference and the Court's minute entry directing Nationstar to provide its proposed summary exhibits to Class counsel by December 8, 2017, Nationstar did not do so. Declaration of Blythe H. Chandler in support of Plaintiff's Second Motion in Limine ("Chandler Decl.") ¶ 2. Nationstar provided four proposed summary exhibits to Class Counsel on December 12, 2017. *Id.* ¶ 4. Nationstar maintains that the Court only directed it to provide the Bates numbers for its voluminous Class member loan file exhibits by December 8. *Id.* ¶ 3, Ex. 1. Class Counsel has advised Nationstar that its summary exhibits are untimely. *Id.* Nationstar has

disagreed and maintained that it may provide supplemental summary exhibits at an undisclosed time in the future. *Id.* ¶ 3, 8, Exs. 1, 3.

One of the purported summary exhibits, which Nationstar provided to Class Counsel at 4:25 p.m. on Tuesday, December 12, 2017, is entitled "Jordan – Nationstar payments made on behalf of borrowers.xls" ("Disputed Exhibit"). *Id.* ¶ 5, Ex. 2. The Disputed Exhibit contains 20,645 rows of data. *Id.* Nationstar has not provided a Bates label for the Disputed Exhibit. *Id.* ¶ 6. It is not a document that Nationstar produced to the Class in discovery. *Id.* Neither the document, nor data pertaining to "payments made on behalf of borrowers," were listed on Nationstar's initial disclosures or supplemental initial disclosures. ECF Nos. 229-1, 229-2. The document was not listed on Nationstar's Trial Exhibit List. ECF No. 246. It was not included Nationstar's list of exhibits filed with the joint proposed pretrial order. ECF No. 277-2. Class Counsel first received the document five days before trial.

Class counsel contacted counsel for Nationstar requesting to confer regarding the disputed exhibit at 1:48 p.m. on December 13, 2017. Chandler Decl. ¶ 10. Class counsel received no response prior to filing this motion. *Id.* This motion is made after the November 14, 2017 deadline for filing motions in limine, ECF No. 151 at 8, because the Class did not know last month that Nationstar would be providing voluminous exhibits days before trial.

## III. ARGUMENT

### 1. Nationstar should not be permitted to use at trial summary exhibits produced with insufficient time to review the information they purport to summarize.

Plaintiff respectfully requests that the Court enforce the deadline it set at the pretrial conference for summary exhibits. Federal Rule of Evidence 1006 permits parties to use summaries, charts, and calculations to prove the content of voluminous records. The rule requires that the proponent give an opposing party a reasonable opportunity to review the underlying voluminous data or documents. Fed. R. Evid. 1006.

The parties began discussing use of summary exhibits during a telephone conference on November 16, 2017. Chandler Decl. ¶ 9. Plaintiff produced her proposed summary exhibit to Nationstar on November 20. *Id.* Because Nationstar had not produced its proposed summary exhibits to Class Counsel before the pretrial conference, Class Counsel requested that the Court set a deadline for Nationstar to provide it summaries. The Court set a deadline of December 8, 2017. ECF No. 284. Nationstar ignored the deadline and produced summary exhibits four days later. With the exception of the Disputed Exhibit discussed below, the Class does not seek to exclude the summary exhibits already received because Class Counsel believe they can review the summary exhibits received to

date and recognize the value to all parties and the Court of using summary exhibits at trial.

However, Class Counsel will not have a reasonable opportunity to review the underlying voluminous data or documents summarized by any additional summary exhibits Nationstar may produce prior to or during trial. *See* Fed. R. Evid. 1006. Further, Nationstar should be precluded from using at trial any summary exhibits that it failed to produce in accordance with the Court's order and the schedule set by the local rules. *See* LCR 16.1 (form pretrial order calling for exhibits to be produced at least 14 days prior to trial on such other date as may be set the Court); *see also Thomas v. Stephens-Lyman*, No. 1:00-cv-05817-LJO, 2007 WL 2669497 (E.D. Cal. Sept. 7, 2007) (excluding exhibits not listed on party's exhibit list in accordance with local rule and the court's scheduling orders). Plaintiff respectfully requests an order clarifying that summary exhibits not provided to the opposing party by December 12, 2017 shall not be used or admitted at trial.

    2.    <u>The Disputed Exhibit is not a summary exhibit. It is a new data compilation that was not listed on Nationstar's initial disclosures or produced in discovery.</u>

The Disputed Exhibit does not appear to be a summary exhibit under Rule 1006. Instead, it is a new compilation of data exported from one of Nationstar's computer systems. The document does not list any other voluminous exhibits it

purports to summarize. *See* Chandler Decl., Ex. 2. In addition, it contains column header names connected by underscores similar to columns headers used in other reports produced by Nationstar from its LSAMS database. For example, column C of the spreadsheet is titled "BORR1_LAST_NAME," which is similar to column header titles included in the Class List and summary fee data produced by Nationstar. *Id.* ¶ 7.

Rule 26(a)(1)(ii) requires a party to provide in its initial disclosures "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(ii). Rule 37 gives teeth to that requirement, providing that a party who "fails to provide information . . . as required by Rule 26(a)" is "not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.").

When a party produces a new compilation of information related to damages on the eve of trial, it should be excluded. *See Yanikian v. Allstate Ins.*

1  *Co.*, No. CV 16-03030-BRO, 2017 WL 2999035, at *1–3 (C.D. Cal. June 7,
2  2017). In *Yanikian*, the plaintiff produced for the first time at the pretrial
3  conference "an inventory list detailing the age, identity and value of certain items
4  of Plaintiffs' personal property." *Id.* at *2. The plaintiff argued that the list had
5  been created for trial. *Id.* The court rejected the plaintiff's arguments and
6  excluded the previously undisclosed list under Rule 37. This Court should do the
7  same.

Based on the title given to the Disputed Exhibit by Nationstar, and Nationstar's trial brief, Nationstar likely intends to use this summary data to argue that damages to the Class should be reduced in some manner based on payments Nationstar purportedly made on Class members' behalves. Nationstar did not disclose the existence of such data in its initial disclosures. Nor does Nationstar's Answer to Plaintiff's Second Amended Complaint (ECF No. 2-20) make any claim that damages to the Class should be reduced by payments made by Nationstar. The Class has had no opportunity to question Nationstar about this data, the system in which it is maintained, its reliability, or the manner in which it was compiled. As a result, the Court should exclude the Disputed Exhibit. Fed. R. Evid. 37.

1     Further, the Disputed Exhibit is not a summary exhibit. It is new evidence that should have been listed on Nationstar's exhibit lists as required by the bench trial scheduling order and Local Rule 16.1.

    RESPECTFULLY SUBMITTED AND DATED this 14th day of December, 2017.

> TERRELL MARSHALL LAW GROUP PLLC
>
> By:   /s/ Beth E. Terrell, WSBA #26759
>     Beth E. Terrell, WSBA #26759
>     Blythe H. Chandler, WSBA #43387
>     Attorneys for Plaintiff and the Class
>     936 North 34th Street, Suite 300
>     Seattle, Washington 98103
>     Telephone: (206) 816-6603
>     Facsimile: (206) 319-5450
>     Email: bterrell@terrellmarshall.com
>     Email: bchandler@terrellmarshall.com
>
>     Clay M. Gatens, WSBA #34102
>     Michelle A. Green, WSBA #40077
>     Attorneys for Plaintiff and the Class
>     JEFFERS, DANLIELSON, SONN
>       & AYLWARD, P.S.
>     2600 Chester Kimm Road
>     P.O. Box 1688
>     Wenatchee, Washington 98807-1688
>     Telephone: (509) 662-3685
>     Facsimile: (509) 662-2452
>     Email: clayg@jdsalaw.com
>     Email: michelleg@jdsalaw.com

Michael D. Daudt, WSBA #25690
Attorneys for Plaintiff and the Class
DAUDT LAW PLLC
2200 Sixth Avenue, Suite 1250
Seattle, Washington 98121
Telephone: (206) 445-7733
Facsimile: (206) 445-7399
Email: mike@daudtlaw.com

# CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on December 14, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> John A. Knox, WSBA #12707
> Attorneys for Defendant
> WILLIAMS, KASTNER & GIBBS PLLC
> 601 Union Street, Suite 4100
> Seattle, Washington 98101-2380
> Telephone:(206) 628-6600
> Facsimile: (206) 628-6611
> Email:  jknox@williamskastner.com
>
> Andrew W. Noble, *Admitted Pro Hac Vice*
> Jan T. Chilton, *Admitted Pro Hac Vice*
> Mary Kate Sullivan, *Admitted Pro Hac Vice*
> Mark D. Lonergan, *Admitted Pro Hac Vice*
> Attorneys for Defendant
> SEVERSON & WERSON, P.C.
> One Embarcadero Center, 26th Floor
> San Francisco, California 94111
> Telephone: (415) 677-3344
> Facsimile: (415) 956-0439
> Email:  awn@severson.com
> Email:  jtc@severson.com
> Email:  mks@severson.com
> Email:  mdl@severson.com

Daniel J. Gibbons, WSBA #33036
Attorneys for Intervenor Federal Housing Finance Agency
WITHERSPOON KELLEY
422 West Riverside Avenue, Suite 1100
Spokane, Washington 99201
Telephone: (509) 624-5265
Facsimile: (509) 458-2728
Email: djg@witherspoonkelley.com

Howard N. Cayne, *Admitted Pro Hac Vice*
David B. Bergman, *Admitted Pro Hac Vice*
Asim Varma, *Admitted Pro Hac Vice*
Attorneys for Intervenor Federal Housing Finance Agency
ARNOLD & PORTER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 942-5656
Facsimile: (202) 942-5999
Email: howard.cayne@aporter.com
Email: david.bergman@aporter.com
Email: asim.varma@aporter.com

DATED this 14th day of December, 2017.

TERRELL MARSHALL LAW GROUP PLLC

By:   /s/ Beth E. Terrell, WSBA #26759
     Beth E. Terrell, WSBA #26759
     Attorneys for Plaintiff and the Class
     936 North 34th Street, Suite 300
     Seattle, Washington 98103
     Telephone: (206) 816-6603
     Facsimile: (206) 319-5450
     Email: bterrell@terrellmarshall.com

PLAINTIFF'S SECOND MOTIONS IN LIMINE TO EXCLUDE UNTIMELY
AND PREVIOUSLY UNDISCLOSED TRIAL EXHIBITS - 11
CASE NO. 2:14-CV-00175-TOR