Pamela J. DeVet, WSBA No. 32882
Kellan W. Byrne, WSBA No. 49825
Lee Smart, P.S., Inc.
701 Pike Street, Suite 1800
Seattle, WA 98101
Telephone: (206) 624-7990
Fax: (206) 624-5944
Of Attorneys for Defendant
Safeguard Properties Management, LLC

Hon. Thomas O. Rice

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON AT SPOKANE

LAURA ZAMORA JORDAN, as her separate estate, and on behalf of others similarly situated,

    Plaintiff,

vs.

NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company,

    Defendant.

and

FEDERAL HOUSING FINANCE AGENCY,

    Intervenor-Defendant.

No. 2:14-cv-00175 TOR

SAFEGUARD'S MOTION TO INTERVENE TO BE HEARD ON NATIONSTAR'S MOTION FOR ORDER DIRECTING RENEWED CLASS NOTICE, NOTICE TO BANKRUPTCY TRUSTEES AND NEW OPT OUT/IN PERIOD

April 25, 2018
With Oral Argument 1:30 PM
Phone: (206) 262-8305

SAFEGUARD'S MOTION TO INTERVENE TO RESPOND TO NATIONSTAR'S MOTION FOR ORDER DIRECTING RENEWED CLASS NOTICE, NOTICE TO BANKRUPTCY TRUSTEES AND NEW OPT OUT/IN PERIOD
2:16-cv-920 MJP
6288650

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

# I. INTRODUCTION

Safeguard Properties respectfully seeks leave to intervene in this action for the limited purpose of being heard on Nationstar's Motion for Order Directing Renewed Class Notice, Notice to Bankruptcy Trustees, and New Opt Out/In Period, Dkt. # 306.

John Bund, a class member in *Jordan v. Nationstar*, filed a separate action *Bund v. Safeguard Properties, LLC*, No. 16-cv-920 MJP, in 2015, currently pending in the Western District of Washington. Safeguard was retained by Nationstar as a property preservation company that arranged for services to be performed at Mr. Bund's property on Nationstar's behalf. Mr. Bund, represented by the same plaintiff's counsel in both actions, asserts substantially similar claims against Safeguard in that case as he does against Nationstar in this action, and Judge Marsha J. Pechman has certified a similar (but not identical) class in the *Bund* action. Thus, Mr. Bund is a member of the class in both cases, and Judge Pechman has ordered dispositive motion briefing on the legal issue of whether Mr. Bund can attempt to split his claims in this fashion.

More broadly, however, Nationstar's motion demonstrates that there could be up to 1,672 overlapping class members in the two cases purporting to assert substantially similar claims arising from the same property preservation activities performed at the same abandoned properties. To address this, Nationstar seeks to issue a second class notice in the *Jordan* matter, notifying consumers of the *Bund* matter (in which class notice has not yet issued but presumably will at some point). The relief requested by Nationstar directly impacts Safeguard's interests, which are separate and distinct from those of either Ms. Jordan, or the class she

SAFEGUARD'S MOTION TO INTERVENE TO RESPOND TO NATIONSTAR'S MOTION FOR ORDER DIRECTING RENEWED CLASS NOTICE, NOTICE TO BANKRUPTCY TRUSTEES AND NEW OPT OUT/IN PERIOD - 1
2:14-cv-00175 TOR
6288650

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

represents, or Nationstar. Should this Court grant such relief, the outcome of Nationstar's motion could impact the class notice to be provided in *Bund v. Safeguard*, as well as further proceedings in that matter. Safeguard's ability to protect its interests will be impaired or impeded, and neither Ms. Jordan nor Nationstar will adequately represent Safeguard's interests.

## II. STATEMENT OF FACTS

Counsel for Ms. Jordan has filed multiple separate actions in Washington courts asserting substantially similar claims arising from the same properties, but splitting the actions so that each case includes only a single loan servicer or property preservation company defendant. These include:

1. This case, *Jordan v. Nationstar*.

2. *Bund v. Safeguard Properties*, No. 16-920-MJP (Judge Pechman, Western District). Mr. Bund's claims against Nationstar as a class member in *Jordan v. Nationstar* involve the very same property and the very same lock change as Mr. Bund's claims against Safeguard. Nationstar represents that 1,672 class members in *Jordan v. Nationstar* will be in the same position as Mr. Bund – *i.e.*, seeking duplicate relief for the same alleged harm in both *Jordan* and in *Bund*.

Judge Pechman certified a class in *Bund v. Safeguard* in January 2018. The class in *Bund* includes properties that had a lock change performed, but excludes conversion and other claims; the class certified here is broader and includes all borrowers "whose property Nationstar or its agents deemed vacant prior to the completion of a foreclosure sale," without regard to whether Nationstar changed the locks during the class period. Dkt. # 207, p. 25. Judge

SAFEGUARD'S MOTION TO INTERVENE TO RESPOND TO NATIONSTAR'S MOTION FOR ORDER DIRECTING RENEWED CLASS NOTICE, NOTICE TO BANKRUPTCY TRUSTEES AND NEW OPT OUT/IN PERIOD - 2
2:14-cv-00175 TOR
6288650

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Pechman also ordered the parties in *Bund* to brief, by April 20, 2018, the legal issue of whether Mr. Bund can pursue his claims in *Bund* if he also is already a member of the *Jordan* class seeking the same relief for the same harm.

    2.    *Haynes v. Bank of America, NA*, Case No. 18-cv-05190-BHS (Judge Settle, Western District). Defendant Bank of America is one of Safeguard's clients, and Safeguard serviced properties for Bank of America during the time period at issue in *Haynes*. Any class certified in *Haynes*, therefore, necessarily would overlap with the class in *Bund v. Safeguard*.

    3.    *Bess v. Ocwen Loan Servicing, LLC*, Case No. 15-cv-05020-BHS, (Judge Settle, Western District). Defendant Ocwen Loan Servicing is one of Safeguard's clients, and Safeguard serviced properties for Ocwen during the time period at issue in *Bess*. Any class certified in *Bess*, therefore, necessarily would overlap with the class in *Bund v. Safeguard*.

    4.    *Rhodes v. Wells Fargo Bank, NA*, Case No. 17-cv-00093-SMJ, (Judge Mendoza, Eastern District). Wells Fargo is one of Safeguard's clients, and Safeguard serviced properties for Wells Fargo during the time period at issue in *Rhodes*. Any class certified in *Rhodes,* therefore, necessarily would overlap with the class in *Bund v. Safeguard*.

    5.    *Britton v. ServiceLink Field Services, LLC*, Case No. 18-cv-00041-TOR, (Judge Rice, Eastern District). ServiceLink is a property preservation company similar to Safeguard and, therefore, legal issues specific to preservation companies (as opposed to lenders and servicers) will have to be decided in *Britton* and may result in inconsistent rulings with issues to be decided in *Bund* including, but not limited to, whether a property preservation company like Safeguard,

SAFEGUARD'S MOTION TO INTERVENE TO RESPOND TO NATIONSTAR'S MOTION FOR ORDER DIRECTING RENEWED CLASS NOTICE, NOTICE TO BANKRUPTCY TRUSTEES AND NEW OPT OUT/IN PERIOD - 3
2:14-cv-00175 TOR
6288650

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

which retained a vendor to change a lock at the direction of a lender, can be in "possession" of a property within the meaning of the Washington Supreme Court in *Jordan v. Nationstar Mortgage, LLC*, 185 Wn. 2d 876, 374 P.3d 1195 (2016). There also may be circumstances in which both preservation companies serviced the same properties, and members of any class certified in *Britton* may overlap with the class in *Bund v. Safeguard* **and** with the classes in the lender cases (*i.e.*, *Jordan*, *Haynes*, *Bess*, and *Rhodes*)

## III. AUTHORITY AND ARGUMENT

Under Federal Rule of Civil Procedure 24, courts may grant intervention as a matter of right or, alternatively, with permission. Safeguard seeks only to intervene in the case for a limited purpose: to address its interests that could be affected by this Court's decision on Nationstar's Motion for Order Directing Renewed Class Notice, Notice to Bankruptcy Trustees, and New Opt Out/In Period, Dkt. # 306.

### A. Intervention as a Matter of Right

To intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), courts apply a four-part test. An intervenor must show that:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (quoting *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)). "While an applicant seeking to intervene has the burden to show that these four elements are

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

met, the requirements are broadly interpreted in favor of intervention." *Id.* at 897; *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) ("In general, [courts] construe Rule 24(a) liberally in favor of potential intervenors.").

### 1. Safeguard has a significant protectable interest relating to the subject of Nationstar's motion.

Nationstar represents to this Court that 1,672 class members in *Jordan v. Nationstar* – or nearly 50 percent of the *Jordan* class – may also fit the class definition in *Bund v. Safeguard*. Thus, decisions affecting those 1,672 class members duplicate claims in both cases necessarily will affect the *Bund v. Safeguard* case.

### 2. Safeguard's request to intervene is timely.

The Ninth Circuit has characterized the timeliness factor as "a flexible concept" left to the discretion of district courts. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (citation omitted). The timeliness factor for intervention as a matter of right is treated more leniently than for permissive intervention. *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (citations omitted).

To that end, courts focus on three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Smith v. Los Angeles Unified Sch. Dist.*, No. 830 F.3d 843, 854 (9th Cir. 2016) (citing *Alisal Water*, 370 F.3d at 921). A proposed intervenor bears the burden of meeting these elements, but "the requirements for intervention are [to be] broadly interpreted in favor of intervention." *Id.* at 853 (citing *Alisal Water*, 370 F.3d at 919); *see also*

SAFEGUARD'S MOTION TO INTERVENE TO RESPOND TO NATIONSTAR'S MOTION FOR ORDER DIRECTING RENEWED CLASS NOTICE, NOTICE TO BANKRUPTCY TRUSTEES AND NEW OPT OUT/IN PERIOD - 5
2:14-cv-00175 TOR
6288650

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

*Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir. 1983) (Rule 24(a) requirements are construed in favor of the applicant).

Courts must assess the totality of the circumstances "bear[ing] in mind that the crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties[,]" not the date the proposed intervenor learned of the litigation. *Smith*, 830 F.3d at 854 (citation and internal quotation omitted).

### a. Safeguard intends to intervene only to address the pending motion at this stage of the proceedings.

"Where a change of circumstances occurs, and that change is the 'major reason' for the motion to intervene, the stage of proceedings factor should be analyzed by reference to the change in circumstances, and not the commencement of the litigation." *Id.* (citation omitted). A change of circumstances that suggests the stage of the proceeding is entering a new stage "militate[s] in favor of granting the application." *Oregon*, 745 F.2d at 552 (citation omitted).

A change in circumstances in this case, not the ongoing litigation, prompts Safeguard's request to intervene for a limited purpose. It would have made little sense for Safeguard to intervene before this time because (1) no class had been certified in *Bund v. Safeguard* until after *Jordan v. Nationstar* was stayed because the parties filed their notice of settlement; and (2) the opt-out period in *Jordan v. Nationstar* had already passed. Now Nationstar seeks a second notice and second opt-out period for the class in *Jordan v. Nationstar* for those persons who may also fit the class definition in *Bund v. Safeguard*.

SAFEGUARD'S MOTION TO INTERVENE TO RESPOND TO NATIONSTAR'S MOTION FOR ORDER DIRECTING RENEWED CLASS NOTICE, NOTICE TO BANKRUPTCY TRUSTEES AND NEW OPT OUT/IN PERIOD - 6
2:14-cv-00175 TOR
6288650

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

### b. Safeguard's protection of its rights will not cause prejudice to other parties.

Whether the existing parties would be prejudiced is "the most important consideration in deciding whether a motion for intervention is untimely." *Oregon*, 745 F.2d at 552 (citation omitted). Prejudice is assessed from "that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented—and not from the fact that including another party in the case might make resolution more "difficult[ ]." *Smith*, 830 F.3d at 854 (citation omitted).

Immediately upon learning that Nationstar is seeking relief that could affect Safeguard's interests – and indeed the adjudication of issues in *Bund v. Safeguard* – Safeguard is seeking intervention. If the Court permits Safeguard to represent its own interests in relation to Nationstar's motion, the parties in *Jordan v. Nationstar* will not be prejudiced. Indeed, Safeguard has contacted counsel for both Jordan and for Nationstar. Counsel for Nationstar has consented to Safeguard being heard at the hearing of this motion; counsel for Jordan has not responded to Safeguard's repeated requests.

Safeguard is also prepared to appear and be heard at the telephonic hearing scheduled for April 25, 2018, so as not to disrupt the hearing time already scheduled by this Court. Given the short period available, however—and three substantial briefs already due to Judge Pechman on April 20 and 23, 2018—Safeguard will not have time to make a written filing in advance of the April 25 hearing but would at least like the opportunity to be heard. With the Court's indulgence, of course, and given the seriousness of the issues to be addressed and the potential impact on thousands of consumers, Safeguard believes that a short

SAFEGUARD'S MOTION TO INTERVENE TO
RESPOND TO NATIONSTAR'S MOTION FOR
ORDER DIRECTING RENEWED CLASS NOTICE,
NOTICE TO BANKRUPTCY TRUSTEES AND NEW
OPT OUT/IN PERIOD - 7
2:14-cv-00175 TOR
6288650

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

adjournment and a live hearing would be preferable to a telephonic conference; Safeguard understands that Nationstar does not oppose a live hearing and counsel for plaintiff has not responded to Safeguard's repeated requests.

### c. Safeguard has not delayed its request to intervene for the protection of its interests.

"Delay is measured from the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties" but delay is not determinative. *United States v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996). "[A]ny substantial lapse of time weighs heavily against intervention." *Id.* Yet, a "mere lapse of time, without more, is not necessarily a bar to intervention." *Alisal Water*, 370 F.3d at 921.

Safeguard acted swiftly when it learned that Nationstar was requesting this Court to provide a second notice and opt-out period for nearly 2,000 class members who may fit the *Bund v. Safeguard* class definition. When Ms. Jordan and Nationstar notified this Court they had reached a settlement in December 2017, Dkt. # 297, Judge Pechman had not decided Mr. Bund's motion for class certification. When Judge Pechman did certify a class in January 2018, the *Jordan v. Nationstar* case was to all outward appearances going to be settled. When Ms. Jordan and Nationstar asked this Court to reschedule trial, neither publicized an intent to ask this Court to provide a second notice or opt-out period to class members in this case who might also fit the class definition in *Bund v. Safeguard*. In short, before now, Safeguard had no reason to intervene in this case to protect its interest. Given the current posture of *Jordan*, and the half-dozen cases now pending with potentially overlapping classes and interests (but

SAFEGUARD'S MOTION TO INTERVENE TO RESPOND TO NATIONSTAR'S MOTION FOR ORDER DIRECTING RENEWED CLASS NOTICE, NOTICE TO BANKRUPTCY TRUSTEES AND NEW OPT OUT/IN PERIOD - 8
2:14-cv-00175 TOR
6288650

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

before four different judges in two U.S. Districts), Safeguard believes that is critical to implement either formal or informal coordination strategies to avoid the obvious potential for inconsistent ruling and double recoveries.

### 3. The disposition of Nationstar's motion, as a practical matter, may impair or impede Safeguard's ability to protect its interests.

Nationstar seeks relief that could directly affect the makeup of the class in *Bund v. Safeguard*, and the conduct of that case going forward. Safeguard cannot protect its interests in *Bund v. Safeguard* absent intervention in *Jordan v. Nationstar* at this time.

### 4. Ms. Jordan and Nationstar will not adequately represent Safeguard's interest.

In determining whether an applicant's interests will be adequately represented by an existing party, courts consider the following:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Berg*, 268 F.3d at 822 (citation omitted). "The prospective intervenor bears the burden of demonstrating that the existing parties may not adequately represent its interest." *Id*. at 822-23 (citation omitted). However, this burden is generally "minimal" and can be satisfied if the applicant demonstrates that representation by existing parties "may be" insufficient. *Id*. at 823 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528 n.10 (1972)).

"The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties." *Arakaki v.*

SAFEGUARD'S MOTION TO INTERVENE TO RESPOND TO NATIONSTAR'S MOTION FOR ORDER DIRECTING RENEWED CLASS NOTICE, NOTICE TO BANKRUPTCY TRUSTEES AND NEW OPT OUT/IN PERIOD - 9
2:14-cv-00175 TOR
6288650

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

*Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citation omitted). "Where an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996) (citations and internal quotation marks omitted). However, an "intervenor can rebut that presumption only with a 'compelling showing' to the contrary." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 951 (9th Cir. 2009) (citing *Arakaki*, 324 F.3d at 1086).

Ms. Jordan and the class she represents do not share Safeguard's interests. In fact, up to 1,672 are potentially class members suing Safeguard in *Bund*. The posture of this case pits Ms. Jordan's interests, and the class's interest, directly against Safeguard's interests.

Nor can Nationstar adequately represent Safeguard's interests in this motion. Since it is black letter law that the same consumer cannot recover for the same injury arising from the same property from two different defendants in two different cases, Nationstar and Safeguard are necessarily adverse with regard to overlapping membership in the classes against each of them (*i.e.*, if Mr. Bund prevails in his suit against Nationstar, he cannot sue Safeguard, and vice versa). To be clear, for a variety of legal and factual reasons—all being litigated before Judge Pechman in a motion to dismiss and motion for partial summary disposition on legal issues to be filed on April 20—Safeguard does not believe that it bears **any** liability either to Mr. Bund or to any *Jordan* or *Bund* class member. But while these issues are being litigated and resolved, Safeguard does have an overriding interest in fostering coordination and clarity out of the half-dozen putative class actions with overlapping claims, class members, and

SAFEGUARD'S MOTION TO INTERVENE TO RESPOND TO NATIONSTAR'S MOTION FOR ORDER DIRECTING RENEWED CLASS NOTICE, NOTICE TO BANKRUPTCY TRUSTEES AND NEW OPT OUT/IN PERIOD - 10
2:14-cv-00175 TOR
6288650

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

defendants irresponsibly filed by plaintiffs' counsel in a half dozen different actions in this State.

### B.    Permissive Intervention

A district court, in its discretion, may grant permissive intervention under Rule 24(b)(1) where an applicant shows the following: (1) there exists independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense has a question of law or a question of fact in common with the underlying action. *Perry*, 587 F.3d at 955 (citation omitted). Even where an applicant-intervenor meets these requirements, a court may also consider other factors, such as "the nature and extent of the intervenors' interest and whether the intervenors' interests are adequately represented by other parties." *Perry*, 587 F.3d at 955 (citation and internal quotation marks omitted). "In exercising its discretion, [a] court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

There exist independent grounds for this Court's jurisdiction – *Bund v. Safeguard* is already proceeding in the U.S. District Court for the Western District of Washington. Safeguard's motion to intervene is timely, as it closely follows the motion Nationstar filed. Safeguard's defense in the *Bund v. Safeguard* matter has questions of law and fact in common with this action. As described above, Safeguard's interests are not adequately represented by the parties to this action.

SAFEGUARD'S MOTION TO INTERVENE TO RESPOND TO NATIONSTAR'S MOTION FOR ORDER DIRECTING RENEWED CLASS NOTICE, NOTICE TO BANKRUPTCY TRUSTEES AND NEW OPT OUT/IN PERIOD - 11
2:14-cv-00175 TOR
6288650

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

## IV. CONCLUSION

For the reasons set forth above, Safeguard requests leave to intervene in this action for the limited purpose of representing its interests in responding to Nationstar's motion, Dkt. # 306.

Respectfully submitted this 13th day of April, 2018.

LEE SMART, P.S., INC.


By:/s *Pamela J. DeVet*
Pamela J. DeVet, WSBA No. 32882
Kellan W. Byrne, WSBA No. 49825
Of Attorneys for Defendant
Safeguard Properties Management, LLC
Lee Smart, P.S., Inc.
701 Pike Street, Suite 1800
Seattle, WA 98101
206-624-7990
pjd@leesmart.com
kwb@leesmart.com[1]

---

[1] Lead counsel for Safeguard in this matter is Leonid Feller of Kirkland & Ellis LLP, who is licensed in the states of Illinois and Michigan and has been admitted *pro hac vice* in the Western District of Washington in the *Bund* case. If the Court grants this motion, undersigned counsel will file a *pro hac* motion on Mr. Feller's behalf in this matter.

SAFEGUARD'S MOTION TO INTERVENE TO RESPOND TO NATIONSTAR'S MOTION FOR ORDER DIRECTING RENEWED CLASS NOTICE, NOTICE TO BANKRUPTCY TRUSTEES AND NEW OPT OUT/IN PERIOD - 12
2:14-cv-00175 TOR
6288650

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

# CERTIFICATE OF SERVICE

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

Mr. Clay Gatens
Mr. H. Lee Lewis
Ms. Devon A. Gray
Jeffers, Danielson, Sonn & Aylward, P.S.
2600 Chester Kimm Road
Wenatchee, WA 98801-811
clayg@jdsalaw.com
leel@jdsalaw.com
DevonG@jdsalaw.com

Mr. Michael D. Daudt
DAUDT LAW PLLC
2200 Sixth Avenue, Suite 1250
Seattle, Washington 98121
mike@daudtlaw.com

Ms. Beth E. Terrell
Ms. Blythe H. Chandler
Terrell Marshall Law Group PLLC
936 N. 34th Street, Suite 300
Seattle, WA 98103-8869
bterrell@terrellmarshall.com
bchandler@terrellmarshall.com

Mr. Leonid Feller
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

SAFEGUARD'S MOTION TO INTERVENE TO
RESPOND TO NATIONSTAR'S MOTION FOR
ORDER DIRECTING RENEWED CLASS NOTICE,
NOTICE TO BANKRUPTCY TRUSTEES AND NEW
OPT OUT/IN PERIOD - 13
2:14-cv-00175 TOR
6288650

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

leonid.feller@kirkland.com

Daniel J. Gibbons
WITHERSPOON KELLEY
422 West Riverside Avenue, Suite 1100
Spokane, Washington 99201
djg@witherspoonkelley.com

John A. Knox
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
jknox@williamskastner.com

Mark D. Lonergan (admitted pro hac vice)
Mary Kate Sullivan (admitted pro hac vice)
Jan T. Chilton (admitted pro hac vice)
Andrew W. Noble (admitted pro hac vice)
SEVERSON & WERSON, PC
One Embarcadero Center, 26th Floor
San Francisco, CA 94111
mdl@severson.com
mks@severson.com
jtc@severson.com
awn@severson.com

Amy Chia-Chi Teng
Attorney Generals Office – Seattle
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
amyt2@atg.wa.gov

Asim Varma
David B. Bergman
Howard N. Cayne
Arnold & Porter LLP

SAFEGUARD'S MOTION TO INTERVENE TO
RESPOND TO NATIONSTAR'S MOTION FOR
ORDER DIRECTING RENEWED CLASS NOTICE,
NOTICE TO BANKRUPTCY TRUSTEES AND NEW
OPT OUT/IN PERIOD - 14
2:14-cv-00175 TOR
6288650

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

601 Massachusetts Avenue NW
Washington, DC 20001
david.bertman@aporter.com
asim.varma@aporter.com
howard.cayne@aporter.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge.

DATED this 13th day of April, 2018 at Seattle, Washington.

LEE SMART, P.S., INC.


By:/s *Pamela J. DeVet*
Pamela J. DeVet, WSBA No. 32882
Of Attorneys for Defendant
Safeguard Properties Management, LLC
Lee Smart, P.S., Inc.
701 Pike Street, Suite 1800
Seattle, WA 98101
206-624-7990
pjd@leesmart.com

SAFEGUARD'S MOTION TO INTERVENE TO RESPOND TO NATIONSTAR'S MOTION FOR ORDER DIRECTING RENEWED CLASS NOTICE, NOTICE TO BANKRUPTCY TRUSTEES AND NEW OPT OUT/IN PERIOD - 15
2:14-cv-00175 TOR
6288650

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944