1  Beth E. Terrell, WSBA #26759
   Blythe H. Chandler, WSBA #43387
2  Attorneys for Plaintiff and the Class
   TERRELL MARSHALL LAW GROUP PLLC
3  936 North 34th Street, Suite 300
   Seattle, Washington 98103
4  Telephone: (206) 816-6603
   Facsimile: (206) 319-5450
5  Email: bterrell@terrellmarshall.com
   Email: bchandler@terrellmarshall.com
6
7  [Additional Counsel Appear on Signature Page]

8              UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF WASHINGTON
9

10 LAURA ZAMORA JORDAN, as her
   separate estate, and on behalf of others      NO. 2:14-cv-00175-TOR
   similarly situated,
11                                                **PLAINTIFF'S RESPONSE TO
                    Plaintiff,                    DEFENDANT NATIONSTAR'S
12                                                MOTION FOR ORDER
          v.                                      DIRECTING RENEWED CLASS
13                                                NOTICE, NOTICE TO
   NATIONSTAR MORTGAGE, LLC, a                    BANKRUPTCY TRUSTEES
   Delaware limited liability company,           AND NEW OPT OUT/IN
14                                                PERIOD**
                    Defendant,
15                                                CLASS ACTION
          and
16
   FEDERAL HOUSING FINANCE
   AGENCY,
17
                    Intervenor.
18

19

20

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................1

II. ARGUMENT ..............................................................................1

   A.  Notice to bankruptcy trustees is unnecessary ....................................1

   B.  A second class notice is unnecessary and will only cause confusion .................................................................3

   C.  Nationstar should pay the costs of any additional notice.................10

III. CONCLUSION ........................................................................12

# <u>TABLE OF AUTHORITIES</u>

**Page**

*Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*,
    No. 15-cv-6314-YGR, 2017 WL 1806583 (N.D. Cal. May 5, 2017) .........5

*Chartschlaa v. Nationwide Mut. Ins. Co.*,
    538 F.3d 116 (2d Cir. 2008) ......................................................................2

*Cooper v. Fed. Reserve Bank of Richmond*,
    467 U.S. 867 (1984) .................................................................................1

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*,
    No. CV 13-5693 PSG, 2016 WL 6953462 (C.D. Cal. June 16, 2016) .....11

*Hunt v. Imperial Merchant Servs., Inc.*,
    560 F.3d 1137 (9th Cir. 2009) ................................................................10

*In re Andrews*,
    Nos. EC-13-1385 *et al.*,
    2014 WL 2547808 (9th Cir. BAP June 5, 2014).......................................2

*In re Equity Funding Corp. of Am. Secs. Litig.*,
    603 F.2d 1353 (9th Cir. 1979) ..................................................................5

*In re Helms*,
    467 B.R. 374 (W.D.N.C. 2012) ................................................................2

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008).....................................................5

*In re Orthopedic Bone Screw Products Liab. Litig.*,
    176 F.R.D. 158 (E.D. Pa. 1997) ...............................................................6

*In re Phenylpropanolamine (PPA) Products Liab. Litig.*,
    227 F.R.D. 553 (W.D. Wash. 2004)..........................................................6

*Keulbs v. Hill*,
    615 F.3d 1037 (8th Cir. 2010) ...................................................................3

*Lee v. Enterprise Leasing Co.-West*,
    No. 3:10-cv-003256-LRH-WGC,
    2014 WL 4801828 (D. Nev. Sept. 22, 2014) ..........................................11

*Mansfield v. Air Line Pilots Association International*,
    No. 06 C 6869, 2009 WL 2601296 (N.D. Ill. Aug. 20, 2009) ...................8

*Stair v. Thomas & Cook*,
    254 F.R.D. 191 (D.N.J. 2008) ...................................................................8

*Sullivan v. Kelly Servs., Inc.*,
    No. C 08-3893 CW, 2011 WL 31534 (N.D. Cal. Jan. 5, 2011) ...............11

*Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*,
    322 F.3d 1064 (9th Cir. 2003) ...................................................................2

*U.S. v. Deaconess Med. Ctr. Empire Health Serv.*,
    140 Wash.2d 104 (2000) ............................................................................2

**FEDERAL RULES**

Fed. R. Civ. P. 23(d)(1)(B) ..................................................................................8

**STATE STATUTES**

RCW 4.22.070(1)(b) ............................................................................................4

**OTHER AUTHORITIES**

William B. Rubenstein, Newberg on Class Actions (5th ed. 2018) ..........3, 4, 6, 8

16 Wash. Prac., Tort Law & Pract. § 13:29 (4th ed. 2017) ..................................7

PLAINTIFF'S RESPONSE TO DEFENDANT NATIONSTAR'S MOTION
FOR ORDER DIRECTING RENEWED CLASS NOTICE, NOTICE TO
BANKRUPTCY TRUSTEES AND NEW OPT OUT/IN PERIOD - 4
CASE NO. 2:14-CV-00175-TOR

# I.  INTRODUCTION

Nationstar's motion should be denied. It is not necessary to send notice to bankruptcy trustees because the possibility of Nationstar being held liable to both a class member and the trustee of his or her bankruptcy is remote. There is also no reason to provide supplemental notice to class members about the partially overlapping class in *Bund v. Safeguard Properties, LLC*, W.D. Wash. No. 2:16-cv-00920-MJP. The plaintiffs in both cases—and their counsel—share the common objective of maximizing class members' recovery from Nationstar and Safeguard so there are no conflicts. None of Nationstar's speculative concerns warrants sending the confusing notice Nationstar proposes.

## II. ARGUMENT

**A.**     **Notice to bankruptcy trustees is unnecessary.**

Nationstar urges the Court to direct notice to the bankruptcy trustees of any class members who filed Chapter 7 bankruptcy after their claims accrued because "Nationstar is entitled to Rule 17(a)'s protection against being held liable twice for the same damages—once to the current class member, and again to his or her bankruptcy trustee." Motion at 3. But there is little risk of that happening. "Basic principles of res judicata (merger and bar or claim preclusion) and collateral estoppel (issue preclusion) apply" in class actions. *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984). Courts have found that "a non-party who

1  has succeeded to a party's interest in property is bound by a prior judgment

2  against the party." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional*

3  *Planning Agency*, 322 F.3d 1064, 1082 (9th Cir. 2003) (citation omitted); *see also*

4  *U.S. v. Deaconess Med. Ctr. Empire Health Serv.*, 140 Wash.2d 104, 111 (2000).

5  For purposes of asserting a cause of action vested in the bankruptcy estate, the

6  trustee is in privity with the debtor and subject to the same defenses. *See In re*

7  *Andrews*, Nos. EC-13-1385 *et al.*, 2014 WL 2547808, at *8 (9th Cir. BAP June 5,

8  2014); *Stanley v. Trinchard*, 500 F.3d 411, 418 (5th Cir. 2007). As a result, "if the

9  doctrines of collateral estoppel and res judicata would prevent the debtor from

10  asserting a claim, the trustee is also bound." *In re Helms*, 467 B.R. 374, 384

11  (W.D.N.C. 2012); *see also In re Andrews*, 2014 WL 2547808, at *8-13.

12  If the Court orders notice to bankruptcy trustees, the Court should first

13  direct Nationstar to ensure the accuracy of its data. Plaintiff found 31 lock

14  changes that occurred *after* the date of dismissal of the class member's

15  bankruptcy in Nationstar's bankruptcy data. These class members should not be

16  included. In addition, a class member's cause of action against Nationstar may

17  not have become part of the bankruptcy estate if it accrued after she filed her

18  bankruptcy petition. *See Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116,

19  122 (2d Cir. 2008). And if a class member disclosed her cause of action against

20  Nationstar on her bankruptcy schedule, the claim may have been abandoned by

1  the trustee and reverted to the class member. *See id.* Nationstar cannot presume

2  that the trustee is the real party in interest for every class member who filed a

3  bankruptcy petition.

4  In addition, Nationstar's request that the Court dismiss the claims of class

5  members who filed bankruptcy petitions if the trustee does not respond to the

6  notice is contrary to established class action law. *See* William B. Rubenstein, 3

7  Newberg on Class Actions § 9:48 (5th ed. 2018) ("The default rule in class

8  actions is that a class member is included in the class unless she excludes herself;

9  a court cannot, therefore, adopt the reverse rule—that only class members who

10  include themselves are part of the class."). Nationstar cites no authority to support

11  its novel contention that bankruptcy trustees standing in the shoes of class

12  members should be treated differently. *Keulbs v. Hill* did not involve a class

13  action; instead, the Eighth Circuit held that the court has no power to allow an

14  individual case to continue when the plaintiff becomes incompetent unless a

15  motion to substitute the real party in interest is filed. 615 F.3d 1037, 1042-43 (8th

16  Cir. 2010). Because this class action *is* being prosecuted by a real party in

17  interest—Ms. Jordan—*Keulbs* does not apply.

18  **B.      A second class notice is unnecessary and will only cause confusion.**

19  Nationstar argues that a supplemental class notice is necessary based on its

20  speculative concerns about partially overlapping classes in this case and *Bund v.*

*Safeguard Properties, LLC*, W.D. Wash. No. 2:16-cv-00920-MJP. Safeguard is one of the four national vendors Nationstar hired to change locks and perform "property preservation" measures on borrowers' homes. The *Bund* case was filed on October 9, 2015, nearly a year before the Court ordered the distribution of notice in this case. The certified classes in this case and *Bund* include some common members but do not completely overlap.

There is nothing unusual about overlapping classes or separate cases involving claims arising from common events. As Professor Rubenstein explains, "it is not uncommon to find pending simultaneously in different federal or state courts a number of individual suits and class actions based on the same events and transactions." 3 Newberg § 10:33. Nationstar's purported concerns about class members' interests—a classic example of the fox guarding the henhouse—are unfounded. Class Counsel and the class representatives in both cases are pursuing the same goal: obtaining maximum recovery for class members from each defendant.

Nationstar and Safeguard are jointly and severally liable to the overlapping class members, who may recover damages from either defendant, or both. *See* RCW 4.22.070(1)(b). Nationstar cites the *Bund* court's reference to the possibility of double recovery (an issue that does not impact class members' rights). Another court rejected this argument because "the risk of double recovery can be easily

1  addressed, if necessary, by providing [the defendant] with an offset against any

2  recovery that the [the overlapping class members] obtain in their litigation."

3  *Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*, No. 15-cv-6314-YGR, 2017

4  WL 1806583, at *8 (N.D. Cal. May 5, 2017). Courts are experienced in

5  apportioning damages among defendants and applying offsets. There is nothing

6  unique about doing so in this case should the need arise. *See In re Equity Funding*

7  *Corp. of Am. Secs. Litig.*, 603 F.2d 1353, 1363-67 (9th Cir. 1979) (affirming

8  settlement that included an offset for certain class members who "had already

9  received a varying degree of partial recovery for those losses which formed the

10  basis of their claims in the securities litigation" from a bankruptcy action).

11      It is also not uncommon for some class members to recover more than

12  others because their damages are greater or because their claims are stronger. *See,*

13  *e.g., In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1045 (N.D. Cal. 2008)

14  ("It is reasonable to allocate the settlement funds to class members based on the

15  extent of their injuries or the strength of the claims on the merits."). It is too soon

16  to speculate about how a damages award or settlement fund would be distributed

17  but, as in any class action, this Court and the *Bund* Court will oversee any

18  distributions and ensure that they are fair to all class members.

19      No court has ruled on Nationstar's cursory argument that the collateral

20  estoppel doctrine will apply to a judgment in this case and fix the amount of

reasonable rental value damages that the common class members may recover from Safeguard. If Nationstar's supposition proves true, there is nothing unfair or remarkable about application of the well-established doctrine to the determination of damages for class members who have had a full and fair opportunity to litigate the issue in this case.

Nationstar contends that the overlapping classes make settlement "considerably more difficult now." ECF No. 306 at 7. But settlements with some but not all liable parties are a regular occurrence in individual and class cases, and courts and counsel are experienced in addressing any related issues. *See* 4 Newberg § 13:24 ("It is not unusual that a settlement will be reached between class counsel and one, but not all, of the defendants."). The cases may ultimately be resolved by a joint settlement, separate settlements, or trials. In class settlements with fewer than all liable parties, the settlement agreements sometimes include provisions protecting non-settling defendants' rights when their contribution and indemnity claims are released. *See, e.g., In re Orthopedic Bone Screw Products Liab. Litig.*, 176 F.R.D. 158, 181 (E.D. Pa. 1997) (approving a settlement agreement that barred non-settling defendants' contribution and indemnity claims but also provided for set-off and judgment reductions in class members' cases against non-settling defendants); *see also In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 227 F.R.D. 553, 566 (W.D.

Wash. 2004) (approving a settlement over the objection of non-settling defendants to a bar order that added language giving the non-settling defendants the right to apply to the court for relief).[1]

Finally, Nationstar suggests that the motion for preliminary injunction the plaintiffs filed in *Bund* seeks relief that would impact class members in this case. The *Bund* plaintiffs moved for an order requiring Safeguard to notify borrowers who still own their properties of their right to exclusive possession and offer to provide them exclusive access to their properties. Nationstar fails to explain what "intra-class conflicts" will be created if the *Bund* court orders such relief. Some class members' damages may to cease to accrue.[2] But the amount of every class member's damages is in part a function of how long the class member was

---

[1] Nationstar says that a settlement with Safeguard will release claims against Nationstar, but that is only true if the court finds the release appropriate based on factors like whether Nationstar is being sued solely on the basis of vicarious liability (it is not). *See* 16 Wash. Prac., Tort Law & Pract. § 13:29 (4th ed. 2017).

[2] Plaintiff agrees that if a class member declined an offer to have Nationstar's locks removed from the class member's property, it would be evidence that the class member gave post-default consent to Nationstar's possession as of that date and that fair market rental value damages would cease to accrue.

wrongfully dispossessed of his or her home. As for the speculation that a class member might ask why Ms. Jordan and class counsel did not seek a preliminary injunction here, that strategic decision is explained by the fact that Safeguard continued to change locks in Washington after the Supreme Court's decision in this case—and continues to do so today—while Nationstar ceased the practice at once. *See* ECF No. 307-3 at 2–5.

In short, none of Nationstar's purported concerns warrants sending a supplemental notice to class members. Supplemental notice under Rule 23(d)(1)(B) is rare. *See* 3 Newberg § 8:26. The cases Nationstar cites do not support its contention that this is one of the rare cases in which it is appropriate. *Stair v. Thomas & Cook* did not involve a supplemental notice; instead, after granting class certification and summary judgment for the plaintiff, the court required the plaintiff to include in the initial notice that the damages per class member might be as low as $12.11 under the Fair Debt Collection Practices Act because the defendant's net worth was $275,000. 254 F.R.D. 191, 202, 204 (D.N.J. 2008). Damages have not yet been determined in this case.

In *Mansfield v. Air Line Pilots Association International*, the plaintiffs represented pilots formerly employed by United whose pension plan was terminated by United's bankruptcy in exchange for the proceeds of certain convertible notes. No. 06 C 6869, 2009 WL 2601296, at *1 (N.D. Ill. Aug. 20,

2009). The labor union devised a distribution plan for the note proceeds referred to as "GAP 2" that the plaintiffs alleged violated the Railway Labor Act. *Id.* The court certified "a class of United pilots active as of January 1, 2005 who would have received more from the allocation of the note proceeds under the GAP 1 methodology than under the GAP 2 methodology" used by the union. *Id.* Two years later, the plaintiffs decided to pursue three alternative distribution theories that would have caused some class members to receive less than they would have received from the GAP 1 methodology, and some would recover nothing at all. *Id.* It also turned out that some pilots who previously received notice were not in the class and some pilots who did not receive notice should have. *Id.* Since class members had been notified of the plaintiffs' proposed methodology for distributing the existing fund, the court required a supplemental notice to class members who might receive less from the plaintiffs' new distribution theories than they had been led to expect. *Id.* at *1, 3. No similar issue exists in this case.

Sending class members a second notice at this stage of the litigation will be more confusing than helpful. Nationstar's proposed notice would only increase the confusion. Class members may not know whether they are a member of the class in this case and the *Bund* class. They may not understand what they are supposed to do in response since they already received a notice and had an opportunity to exclude themselves. Section 4 of the proposed notice (entitled

"How are class members' rights affected?") demonstrates why the notice is unnecessary and only apt to confuse class members. What "rights" are affected by the speculative issues Nationstar lists? How are class members supposed to evaluate any impact on their rights based on nebulous statements about increased difficulty in settling, hypothetical concerns about distribution of benefits, and the possibility of unspecified adverse rulings? The ominous statement about an "order" in *Bund* potentially limiting some class members' recoverable damages in this case does not explain that those class members would actually benefit by regaining exclusive possession of their homes. Nationstar's notice would provide class members with no useful information and instead give them misleading information about their rights.

**C.     Nationstar should pay the costs of any additional notice.**

If the Court finds notice is necessary, Nationstar should pay for it. Courts shift the cost of providing notice to the defendant "after plaintiff's showing of some success on the merits, whether by preliminary injunction, partial summary judgment, or other procedure." *Hunt v. Imperial Merchant Servs., Inc.*, 560 F.3d 1137, 1143 (9th Cir. 2009) (citation omitted). District courts "consider the totality of the circumstances to decide whether shifting notice costs is just" in a particular case. *Id.* at 1144. And there is "no reason to suspend a district court's authority to shift notice costs based on a liability determination until after the time period for

an appeal on liability has been expired." *Id.* at 1143. Thus, "[a] district court in an appropriate case may award interim costs to a plaintiff by shifting class notice costs to a defendant even if the defendant might later be entitled to recover those costs." *Id.* at 1144.

Courts in this circuit routinely shift the cost of notice to the defendant when the defendant's liability has been established. *See, e.g., Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. CV 13-5693 PSG, 2016 WL 6953462, at *5 (C.D. Cal. June 16, 2016) ("Because there has been not only some showing, but a strong showing of success on the merits, the Court finds it appropriate to shift the costs of notice to Defendant."); *Lee v. Enterprise Leasing Co.-West*, No. 3:10-cv-003256-LRH-WGC, 2014 WL 4801828, at *2 (D. Nev. Sept. 22, 2014) ("[T]he weight of authority appears to endorse the shifting of costs to the defendant when its liability is clearly within sight."); *Sullivan v. Kelly Servs., Inc.*, No. C 08-3893 CW, 2011 WL 31534, at *1 (N.D. Cal. Jan. 5, 2011) (shifting notice costs after granting partial summary judgment for the plaintiff's favor and finding that her circumstances were typical of the class).

It is appropriate for Nationstar to pay the cost of any supplemental notice. The Court ruled that the class established liability on its common law trespass and Washington Consumer Protection Act claims for every class member whose lock Nationstar changed prior to foreclosure, short sale, cure of the default, or other

1  disposal of the property by the class member. ECF No. 262. Moreover, it is

2  Nationstar that is advocating for supplemental notice and proposes to send a five-

3  page notice to approximately 5,000 class members by first class mail—a far more

4  expensive plan than the mailed postcard notice the Court previously approved.

5  ECF No. 115. To top it off, Nationstar proposes a notice that will be more

6  confusing than beneficial and will generate many questions from class members

7  that Class Counsel will have to field.

### III.    CONCLUSION

9        Plaintiff requests that the Court deny Nationstar's motion. If the Court is

10  inclined to order supplemental notice to the bankruptcy trustees or class members,

11  Plaintiff requests that the Court order Nationstar to pay the cost of notice.

12        RESPECTFULLY SUBMITTED this 16th day of April, 2018.

13                              TERRELL MARSHALL LAW GROUP PLLC

14                              By:    /s/ Beth E. Terrell, WSBA #26759
                                      Beth E. Terrell, WSBA #26759
15                                    Blythe H. Chandler, WSBA #43387
                                      Attorneys for Plaintiff and the Class
16                                    936 North 34th Street, Suite 300
                                      Seattle, Washington 98103
17                                    Telephone: (206) 816-6603
                                      Facsimile: (206) 319-5450
18                                    Email:  bterrell@terrellmarshall.com
                                      Email:  bchandler@terrellmarshall.com

19

20

Clay M. Gatens, WSBA #34102
Michelle A. Green, WSBA #40077
Attorneys for Plaintiff and the Class
JEFFERS, DANIELSON, SONN
   & AYLWARD, P.S.
2600 Chester Kimm Road
P.O. Box 1688
Wenatchee, Washington 98807-1688
Telephone: (509) 662-3685
Facsimile: (509) 662-2452
Email: clayg@jdsalaw.com
Email: michelleg@jdsalaw.com

Michael D. Daudt, WSBA #25690
Attorneys for Plaintiff and the Class
DAUDT LAW PLLC
2200 Sixth Avenue, Suite 1250
Seattle, Washington 98121
Telephone: (206) 445-7733
Facsimile: (206) 445-7399
Email: mike@daudtlaw.com

## CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on April 16, 2018, I electronically

filed the foregoing with the Clerk of the Court using the CM/ECF system which

will send notification of such filing to the following:

John A. Knox, WSBA #12707
Attorneys for Defendant
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Telephone:(206) 628-6600
Facsimile: (206) 628-6611
Email:  jknox@williamskastner.com

Andrew W. Noble, *Admitted Pro Hac Vice*
Jan T. Chilton, *Admitted Pro Hac Vice*
Mary Kate Sullivan, *Admitted Pro Hac Vice*
Mark D. Lonergan, *Admitted Pro Hac Vice*
Attorneys for Defendant
SEVERSON & WERSON, P.C.
One Embarcadero Center, 26th Floor
San Francisco, California 94111
Telephone: (415) 677-3344
Facsimile: (415) 956-0439
Email:  awn@severson.com
Email:  jtc@severson.com
Email: mks@severson.com
Email:  mdl@severson.com

1   Daniel J. Gibbons, WSBA #33036
    Attorneys for Intervenor Federal Housing Finance Agency
2   WITHERSPOON KELLEY
    422 West Riverside Avenue, Suite 1100
3   Spokane, Washington 99201
    Telephone: (509) 624-5265
4   Facsimile: (509) 458-2728
    Email:  djg@witherspoonkelley.com
5
    Howard N. Cayne, *Admitted Pro Hac Vice*
6   David B. Bergman, *Admitted Pro Hac Vice*
    Asim Varma, *Admitted Pro Hac Vice*
7   Attorneys for Intervenor Federal Housing Finance Agency
    ARNOLD & PORTER LLP
8   601 Massachusetts Avenue, N.W.
    Washington, D.C. 20001
9   Telephone: (202) 942-5656
    Facsimile: (202) 942-5999
10  Email:  howard.cayne@aporter.com
    Email: david.bergman@aporter.com
11  Email: asim.varma@aporter.com

12  DATED this 16th day of April, 2018.

13                  TERRELL MARSHALL LAW GROUP PLLC

14                  By:    /s/ Beth E. Terrell, WSBA #26759
                        Beth E. Terrell, WSBA #26759
15                      Attorneys for Plaintiff and the Class
                        936 North 34th Street, Suite 300
16                      Seattle, Washington 98103
                        Telephone: (206) 816-6603
17                      Facsimile: (206) 319-5450
                        Email:  bterrell@terrellmarshall.com
18

19

20