UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAURA ZAMORA JORDAN, as her separate estate, and on behalf of others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company,<br><br>      Defendant,<br><br> and<br><br>FEDERAL HOUSING FINANCE AGENCY,<br><br>      Intervenor, | NO. 2:14-CV-0175-TOR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ORDER DIRECTING RENEWED CLASS NOTICE, NOTICE TO BANKRUPTCY TRUSTEES AND NEW OPT OUT/IN PERIOD |

  BEFORE THE COURT is Defendant's Motion for Order Directing

Renewed Class Notice, Notice to Bankruptcy Trustees and New Opt Out/In Period.

ECF No. 306. This matter was heard with oral argument on April 25, 2018. The

Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant's Motion for Order Directing Renewed Class Notice, Notice to Bankruptcy Trustees and New Opt In/Out Period (ECF No. 306) is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This case arises from actions taken by Defendant Nationstar Mortgage LLC ("Nationstar") affecting Washington homeowners' residential properties in default. ECF No. 2-4. In her Second Amended Complaint, Plaintiff and Class Representative Laura Zamora Jordan ("Ms. Jordan") asserted the following causes of action: trespass; intentional trespass, RCW 4.24.630; violation of the Consumer Protection Act (CPA), RCW 19.86 *et seq.*; and breach of contract. ECF No. 2-19 at 10–16. The Chelan County Superior Court certified the Class, pursuant to Washington Court Rules 23(a), 23(b)(1), and 23(b)(3). ECF No. 1-3 (Ex. C). Thereafter, Defendant removed the action to this Court. ECF No. 1. Defendants filed a Motion to Decertify Class, which the Court denied and certified a slightly different Class. ECF No. 207.

Ms. Jordan then filed a Motion for Partial Summary Judgment. ECF No. 217. The Court granted summary judgment for Class members who had their homes rekeyed prior to foreclosure under the common law trespass claim and the CPA. ECF No. 262. On December 15, 2017, the parties filed a Notice of

Settlement, but the parties were unable to reach a final settlement agreement. ECF Nos. 297; 301.

In the instant motion, Defendant moves for an order directing Plaintiff to notify Class members' bankruptcy trustees of their right to ratify, join, or be substituted into the action, and to send new class notice to Class members concerning the revised class definition and potential conflicts arising from an overlapping case. ECF No. 306 at 5.

## DISCUSSION

### I.  Bankruptcy Trustees

#### A. Proper Party in Interest

Defendant argues that the bankruptcy trustees should be given notice. ECF *Id.* In the Court's Order Granting in Part Plaintiff's Motion for Summary Judgment, the Court ruled that it was premature to dismiss a subclass who filed Chapter 7 bankruptcy petitions because the trustees of the 547 Chapter 7 bankruptcy cases have not been provided notice and an opportunity to ratify, join, or be substituted. ECF No. 262 at 12.

Defendant asserts that since the trial schedule was changed from December 2017 to July 20, 2018, there is now adequate time to notify bankruptcy trustees. ECF No. 306 at 7. Defendant insists it is entitled to Federal Rule of Civil

1  Procedure 17(a)'s protection against being held liable twice for the same damages

2  – once to the current class members and again to his or her bankruptcy trustee.  *Id.*

3      Plaintiff responds that notice to bankruptcy trustees is unnecessary.  ECF

4  No. 317 at 5.  Plaintiff argues that there is little risk of Nationstar being held liable

5  twice for the same damages because the doctrines of collateral estoppel and res

6  judicata apply.  *Id.* at 5-6.

7      Plaintiff notes that if the Court orders notice to bankruptcy trustees, the

8  Court should first direct Nationstar to ensure the accuracy of its data.  *Id.* at 6.

9  Plaintiff asserts that she found 31 lock changes that occurred after the date of

10  dismissal of the Class member's bankruptcy in Nationstar's bankruptcy data, and

11  these Class members should not be included.  *Id.*  Plaintiff also alleges that a Class

12  member's cause of action against Nationstar may not have become part of the

13  bankruptcy estate if it accrued after she filed her bankruptcy petition.  *Id.*; *see*

14  *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008).

15  Plaintiff argues that Nationstar cannot presume that the trustee is the real party in

16  interest for every Class member who filed bankruptcy.  ECF No. 317 at 7.

17      The Court disagrees that notice is unnecessary.  As the Court previously

18  determined, the bankruptcy trustee is the proper party in interest and is the only

19  party with standing to sue on behalf of the estate.  ECF No. 262 at 10-11; *see*

20  *Estate of Spirtos v. One San Bernardino Cty. Superior Court Case Numbered SPR*

*02211*, 443 F.3d 1172, 1176 (9th Cir. 2006); *see also Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). Each bankruptcy trustee is the "real party in interest" and should be notified under Rule 17. *See* Fed. R. Civ. P. 17(a).

## B. Inaction

Defendant argues that the claims of those who take no action before the deadline should be dismissed without prejudice. ECF No. 306 at 8; *Keulbs v. Hill*, 615 F.3d 1037 (8th Cir. 2010).[1] Plaintiff contends that Defendant's request is contrary to established class action case law. ECF No. 317 at 7. "The default rule in class actions is that a class member is included in the class unless she excludes herself; a court cannot, therefore, adopt the reverse rule—that only class members who include themselves are part of the class." William B. Rubenstein, 3 Newberg on Class Actions § 9:48 (5th ed. 2017). Rule 23 is "an opt-out, not an opt-in, procedure." *Id.*

Defendant responds that only a real party in interest may sue and this class action cannot proceed on behalf of Class members who do not own the claims sued upon and lack standing to sue. ECF No. 323 at 7. Defendant argues that Rule 23's

[1] The Court agrees with Plaintiff that *Keulbs v. Hill* is distinguishable because the case involved a single plaintiff who became incompetent. *See* ECF No. 317 at 7; *see also Keulbs*, 615 F.3d at 1042-43.

default rule does not apply or countermand Rule 17(a)(3)'s requirement of an affirmative act by the real party in interest. *Id.* at 8. Defendant insists that bankruptcy trustees do not fit within the class definition and they are not Class members. *Id.* Rather, the trustees are entitled to notice under Rule 17(a)(3) so that they may take an affirmative act to "ratify, join or substitute" in this action, but silence is not sufficient. *Id.*

The Court finds that as bankruptcy trustees are the real parties in interest, the Court cannot find their potential silence justifies exclusion. The default rule of opt-in is preferable to ensure that class members and their trustees are not unnecessarily dismissed from this action. The Court cannot adopt a rule excluding class members because of their silence and thus the Court finds that it should also not exclude the real parties in interest because of their silence. *See* 3 Newberg on Class Actions § 9:48. Accordingly, the Court determines that a bankruptcy trustee who does not take action before the deadline ratifies the action, which then continues in the name of the Class member. The trustee can exclude himself or herself from the action only by filing a notice or motion to opt out.

### C. Chapter 13 Bankruptcy Trustees

Defendant also requests notice be sent to Chapter 13 bankruptcy trustees. ECF No. 306 at 6 n.1. Defendant asserts that trustees of Chapter 13 bankruptcies are also the real parties in interest when the debtor did not list the claim in his or

her bankruptcy schedules or treat the claim in the Chapter 13 plan. *Id.* Defendant thus argues that when the claim is not treated in the plan, the Chapter 13 trustee alone has standing to prosecute it and so should also be sent notice. *Id.* Plaintiff does not address this issue. *See* ECF No. 317.

A Chapter 13 debtor-in-possession has concurrent standing with the bankruptcy trustee to pursue claims on behalf of the estate. *See Calvin v. Potter*, No. 07 C 3056, 2009 WL 2588884, at *3 (N.D. Ill. Aug., 20, 2009) (citing Fed. R. Bankr. P. 6009); *see also Donato v. Metro. Life Ins. Co.*, 230 B.R. 418, 425 (N.D. Cal. 1999) ("Section 1303 vests in a Chapter 13 debtor certain rights and powers over the assets of the estate to the exclusion of the trustee …. Congress intended that a Chapter 13 debtor possess the nonexclusive capacity to litigate lawsuits on his or her own behalf."); *see also Gaudin v. Mortg. Services, Inc.*, 820 F. Supp. 2d 1051, 1052 (E.D. Cal. 2011) ("Chapter 13 debtor, unlike a Chapter 7 debtor, has standing …") (quoting *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515 (2d Cir. 1998)).

In *Calvin v. Potter*, the Northern District of Illinois found that while a Chapter 13 debtor-in-possession would have standing to bring a claim on behalf of or for the benefit of her estate, the plaintiff's misrepresentations in her bankruptcy proceedings demonstrate that she is not bringing her claim on behalf of or for the benefit of her bankruptcy estate. 2009 WL 2588884, at *3. A Chapter 13 debtor

lacks standing to pursue a legal claim where he or she failed to list the claim on the schedule of assets and liability.[2] *Id.* (citation omitted).

The Ninth Circuit has also ruled that where a debtor fails to amend his schedules or disclose statements to identify the cause of action, he is barred from proceeding in the cause of action. *Benetatos v. Hellenic Republic*, 371 F. App'x 770, 771 (9th Cir. 2010) (citation omitted); *see also Balthrope v. Garcia-Mitchell*, No. 2:09-CV-1013FCDJFMPS, 2010 WL 430840, at *3 (E.D. Cal. Feb. 1, 2010) ("[T]he continuing duty to disclose, which is necessary to the integrity of the bankruptcy system, prevents him from proceeding on a cause of action which is the property of the bankruptcy estate.").

---

[2]     *See King v. Indiana Harbor Belt R.R. Co.*, No. 2:15-CV-245 JD, 2018 WL 1566821, at * 3 (N.D. Ind. Mar. 30, 2018) ("Where … a Chapter 13 debtor has not disclosed legal claims in his bankruptcy proceeding, he cannot claim to be bringing them for the benefit of his estate); *see also Cowling v. Rolls Royce Corp.*, No. 1:11-CV-01719-JMS, 2012 WL 4762143, at *4 (S.D. Ind. Oct. 5, 2012) ("[W]hen … the debtor *has not* disclosed a pending lawsuit in his bankruptcy proceeding, that standing is lacking.") (emphasis in original).

In considering the above case law and Plaintiff's silence on this issue, the Court finds that if any Class members are Chapter 13 debtors-in-possession and did not disclose the legal claim in their bankruptcy proceeding or plan, then the trustee has standing and must be notified.

**B. Proposed Notice**

Rule 23(c)(2) requires that the Court "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed R. Civ. P. 23(c)(2)(B). The best notice practicable is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The notice must "clearly and concisely state in plain, easily understood language" the following: (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues, or defenses; (4) each class member's option to enter an appearance through an attorney; (5) each class member's option to be excluded from the class action, upon request; (6) the time and manner for requesting exclusion; and (7) the binding effect of the class judgment on members. Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

Having reviewed the proposed notice (ECF No. 309-1 (Ex. A)), the Court

finds that such notice, with slight revision, will satisfy the requirements of Rule 23(c)(2)(B). The notice itself is written in plain language that advises bankruptcy trustees of their rights in a clear and concise manner. The Court cautions Defendant to ensure the accuracy of the data supplied to Plaintiffs and that it includes the proper Class members. Ultimately however, it is Plaintiffs obligation to sift through that data and compare it with publically available Bankruptcy Court records, determine whether the timing of the lock change and bankruptcy proceeding render the trustee the real party in interest, and determine the appropriate trustee to be noticed.

The Court approves the revised bankruptcy trustee notice in substantially the same form as attached hereto. Plaintiff may correct any typographical, spelling, telephone number, and address information without further order of the Court.

Defendant proposes that the Court set June 15, 2018 as the deadline for trustees to ratify, join, or be substituted. ECF No. 306 at 8. This deadline allows trustees more than 30 days from the mailing of the notice while still permitting the case to proceed to trial as scheduled on July 30, 2018. *See id.* Plaintiff does not object to this timeline. *See* ECF No. 317 at 6-7. The Court accepts the deadline of June 15, 2015.

Accordingly, the Court approves the revised notice for Chapters 7 and 13 bankruptcy trustees and **directs it be promptly issued**.

## II.    New Class Notice

Under Federal Rule of Civil Procedure 23(d)(1)(B), a court "may issue orders that … require—to protect class members and fairly conduct the action— giving appropriate notice to some or all class members …"  Fed. R. Civ. P. 23(d)(1)(B).  These notices may regard "any step in the action" or "the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action."  Fed. R. Civ. P. 23(d)(1)(B)(i) and (iii).  The Rule has been invoked when there is "newly relevant information that may materially affect [class members'] decision to opt out."  William B. Rubenstein, 3 Newberg on Class Actions § 8:26 (5th ed. 2017).

Here, Defendant argues that recent developments in *Bund v. Safeguard Properties, LLC*, No. 2:16-CV-0920-MJP have generated a potential for intra-class conflicts so that new class notice is required to give a new opportunity to opt out. ECF No. 306 at 9.  The same counsel for Plaintiff here filed *Bund*, which is currently pending in the Western District of Washington.  *Id.*  Nationstar hired Safeguard to conduct lock changes and other property preservation activities on the properties of approximately half of the class members in this case.  *Id.* at 10.  The class was certified in that case on January 12, 2018.  *Id.*  There could be up to 1,672 overlapping Class members.  308 at ¶ 4.  The rest of the Class members in

this case are not *Bund* class members because Nationstar hired other vendors to perform property preservation activities on their properties. ECF No. 306 at 10.

Defendant insists that settlement is now more difficult because Plaintiff can no longer agree to a release of claims against any party that might seek indemnity from the Defendant because such a release would breach their fiduciary duty to the *Bund* class members. ECF Nos. 306 at 11; 323 at 9, 11. Defendant argues if either case is settled, an intra-class conflict will arise as to the distribution of settlement proceeds among Class members. ECF No. 306 at 12. Defendant asserts that if the preliminary injunction in *Bund* is granted, it would affect the rights of Class members here and create added intra-class conflicts. *Id.* at 13. Defendant also contends that if the case here proceeds to trial, any judgment this Court enters will collaterally estop dual class members in *Bund*, fixing the amount of the reasonable rental value damages they may recover from Safeguard as well as Nationstar. *Id.*

Plaintiff responds that a second class notice is unnecessary and will only cause confusion. ECF No. 317 at 7. Plaintiff cites that "it is not uncommon to find pending simultaneously in different federal or state courts a number of individual suits and class actions based on the same events and transactions." ECF No. 317 at 8 (quoting 3 Newberg § 10:33). Plaintiff asserts that Nationstar and Safeguard are jointly and severally liable to the overlapping class members. *Id.*; RCW 4.22.070(1)(b). Nationstar and Safeguard's concern on double recovery is not

persuasive where this risk can be easily addressed by providing the defendant with an offset against any recovery that the overlapping Class members obtain in their litigation. ECF No. 317 at 8-9; *Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*, No. 15-CV-6314-YGR, 2017 WL 1806583, at *8 (N.D. Cal. May 5, 2017). Plaintiff argues that courts are experienced in apportioning damages among defendants and applying offsets, and there is nothing unique about doing so in this case should the need arise. ECF No. 317 at 9.

Plaintiff insists that it is not uncommon for some class members to recover more than others because their damages are greater or because their claims are stronger. *Id.* Plaintiff states that it is too soon to speculate about how a damages award or settlement fund would be distributed, but this Court and the *Bund* court will oversee any distributions and ensure that they are fair to all class members. *Id.* Plaintiff also notes that should Nationstar's argument regarding collateral estoppel apply, there is nothing unfair or remarkable about application of this doctrine to the determination of damages for Class members who have had a full and fair opportunity to litigate the issue in this case. *Id.* at 10.

In regards to settlement, Plaintiff contends that settlement with some but not all liable parties is a regular occurrence in individual and class cases, and courts and counsel are experienced in addressing this issue. *Id.*; *see* 4 Newberg § 13:24. Plaintiff states that settlement agreements can include provisions protecting non-

settling defendants' rights when their contribution and indemnity claims are released. ECF No. 317 at 10.

As to the *Bund* preliminary injunction motion, Plaintiff agrees that some class members' damages may cease to accrue, but the amount of every class members' damages is in part a function of how long the class member was wrongfully dispossessed of his or her home. *Id.* at 11-12. Defendant emphasizes that the preliminary injunction motion in *Bund* does not only stop future lock changes, but also requires Safeguard to notify borrowers who already had locks changed but still own their properties of their right to exclusive possession and offer to provide them sole and exclusive access to their properties. ECF No. 323 at 12.

Defendant insists that Plaintiff tries to minimize the effect that a judgment in this action or *Bund* will have on class members in the other case. *Id.* Defendant argues that "Class members are entitled to the opportunity to make an informed decision on their own whether they wish to continue to participate in this suit given the potential problems and conflicts created by the attorneys' involvement in *Bund.*" *Id.* at 13.

The Court finds that sending a second class notice would unnecessarily cause confusion among the Class members. A second notice is not required to protect Class members or fairly conduct the action. Multiple class actions in

separate jurisdictions are not uncommon.  3 Newberg § 10:33.  The Court finds

that any alleged conflicts may easily be dealt with by the Courts and counsel upon

judgment or settlement.  The risk of double recovery can be dealt with through

properly apportioning damages and applying offsets.  Settlement is not

"considerably more difficult" to the extent that it requires a second notice.  *See*

ECF No. 306 at 11.  Any settlement issues can be dealt with through the parties

and Court.

The possible preliminary injunction in *Bund* also does not require a second

notice where the injunction is only applicable in *Bund* because Safeguard allegedly

continued to change locks after the Washington Supreme Court's decision, unlike

Nationstar.  *See* ECF Nos. 317 at 12; 307-3 at 2-5.  This Court and the court in

*Bund* may address any concerns about the accrual of reasonable rental value

damages and Plaintiff agrees that every Class member's damages is in part a

function of how long the Class member was wrongfully dispossessed of his or her

home.  *See* ECF Nos. 306 at 13 n.6; 317 at 11-12.

The Court finds that Defendant fails to establish intra-class conflicts that are

severe enough to warrant a second notice to Class members.  The Court and

counsel may resolve any concerns regarding how to properly apportion damages

and settlement is still possible under these circumstances.  Additionally, the Court

finds that any concerns over conflict is outweighed by confusion to the Class

members and the Court is not persuaded that the confusion can be overcome by the parties working together to craft a notice that better informs the Class members. *See* ECF No. 323 at 13.

After reviewing the proposed second notice (ECF No. 309-1 (Ex. B)), the Court finds that Class members may not know if the notice even applies to them and if they are affected by the *Bund* case. The notice fails to explain how a Class member may determine if *Bund* individually applies to him or her. The legal rights and options section also encourages Class members to opt out of the action here, making them fearful that they are giving up legal rights that they do not even know if they possess. ECF No. 309-1 at 3. The notice also incorrectly emphasizes that settlement is more difficult, but this is not necessarily the case. *Id.* at 4. The notice states that persons who are members in both actions may be bound by adverse rulings, but this statement conflicts with Defendant's argument regarding res judicata and collateral estoppel. *Id.* The notice overemphasizes the issue of a preliminary injunction in *Bund*, as previously discussed above. *Id.*

Considering the confusing and potentially incorrect language in the proposed notice that likely cannot be overcome, the Court finds that Class members would suffer rather than benefit from sending a second notice. A second notice would create more questions and uncertainty than provide clarity. Accordingly, the Court denies Defendant's request directing renewed class notice concerning *Bund*.

### III.    Payment of Costs

Plaintiff requests that if the Court decides notice is necessary, Defendant should pay for the costs. ECF No. 317 at 14. The Ninth Circuit found a "general principle that 'interim litigations costs, including class notice costs, may be shifted to defendant after plaintiff's showing of some success on the merits, whether by preliminary injunction, partial summary judgment, or other procedure.'" *Hunt v. Imperial Merchant Servs., Inc.*, 560 F.3d 1137, 1143 (9th Cir. 2009) (quoting 4 Newberg § 8:6). "[T]he district courts are not required in all cases to shift notice costs but instead may consider the totality of circumstances to decide whether shifting notice costs is just in that particular case. *Id.* at 1144.

Here, Plaintiff argues the Court ruled that the Class established liability on its common law trespass and WCPA claims for every Class member whose lock Nationstar changed prior to foreclosure, short sale, cure of the default, or other disposal of the property by the class member. ECF Nos. 317 at 15-16; 262.

Defendant responds that the "totality of circumstances" weighs against shifting notice costs. ECF No. 323 at 14. Defendant argues that Plaintiff defined the Class in a way that wrongly roped in borrowers who no longer own the claims sued upon due to their bankruptcy filings. *Id.* The Court does not consider Defendant's arguments regarding why Plaintiff should pay for the cost of new class notices, as the Court previously denied Defendant's request for these notices.

1 | *See id.* at 14-15.

2 |      The Court is not persuaded that the totality of circumstances weighs against

3 | this cost shifting and that Plaintiff wrongly defined the class. Plaintiff has

4 | established the merits of her claim through partial summary judgment and the

5 | Court finds that the costs for sending notices to the bankruptcy trustees should be

6 | shifted to Defendant. *See* ECF No. 262. Accordingly, the Court orders Defendant

7 | to pay the cost of bankruptcy notice; printing, paper, and postage.

8 | **ACCORDINGLY, IT IS HEREBY ORDERED:**

9 |     1. Defendant's Motion for Order Directing Renewed Class Notice, Notice

10 |       to Bankruptcy Trustees and New Opt In/Out Period (ECF No. 306) is

11 |       **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED**

12 |       insofar as it relates to notice to bankruptcy trustees, which **shall**

13 |       **promptly be issued**. The Motion is **DENIED** insofar as it relates to

14 |       renewed class notice and new opt out/in period.

15 |     2. Defendant is ordered to pay the costs of the bankruptcy trustee notice.

16 |     The District Court Executive is directed to enter this Order and furnish

17 | copies to counsel.

18 |     **DATED** April 26, 2018.

19 |

20 |                 THOMAS O. RICE
              Chief United States District Judge

## NOTICE TO BANKRUPTCY TRUSTEES RE CLASS ACTION

### PLEASE READ THIS NOTICE CAREFULLY.

*A court authorized this notice. This is not a solicitation from a lawyer.*

**This Notice concerns a Class Action entitled**
***Laura Zamora Jordan v. Nationstar Mortgage, LLC,***
**No. 2:14-cv-00175 TOR in the United States District Court**
**for the Eastern District of Washington ("the Action")**

**You served as a Chapter 7 or Chapter 13 Trustee for one or more of the**
**Members of the Plaintiff Class in the Action,**
**and their claim(s) may belong to their bankruptcy estate(s).**

**You must decide whether to ratify, join or be**
**substituted into this Action.**

- Plaintiff sued Nationstar Mortgage, LLC, for trespass, statutory trespass, and violation of the Washington Consumer Protection Act.
- The Court has allowed the lawsuit to be a class action on behalf of all Washington homeowners who owned real property in Washington during any time since April 3, 2008 that was subject to a deed of trust or mortgage serviced or held by Nationstar Mortgage, LLC and had their property entered upon by Nationstar or their agents to change locks, winterize, or post notices on the property and were charged a fee relating to a property inspection, lock change, or other property service.
- The Court has granted plaintiffs partial summary judgment but found that some class members do not own the claims sued upon because their claims accrued before they filed Chapter 7 or 13 bankruptcy petitions.
- This notice is being sent to those class members' bankruptcy trustees so they may ratify, join or be substituted in the Action as the real parties in interest on those claims.
- There is no money available now, and no guarantee there ever will be. However, the legal rights of class members' bankruptcy estates are affected, and you have a choice to make now:

| Your Legal Rights and Options in This Lawsuit ||
|---|---|
| Do Nothing | The Action is ratified and it will continue in the name of the class member for whom you acted as bankruptcy trustee. You may need to take additional action in the bankruptcy court to determine whether any benefits of this action will be paid to you on behalf of the bankruptcy estate or to the class member. |
| Exclude, Join, or Substitute in | You may file a notice to be exluded from the Action or a motion seeking to join, or substitute in place of the class member(s) for whom you acted as bankruptcy trustee. |

6410090.1

- Your options are explained in this notice. To be excluded, join or be substituted in, you must act before June 15, 2018.
- Lawyers must prove the claims against Nationstar at the trial that is set for July 30, 2018.
- **Any questions? Contact Jeffers, Danielson, Sonn & Aylward, P.S. at (509) 662-3685.**

## BASIC INFORMATION

### 1. Why did I get this notice?

Bankruptcy court records show that you were appointed a Chapter 7 or Chapter 13 bankruptcy trustee for a person who is a member of the certified class in this action and Nationstar's records show that the class member's claims may have accrued by Nationstar's changing the lock on the class member's house before he or she filed the Chapter 7 or 13 petition.

The following chart shows the pertinent information regarding class members' bankruptcy proceedings in which you served as a bankruptcy trustee.

| Bankruptcy Ct. | Proceeding No. | Debtor Name(s) | Lock Change Date |
|---|---|---|---|

### 2. What is this lawsuit about?

The Action is about whether Nationstar's practices with respect to inspecting, entering, changing locks on borrowers' homes, maintaining a lock box on borrowers' homes, or performing winterization or other services on borrowers' homes after default but prior to completion of a foreclosure violate Washington law.

### 3. How much are class members' claimed damages?

Class members claim three types of damages (1) harm to their property from changing a lock, (2) property preservation fees they were charged, and (3) reasonable rental value of their properties from the date the lock was changed until completion of foreclosure. The total damages sought for an individual class member varies from about $25 to over $150,000. To learn the amount of damages sought on behalf of the debtor(s) listed above, contact Jeffers, Danielson, Sonn & Aylward, P.S. at (509) 662-3685.

### 4. What is the current status of the lawsuit?

The Court has decided that the Action can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.
The Court has also granted plaintiffs partial summary judgment on their claims for trespass and for violation of the Consumer Protection Act.
A trial on the remaining issues in the case is scheduled to begin on July 30, 2018.

## 5. What rulings has the Court made regarding bankruptcies?

The Court has ruled that if a class member's claim accrued before a class member filed a bankruptcy petition, the claim belongs to the class member's bankruptcy estate unless the claim was abandoned or administered.

The Court has also ruled that a bankruptcy trustee is the only party with standing to prosecute causes of action belonging to a bankruptcy estate.

Finally, the Court held that claims of class members who filed bankruptcy petitions could not be dismissed until their bankruptcy trustees were notified and allowed a reasonable time to ratify, join or substitute into the action.

## 6. Is there any money available now?

No money or benefits are available now. The parties have not yet settled the case. Trial is scheduled to begin on July 30, 2018. There is no guarantee that money or benefits ever will be obtained.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to ratify, join or be substituted into the action, and you have to decide this now.

## 7. What happens if I do nothing at all?

If you do nothing now, the Action will continue in the name of the class member(s) for whom you served as bankruptcy trustee. You may need to take additional action in the bankruptcy court to determine whether any benefits of this action will be paid to you on behalf of the bankruptcy estate or to the class member.

## 8. What must I do to be excluded or actively participate in the Action?

You may be excluded from the Action by sending a notice to be excluded to Terrell Marshall Law Group, 936 N. 34th Street, Suite 300, Seattle, WA 98103.

You may seek to join or be substituted into this Action in place of the class member by filing a motion seeking that relief. The motion must be filed in the Action. You may need to take additional action in the bankruptcy court to determine whether any benefits of the Action will be paid to you on behalf of the bankruptcy estate or to the class member. If the class member's bankruptcy case has been closed, you may also have to move the bankruptcy court to reopen the case to allow you to act on behalf of the bankrupt estate.

## 9. What is the deadline for taking action?

You must send notice to be excluded from this Action or file a motion to join or be substituted on or before June 15, 2018.

6410090.1

| **10.** | **Which lawyers represent the plaintiff class?** |
|---|---|

The Court decided that the law firms of Jeffers, Danielson, Sonn & Aylward, P.S. of Wenatchee, WA, Daudt Law, PLLC, of Seattle, WA, and Terrell Marshall Law Group, PLLC of Seattle, WA, are qualified to represent the plaintiff class members. These law firms are referred to as "Class Counsel."

| **11.** | **Should I get my own lawyer?** |
|---|---|

If you ratify (approve) prosecution of the Action in the class member's name, Class Counsel will represent the class member. You will need to hire a lawyer at your own expense if you decide to file a motion to join or be substituted in the Action.

| **12.** | **How will Class Counsel be paid?** |
|---|---|

If Class Counsel gets money or benefits for the Class, they will ask the Court for fees and expenses. If the Court grants Class Counsel's request, the fees and expenses will be deducted from any money obtained for the Class or will be paid separately by Nationstar.

## THE TRIAL

The Court has scheduled a trial for July 30, 2018 to decide who is right in this case.

| **13.** | **How and when will the Court decide who is right?** |
|---|---|

Unless the Action is resolved by a settlement, Class Counsel will have to prove Plaintiffs' claims at trial. During the trial, the Judge will hear all of the evidence to help him decide whether Plaintiffs or Defendant are right about the claims in the lawsuit. There is no guarantee that Plaintiffs will win, or that they will get any money for the Class.

| **14.** | **Do I have to come to the trial?** |
|---|---|

You do not need to attend the trial. Class Counsel will present the case for the Plaintiffs, and Nationstar will present the defenses. You or your own lawyer are welcome to come at your own expense.

## GETTING MORE INFORMATION

| **15.** | **Are more details available?** |
|---|---|

For more information, you may speak to one of the lawyers by calling 1-855-349-7023, or by writing to the lawyers at the following address: Terrell Marshall Law Group, PLLC, 936 N. 34th Street, Suite 300, Seattle, WA 98103.

6410090.1